UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

HEIDI SEEKAMP, On Behalf of Herself and
All Others Similarly Situated,
                                    Plaintiff,

v.                                                      No. 09-CV-18
                                                          (LEK/DRH)

FUCCILLO LINCOLN MERCURY HYUNDAI,
INC.; UNIVERSAL AUTOMOTIVE SERVICES,
INC.; and IT'S HUGE, INC., also known as
Fuccillo Automotive Group, Inc.,
                                    Defendants.

---

**APPEARANCES:**                                   **OF COUNSEL:**

LEMBERG & ASSOCIATES, LLC          SERGEI LEMBERG, ESQ.
Attorney for Plaintiff
1100 Summer Street
Stamford, Connecticut 06905

MARTIN MUSHKIN, ESQ.
Attorney for Plaintiff
1100 Summer Street
Stamford, Connecticut 06905

GREENBERG TRAURIG                     WILLIAM A. HURST, ESQ.
Attorney for Defendants
6th Floor
54 State Street
Albany, New York 12207

ROEMER, WALLENS GOLD, &             MATTHEW J. KELLY, ESQ.
   MINEAUX LLP
Attorney for Defendants
13 Columbia Circle
Albany, New York 12203

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

## MEMORANDUM-DECISION AND ORDER

    Presently pending is the motion of plaintiff Heidi Seekamp ("Seekamp") for an order

granting her leave to file an amended complaint pursuant to Fed. R. Civ. P. 15(a)(2), 20, and 21.  Dkt. No. 41.  Defendants Fuccillo Lincoln Mercury Hyundai, Inc. and It's Huge, Inc. (collectively "Fuccillo") oppose the motion.  Dkt. No. 45.[1]  For the reasons which follow, Seekamp's motion is granted in part and denied in part.

## I. Background

The facts are related herein in the light most favorable to Seekamp.  See subsection II(A) infra.

Fuccillo owns and operates multiple automobile dealerships in upstate New York with all dealerships owned or controlled by defendant It's Huge, Inc.  Proposed Am. Compl. (Dkt. No. 41-2) at ¶¶ 19-21.  All are New York corporations.  Id.  Defendant Universal Automotive Services, Inc. ("Universal") is a New Jersey corporation.  Id. at ¶ 23.  Fuccillo and their dealerships offered as part of their automobile sales an anti-theft product called the ETCH Auto Theft Security Discount Guarantee ("ETCH ATSD").  Id. at ¶ 1.  The ETCH ATSD involved affixing a unique identifier, such as the vehicle identification number (VIN), on each window of an automobile to deter theft and facilitate recovery if an automobile was stolen. Id. at ¶ 2.  If a consumer purchased the product with the purchase of an automobile, the consumer was entitled to an indemnity if the automobile was stolen and not recovered or, if recovered, damaged beyond repair.  Id. at ¶ 4.  Universal sold, administered, and guaranteed indemnity for all ETCH ATSD products sold by Fuccillo and its dealerships.  Id. at ¶ 23.

---

[1] Defendant Universal Automotive Services, Inc. has defaulted.  Dkt. No. 13.

Seekamp resides in Latham, Albany County, New York. Proposed Am. Compl. at ¶ 18. On June 12, 2007, she purchased a Hyundai Elantra from a Fuccillo dealership. Id. at ¶ 25. Fuccillo advised Seekamp that the purchase of the ETCH ATSD was required as part of the purchase and she purchased the product for $295.OO as part of the transaction. Id. at ¶¶ 26, 28. On behalf of herself and a class of other ETCH ATSD purchasers, Seekamp contends that Fuccillo misrepresented material facts in the sale, the product was of no benefit to the purchasers, and the ETCH ATSD was a policy of insurance never approved as required by the New York State Department of Insurance rather than a warranty as represented by Fuccillo. Id. at ¶¶ 25-39.

Seekamp commenced this action on January 7, 2009. Dkt. No. 1. Fuccillo moved to dismiss, but the motion was denied. Dkt. No. 20 ("MDO"). Fuccillo answered. Dkt. No. 23. The instant motion followed on September 2, 2010.

## II. Discussion

Seekamp's original complaint asserted seven causes of action against the three above-captioned defendants as follows:

| Count | Description |
|---|---|
| 1 | Deceptive practices in violation of N.Y. Gen. Bus. Law § 349. |
| 2 | Consumer fraud. |
| 3 | Breach of contract. |
| 4 | Breach of warranty in violation of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 et seq. |
| 5 | Breach of fiduciary duty by Fuccillo. |

6          Unjust enrichment.

7          Violation of the Truth in Lending Act (TILA), 15 U.S.C. § 1601 et seq.

Compl. (Dkt. No. 1) at ¶¶ 46-86.  By this motion, Seekamp seeks to add additional Fuccillo dealerships as defendants,[2] allege the claims in a different order, add claims alleging illegal contracts and violation of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961, and add and clarify certain allegations.  Proposed Am. Compl. at ¶¶ 51-102.[3]

### A. Legal Standard

Under Fed. R. Civ. P. 15(a), a court should grant leave to amend "freely . . . when justice so requires."  A court must examine whether there has been undue delay, bad faith, or dilatory motive by the moving party.  Evans v. Syracuse City Sch. Dist., 704 F.2d 44, 46 (2d Cir. 1983) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).  A court must also

---

[2] In the proposed amended complaint, Seekamp identifies ten additional defendants as Fuccillo Chrysler Jeep Dodge of Amsterdam, Inc.; Fuccillo Ford, Inc.; Fuccillo Dodge Chrysler Jeep, Inc.; Fuccillo Imports, Inc.; Fuccillo Auto World, Inc.; Fuccillo Buick Pontiac GMC, Inc.; Fuccillo Chevrolet of Nelliston, Inc.; Fuccillo Hyundai of Syracuse, Inc.; Fuccillo Hyundai of Greece, Inc.; and Fuccillo Ford of Seneca Falls, Inc.  Proposed Am. Compl. at 1.  By letter dated December 3, 2010, Seekamp moved to amend her motion to add as additional proposed defendants Fuccillo Chevrolet Olds Pontiac Buick, Inc.; Fuccillo Chevrolet, Inc.; Fuccillo Chrysler of Nelliston, Inc.; Fuccillo Enterprises of East Greenbush, Inc.; Fuccillo Enterprises, Inc.; Fuccillo Ford of East Greenbush, Inc.; Fuccillo Ford of Nelliston, Inc.; and Fuccillo Pontiac Buick, Inc.  Dkt. No. 50.  Fuccillo has not offered any reason why Seekamp's motion should not be granted.  See Dkt. No. 52.  Accordingly, for good cause shown, Seekamp's motion to amend her present motion to add these eight Fuccillo entities as proposed defendants (Dkt. No. 50) is granted.  Seekamp's motion thus seeks to add a total of eighteen Fuccillo-related entities as defendants.

[3] It also appears that the proposed amended complaint would delete the claim in the original complaint's fourth cause of action for breach of warranty under the Magnuson-Moss Warranty Act.

4

examine whether there will be prejudice to the opposing party.  See, e.g., Ansam Assocs. Inc. v. Cola Petroleum, Ltd., 760 F.2d 442, 446 (2d Cir. 1985) (permitting proposed amendment would be especially prejudicial once discovery was completed and a summary judgment motion filed).  Finally, where it appears that granting leave to amend is likely to be futile, it is not an abuse of discretion to deny leave to amend.  Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir. 1993) (citations omitted).

  Here, Fuccillo opposes Seekamp's motion principally on the ground that the proposed additional causes of action would be futile.  Amending a complaint is futile where the proposed amendment does not cure the deficiencies in the original complaint, Acito v. Imcera Group, Inc., 47 F.3d 47, 55 (2d Cir. 1995), or it would not survive a motion to dismiss.  Ricciuti v. N.Y.C. Transit Auth., 941 F.2d 119, 123 (2d Cir. 1991).  Therefore, to determine whether the proposed amendment is futile, a court must apply "the same analysis as that applied on a motion to dismiss" under Fed. R. Civ. P. 12(b)(6).  Stetz v. Reeher Enterprises, Inc., 70 F. Supp. 2d 119, 121 (N.D.N.Y. 1999).

  Rule 12(b)(6) authorizes dismissal of a complaint that states no actionable claim.  When considering a motion to dismiss, "a court must accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant." Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir. 1994).  However, this "tenet . . . is inapplicable to legal conclusions[; thus, t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007) (holding that "entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action ... . [as] courts are not bound to

accept as true a legal conclusion couched as a factual allegation.")).

Moreover, where, as here, new defendants are sought to be added, a court must also look to Fed. R. Civ. P. 21. Rule 21 states that a party may be added to an action "at any stage of the action and on such terms as are just." Rule 21 is "intended to permit the bringing in of a person, who through inadvertence, mistake or for some other reason, had not been made a party and whose presence as a party is later found necessary or desirable." United States v. Commercial Bk. of N.A., 31 F.R.D. 133, 135 (S.D.N.Y. 1962) (internal quotation marks omitted). The addition of parties under Rule 21 is also guided by the same liberal standard applicable to a motion to amend under Rule 15. Chilstead Fair Housing Dev. Fund Corp. v. Burke, 55 F.R.D. 414, 419 (E.D.N.Y. 1972).

### B. TILA Claim

Fuccillo contends that Seekamp's TILA claim in Count VII of the porposed amended complaint is futile as barred by the applicable statute of limitations. Defs. Mem. of Law (Dkt. No. 45) at 2-7. According to Fuccillo, the one-year statute of limitations commenced to run on June 12, 2007 when, according to the proposed amended complaint, Seekamp purchased the ETCH ATSD. Id. This action was commenced on January 7, 2009. Dkt. No. 1. Therefore, Fuccillo argues, the action was commenced almost six months after the TILA statute of limitations had expired.

Whether Seekamp's TILA claim may proceed at this stage thus depends on whether equitable tolling may apply. Seekamp bears the burden of alleging facts sufficient to determine that equitable tolling applies. Futterman v. Washington Mut. Bank, FA, No. 1:10-

6

CV-01002 (LEK/DRH), 2010 WL 5067650, at *2 (N.D.N.Y. Dec. 6, 2010) (Kahn, J.) (citing Chapman v. ChoiceCare Long Island Term Disability Plan, 288 F.3d 506, 512 (2d Cir. 2002)).  Equitable tolling is available only in those rare circumstances where a party is prevented from filing a timely claim by "affirmative acts of concealment by the defendant over and above any alleged non-disclosure that forms the basis of her claims."  Id. (citing Zamito v. Patrick Pontiac, Inc., No. 07-CV-6241, 2008 WL 3930502, at *4 (W.D.N.Y. Aug. 21, 2008). Fraudulent conduct by a defendant beyond the nondisclosure itself is required. Id.

Here, Seekamp relies on allegations in the proposed amended complaint that Fuccillo "marketed and sold ETCH ATSDs as warranties . . . , sold ETCH ATSDs without intending to confer promised benefits . . . , concealed its sale of ETCH ATSD from the credit grantor . . . , and concealed various material facts concerning ETCH ATSDs from the consuming public. . . ."  Pl. Reply Mem. of Law (Dkt. No. 48) at 3; Proposed Am. Compl. at ¶ 3, 6, 23-32, 44-56, 88.  A review of the allegations in the proposed amended complaint and, in particular, those cited by Seekamp in response to Fuccillo's motion reveals that all such factual allegations concern concealment, fraud, and misrepresentation occurring at the time of the sale of the car and the ETCH ATSD to Seekamp.  No facts are alleged to have occurred during or after the sale from which it could be found that Fuccillo took any action to conceal from Seekamp her right to bring the TILA claim.

The district court emphasized in Futterman that allegations of such post-fraud conduct are necessary to defeat dismissal of a TILA claim brought, as here, more than one year after the claim accrued.  In Futterman, the plaintiff alleged that the defendant bank fraudulently induced her to enter into a loan and sought recovery under, inter alia, TILA.

7

The bank moved to dismiss on the ground, among others, that the plaintiff had filed the TILA claim after the statute of limitations had expired and that the plaintiff had alleged no facts in her complaint which would give rise to equitable tolling of the limitations period. In granting the bank's motion, the district court held that

> In a TILA . . case, equitable tolling will not be applied unless the plaintiff alleges affirmative acts of concealment by the defendant over and above any alleged non-disclosure that forms the basis of her claims. . . .Indeed, the courts have held uniformly that fraudulent conduct beyond the nondisclosure itself is necessary to equitably toll the running of the statute of limitations. . . . This rule is intended to avoid rendering the statute of limitations meaningless. If nondisclosure tolled the statute of limitations for a claim brought based on nondisclosure, the statute of limitations would have no effect. . . . . . Therefore, in addition to any alleged fraudulent acts which give rise to the underlying cause of action, the plaintiff must identify some trick or contrivance intended to exclude suspicion and prevent inquiry. . . .  Plaintiff must show this trick or contrivance was designed to mask the existence of [the plaintiffs] cause of action. . . . Otherwise, for the Court to toll the statute of limitations would be an inappropriate effort to circumvent the statute of limitations that was imposed by Congress.

Futterman, 2010 WL 5067650, at *2 (internal quotation marks and citations omitted).

As in Futterman and cases cited therein, there is a complete absence here of facts alleging conduct by Fuccillo "to prevent [Seekamp] from learning of any alleged . . . TILA violation during the limitations period." Futterman, 2010 WL 5067650, at *2.  In the absence of such allegations, the proposed amended complaint cannot survive a motion to dismiss and permitting Seekamp to assert this claim in the proposed amended complaint would be futile.  Accordingly, Seekamp's motion as to the TILA claim in the proposed amended complaint is denied.[4]

---

[4]It does not appear that this issue was presented to the district court in Fuccillo's motion to dismiss or that the district court otherwise addressed it in any way. See Defs. Mot. to Dismiss (Dkt. No. 5); MDO.

8

## C. RICO Claim

Fuccillo next contends that the RICO claim asserted in Count VIII of the proposed amended complaint must fail as well. Defs. Mem. of Law at 7-11. A plaintiff asserting a civil RICO claim must allege "(1) conduct, (2) of an enterprise, (3) through a pattern (4) of racketeering activity," as well as "injury to business or property as a result of the RICO violation." Anatian v. Coutts Bank (Switzerland) Ltd., 193 F.3d 85, 88 (2d Cir. 1999). The requisite "pattern ... of racketeering activity" required by 18 U.S.C. § 1961(5) must consist of two or more predicate acts of "racketeering" as enumerated in 18 U.S.C. § 1961(1). An "enterprise" is a legal entity or an association in fact. See 18 U.S.C. § 1961(4). "Racketeering activity" includes any act indictable under a variety of state and federal criminal statutes including the mail fraud statute, 18 U.S.C. § 1341, and the wire fraud statute, 18 U.S.C. § 1343. See 18 U.S.C. § 1961(1). A "pattern" of racketeering activity involves at least two predicate acts meeting the definition of racketeering activity. See 18 U.S.C. § 1961(5). If a complaint fails adequately to allege a substantive violation of RICO, a claim of RICO conspiracy necessarily must also fail. See Kucher v. Alternative Treatment Center of Paterson, LLC, No. 05-CV-3733 (SJ)(JMA), 2009 WL 1044626, at *6 (E.D.N.Y. Mar. 27, 2009). A RICO claim predicated on violations of the mail and wire fraud statutes is subject to the heightened pleading requirements of Fed. R. Civ. P. 9(b). See First Capital Asset Mgt., Inc. v. Satinwood, Inc., 385 F.3d 159, 178 (2d Cir. 2004).

Here, Seekamp alleges that mail fraud and wire fraud form the basis for the claim of racketeering. The allegations are made, however, only in the words of the statutes and only in conclusory terms. To plead predicate acts of mail and wire fraud, a plaintiff must allege at a minimum "the contents of the communications, who was involved, where and when

9

they took place, and explain why they were fraudulent." Mills v. Polar Molecular Corp., 12 F.3d 1170, 1176 (2d Cir. 1993).  The proposed amended complaint wholly fails to allege any such facts.  Moreover, an essential element of a mail fraud claim is the use of the mails in furtherance of the scheme and of wire fraud is the transmittal of a wire communication in interstate commerce.  18 U.S.C. §§ 1341, 1343.  The proposed amended complaint fails to allege the date, time, place, or content of any such mailing or communication.  Because Seekamp fails adequately to allege a substantive violation of RICO, her claim of RICO conspiracy must necessarily also fail.  See Kucher, 2009 WL 1044626, at *6.[5]

Accordingly, Seekamp's RICO claim asserted in Count VIII of the proposed amended complaint is futile as it cannot survive a motion to dismiss.  Seekamp's motion as to that claim is denied.

### C. Other Claims

Fuccillo contends that Seekamp's remaining claims are also futile.  Defs. Mem. of Law at 14-16.  However, the proposed amended complaint makes no material changes to these claims, Fuccillo moved to dismiss those claims in its motion to dismiss, and the district court previously found those claims sufficient when it denied Fuccillo's motion.  MDO.  The issue of the sufficiency of those claims has previously been decided in this case and may not now be revisited.  See United States v. Quintieri, 306 F.3d 1217, 1225 (2d Cir. 2002) (emphasizing that "when a court has ruled on an issue, that decision should generally

---

[5] Fuccillo asserts other defects in the RICO claim as well.  See Defs. Mem. of Law at 7-11.  In light of the defects in that claim discussed here, other alleged defects asserted by Fuccillo need not be addressed.

10

be adhered to by that court in subsequent stages in the same case"). Accordingly, Seekamp's motion as to Counts I-VI of the proposed amended complaint is granted.

### D. Class Certification

Fuccillo contends that Seekamp has failed sufficiently to allege a class action in accordance with Fed. R. Civ. P. 23. Defs. Mem. of Law at 16-24. At this stage, Seekamp need only allege the elements of a class action required by Rule 23. The proposed amended complaint alleges a putative class of individuals who purchased the ETCH ATSD from a Fuccillo entity and a subclass of those who did so in conjunction with a financed purchase of an automobile. Proposed Am. Compl. at ¶ 41. The proposed amended complaint further alleges the requisite numerosity, typicality, commonality, and the other requirements of the rule for class certification. Id. at ¶¶ 42-50. Fuccillo's contention that Seekamp will be unable to prove these allegations at the time she moves for class certification is premature pending such a motion. The only question at this stage is whether the allegations meet the requirements of Rule 23. They do. Accordingly, Seekamp's motion is granted as to the proposed class action.

### E. Additional Defendants

As noted above in footnote 2, Seekamp seeks to add eighteen Fuccillo-related entities as defendants based on allegations that these entities joined with Fuccillo in selling the ETCH ATSD to automobile purchasers. Proposed Am. Compl. at ¶¶ 20, 25-34; see also Dkt. No. 50. These allegations satisfy the requirements of Fed. R. Civ. P. 20(a)(2) for

11

the joinder of defendants in that the allegations present issues of fact and law common to all defendants named in the proposed amended complaint.  See Ruiz v. Forest City Enterprises, Inc,.  No. 09 CV 4699(RJD)(MDG), 2010 WL 3322505, at *2 (E.D.N.Y. Aug. 20, 2010); Green v. Beer, No. 06 Civ. 4156(KMW)(jcf), 2009 WL 3401256, at *6 (S.D.N.Y. Oct. 22, 2009).  Accordingly, joinder of these additional defendants is permissible and Seekamp's motion to add these defendants is granted.

### III. Conclusion

For the reasons stated above, it is hereby

**ORDERED** that:

1. Seekamp's motion to amend her motion for leave to file an amended complaint to add additional parties to the original motion Dkt. No. 50) is **GRANTED**; and

2. Seekamp's motion for leave to file an amended complaint (Dkt. No. 41) is:

   A. **DENIED** as to Count VII (the TILA claim) of the proposed amended complaint;

   B. **DENIED** as to Count VIII (the RICO claim) of the proposed amended complaint;

   C. **GRANTED** in all other respects; and

   D. Seekamp shall file the amended complaint on or before **January 7, 2011**.

**IT IS SO ORDERED.**

DATED:  December 22, 2010
        Albany, New York

*David R. Homer*
United States Magistrate Judge