

Sergei Lemberg, Esq. (Admitted in NY, MA, CT)
Susan Schneiderman, Esq. (Admitted in NY, CT)
Stephen Taylor, Esq. (Admitted in CT)
Jody Burton, Esq. (Admitted in CT, PA, DC)
Jennifer Kurtz, Esq. (Admitted in NJ, NY, CT)
Forrest E. Mays, Esq. (Admitted in MD)
Lara Shapiro, Esq. (Admitted in CA)
Diana Larson, Esq. (Admitted in TX)
Volodymyr Hirnyk, Esq. (Admitted in CT)

December 30, 2010

**VIA CM/ECF**

Honorable David R. Homer
United State District Court
Northern District of New York
James T. Foley U.S. Courthouse
445 Broadway, Room 441
Albany, New York 12207-2924

    Re:  <u>Seekamp v. Fuccillo Automotive Group, Inc., *et al.*</u>
       09-CV-0018 (LEK/DRH)

Dear Judge Homer:

  I write pursuant to the Local Rules to request the court's permission to file a limited motion under FRCP 59(e) for reconsideration of the Court's February 22, 2010, Memorandum-Decision and Order, granting in part and denying in part Plaintiff's Motion to Amend the Complaint.  Plaintiff respectfully submits that the Court erred by striking Count VII (TILA) of the Proposed Amended Complaint.

  On February 19, 2009, Defendants filed their Motion to Dismiss the Complaint filed in this case. The original Complaint contained Count VII (TILA).  At the time Defendants filed the Motion to Dismiss, the recognized that the Complaint contained a TILA Claim (Count VII), stating on p.7 of the Motion: "Plaintiff further alleges that because the charge for the ATSD was not identified as "property insurance" in the loan documentation, the disclosed APR was inaccurate, in violation of the TILA.  (Complaint, ¶ 84)"  However, as this Court recognized in its Memorandum-Decision, Defendants did not argue for dismissal of the TILA Count before the District Court, and the District Court did not address the sufficiency of Plaintiff's Complaint as to Count VII (TILA).

  By failing to argue for dismissal of  the TILA Claim under Rule 12b(6), Defendants waived those arguments.  Federal Rules allow a party to make one, and only one motion to dismiss.  See CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1388 (2010 update).  Fed.R.Civ.P. 12(g)(2) provides:

December 30, 2010
*Seekamp v. Fuccillo Automotive Group, et al.*

    (2) Limitation on Further Motions.

    Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.

    The argument that an opposition to a motion to amend cannot be viewed as a 'motion to dismiss' has been considered and rejected.  In <u>Sears Petroleum & Transport Corp.</u>, 217 F.R.D. 305, 307 (N.D.N.Y.2003), Judge Munson held a defendant may not, by opposing a motion to amend, "advance arguments that could have been made in the first motion to dismiss but neglected to do so."  Judge Munson continued:

    Nevertheless, the amended complaint does not automatically revive all the defenses and objections the defendant may have waived in a first motion to dismiss or to challenge the sufficiency of the amended complaint with arguments that were previously considered and decided by the court in the first motion to dismiss. Nor may defendant advance arguments that could have been made in the first motion to dismiss but neglected to do so. <u>Id.</u>; <u>Gilmore v. Shearson/American Express</u>, 811 F.2d 108, 112 (2d Cir. 1987).

    The exceptions dealing with Rule 12(h)(2) and (3) motions have no application to the TILA Claim, because the law is that such claim is non-jurisdictional. *See e.g.*, <u>Ramadan v. The Chase Manhattan Corp.</u>, 156 F.3d 499, 505 (3rd Cir. 1998) ("In sum, based on the structure and purpose of TILA, we hold that the statute of limitations contained in § 1640(e) is not jurisdictional and is therefore subject to equitable tolling"). <u>Ellis v. General Motors Acceptance Corp.</u>, 160 F.3d 703, 706 (11th Cir. 1998) ("Every other circuit that has considered the issue has held that TILA is subject to equitable tolling.") (collecting cases); <u>King v. California</u>, 784 F.2d 910, 914-15 (9th Cir. 1986); <u>Jones v. TransOhio Savings Ass'n.</u>, 747 F.2d 1037, 1041 (6th Cir. 1984).

    Accordingly, Plaintiff respectfully submits, and plans to argue in the motion to reconsider, that the Court erred in considering and ultimately accepting Defendants' challenge to pleading sufficiency of Count VII (TILA) of the Proposed Amended Complaint.[1]

The position of defense counsel regarding the proposed motion is that Defendants will request permission to cross-move for attorneys' fees and sanctions on any such motion.

                                                                       Sincerely,

                                                                     Sergei Lemberg

---

[1] To the extent it may be deemed that the arguments for dismissal were made in the Motion to Dismiss, they were, of course, rejected by the District Court and may not now be revived. Defendants of course remain free to file any other motion with respect to the complaint, except a motion under FRCP 12.

December 30, 2010
*Seekamp v. Fuccillo Automotive Group, et al.*

## CERTIFICATE OF SERVICE

      I hereby certify that on December 30, 2010, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to the following:

*Attorneys for Defendants*
Fuccillo Automotive Group, Inc.
Fuccillo Lincoln Mercury Hyundai, Inc.

William A. Hurst
Greenberg, Traurig Law Firm - Albany Office
54 State Street
6th Floor
Albany, NY 12207

Mathew J. Kelly, Esq.
Roemer Wallens Gold & Mineaux LLP
13 Columbia Circle
Albany NY  12203

 

_____
Sergei Lemberg