UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HEIDI SEEKAMP, *On Behalf of Herself and All Others Similarly Situated,*<br><br>    Plaintiff,<br>vs.<br><br>IT'S HUGE, INC.,<br>FUCCILLO LINCOLN MERCURY, INC.<br>d/b/a FUCILLO HYUNDAI,<br>FUCCILLO CHRYSLER JEEP DODGE OF AMSTERDAM, INC.,<br>FUCCILLO FORD, INC.,<br>FUCCILLO DODGE CHRYSLER JEEP, INC.,<br>FUCCILLO IMPORTS, INC.,<br>FUCCILLO AUTO WORLD, INC.,<br>FUCCILLO BUICK PONTIAC GMC, INC.,<br>FUCCILLO CHEVROLET OF NELLISTON, INC.,<br>FUCCILLO HYUNDAI OF SYRACUSE, INC.,<br>FUCCILLO HYUNDAI OF GREECE, INC.,<br>FUCCILLO FORD OF SENECA FALLS, INC.,<br>FUCCILLO CHEVROLET OLDS PONTIAC BUICK, INC.,<br>FUCCILLO CHEVROLET, INC.,<br>FUCCILLO CHRYSLER OF NELLISTON, INC.,<br>FUCCILLO ENTERPRISES OF EAST GREENBUSH, INC.,<br>FUCCILLO ENTERPRISES, INC.,<br>FUCCILLO FORD OF EAST GREENBUSH, INC.,<br>FUCCILLO FORD OF NELLISTON, INC.,<br>FUCCILLO PONTIAC BUICK, INC.,<br>and<br>UNIVERSAL AUTOMOTIVE SERVICES, INC.,<br><br>    Defendants. | Civil Action No.: 09-cv-00018-LEK-DRH<br><br>**FIRST AMENDED<br>CLASS ACTION COMPLAINT**[1]<br><br>**Plaintiff Demands Trial by Jury** |

---

[1] Plaintiff files this Amended Complaint without prejudice to a further amendment dependent on the outcome of the Motion to Reconsider currently pending before the Court.

Plaintiff, Heidi Seekamp ("Seekamp"), on behalf of herself and all others similarly situated, by and through her attorneys, Lemberg & Associates, LLC. and Law Office of Martin Mushkin, Esq., brings this class action against the Defendants seeking damages, injunctive relief, as well as attorney's fees and costs, and alleges as follows:

### INTRODUCTORY ALLEGATIONS

1. This action arises from the sale by the Defendants to members of the general public of a product known as an Auto Theft Security Discount Guarantee ("ETCH ATSD").

2. An ETCH ATSD is a form of vehicle "window etching," a practice which entails permanently engraving the unique Vehicle Identification Number ("VIN"), or other decal traceable to the vehicle owner, onto each of the vehicle's windows. Defendants marketed ETCH ATSDs to the public and sold them as a purported "theft-deterrent."

3. To conceal that ETCH ATSD is insurance, Defendants marketed and sold an ETCH ATSD as a "warranty."

4. The subject ETCH ATSDs consist of the permanent installation of warning decals affixed to windows of a consumer's vehicle and an indemnity benefit promised to the consumer if the vehicle is stolen and either not recovered or deemed a total loss at the time of recovery.

5. ETCH ATSDs are contracts of insurance and the sale of products such as ETCH ATSD, whether denominated as "insurance" or as a "warranty," violates New York insurance law, unless the group insurance policy is underwritten by a New York-licensed insurer or an exception from insurance law applies.

6. All ETCH ATSD products sold to consumers by Defendants were sold pursuant

to a master agreement entered into between It's Huge and Universal.  As such, each of the Fuccillo Dealerships acts, with respect to the sale of ETCH ATSD's, both in its own behalf and as agent for It's Huge.

7. Universal, the purported issuer of the policy sold to the Plaintiff, is not now nor has ever been an issuer licensed to do business in New York.

8. No exception from Insurance Law has ever applied to the sales of ETCH ATSDS by Defendants.

9. As part of purchasing ETCH ATSDs consumers received a "Certificate" issued by Universal pursuant to the master agreement with It's Huge, which entitled consumers to certain benefits in the event their vehicles are stolen and not recovered.

10. The "Certificates" contained a non-working 800 number.

11. Consumers' vehicles were purportedly "etched" with decals entitled "DIS Etch" and containing varying "DIS Etch" numbers.  The decals contained an 800-number for claim submission that was directed to an answering service, which accepted messages and forwarded them to an inactive pager.

12. In addition, the Defendants are believed to have sold the ETCH ATSD product to consumers, never intending to confer any of the bargained-for benefits whatsoever upon the purchasing Consumers.

13. Not one consumer has ever claimed an indemnity benefit from Defendants.

14. The intentional and willfully underhanded methods by which Defendants sold the ETCH ATSD to consumers constitute violations of N.Y. GBL § 349, the Insurance Law of the

2

State of New York and the common law of the state of New York.

15. Plaintiff, in her own behalf and on behalf of those similarly situated, seeks to enjoin the practices complained of herein, asks that the Court order the Defendants to refund to all Class members, including Plaintiff, all premiums and charges paid in connection with the sale of ETCH ATSDS and asks that the Court further order disgorgement by the Defendants of all profits and benefits unlawfully obtained from the unauthorized sale of insurance, together with treble damages, and all attorneys' fees and costs.

## JURISDICTION AND VENUE

16. This Court has jurisdiction herein pursuant to 28 U.S.C. § 1332(d), since it is brought as a class action under Rule 23 of the Federal Rules of Civil Procedure, the amount in controversy exceeds $5,000,000.00 and members of the proposed classes are citizens of States other than any defendant;

17. Venue is proper in this district pursuant to  pursuant to 18 U.S.C. §1965(a) and 28 U.S.C. §§ 1391(b) & (c) because the defendants each reside within this district and since a substantial part of the events or omissions giving rise to the claim occurred in this district, and the defendants regularly conduct their business and affairs in this district.

## PARTIES

18. Plaintiff is a natural person who resides at in Latham, New York 12110.

19. Defendant It's Huge, Inc. ("It's Huge"") is a New York Corporation whose principal place of business is located at 10524 US Route 11, P.O. Box 69, Adams, New York, 13605.

20.     Defendants Fuccillo Lincoln Mercury, Inc. d/b/a Fucillo Hyundai, Fuccillo Chrysler Jeep Dodge of Amsterdam, Inc., Fuccillo Ford, Inc., Fuccillo Dodge Chrysler Jeep, Inc., Fuccillo Imports, Inc. Fuccillo Auto World, Inc., Fuccillo Buick Pontiac Gmc, Inc., Fuccillo Chevrolet Of Nelliston, Inc., Fuccillo Hyundai of Syracuse, Inc., Fuccillo Hyundai of Greece, Inc., Fuccillo Chevrolet Olds Pontiac Buick, Inc., Fuccillo Chevrolet, Inc., Fuccillo Chrysler of Nelliston, Inc., Fuccillo Enterprises of East Greenbush, Inc., Fuccillo Enterprises, Inc., Fuccillo Ford of East Greenbush, Inc., Fuccillo Ford of Nelliston, Inc., Fuccillo Pontiac Buick, Inc. and Fuccillo Ford of Seneca Falls, Inc. (the "Fuccillo Dealerships") are each New York corporations engaged in business as automobile dealerships within the State of New York. The principle office of each of the Fuccillo Dealerships is located at 10524 US Route 11, P.O. Box 69, Adams, New York 13605.[1]

21.     Upon information and belief, each of the Fuccillo Dealerships is owned and controlled by It's Huge.

22.     It's Huge was responsible at all relevant times for establishing, overseeing, implementing and perpetuating all aspects of the sale of ETCH ATSD's by and through the Fuccillo Dealerships.

23.     Universal Automotive Services, Inc. ("Universal") is a New Jersey corporation which at all relevant times issued, administered and had an agreement to provide indemnification to It's Huge and other Fuccillo Dealerships under ATSD Etch policies, which were then through

---

[1] Plaintiff reserves the right to add additional dealerships by amendment if it is discovered that they sold Etch pursuant to the master agreement between It's Huge and Universal.

4

their agents, servants, contractors and/or employees, illegally sold to consumers.  Universal acted in such capacity with respect to the ETCH ATSD products sold by or through the Fuccillo Dealerships.

24.     It's Huge, Universal and the Fuccillo Dealerships are engaged in interstate commerce and their activities affect interstate commerce.

## FACTS APPLICABLE TO ALL COUNTS

25.     On or about June 12, 2007, Plaintiff entered into a purchase and sale agreement ("PSA") with one of the Fuccillo Dealerships, Fuccillo Lincoln Mercury, Inc. d/b/a Fuccillo Hyundai ("Fuccillo Hyundai"), for the purchase of a 2007 Hyundai Elantra, VIN KMHDU46D97U218024 (the "Vehicle").

26.     In addition to purchasing the Vehicle, Plaintiff purchased an ETCH ATSD from Fuccillo Hyundai for which she was charged $295.00.

27.     The Vehicle purchase was financed pursuant to contracts and financing statements prepared by Fuccillo Hyundai.

28.     Fuccillo Hyundai represented to Seekamp that enrollment in the ETCH ATSD program was required in connection with her purchase since all vehicles sold by Fuccillo Dealerships come with ETCH ATSD window etching.

29.     In furtherance of such representation, the financing documents prepared by Fuccillo Hyundai included the price or premium paid by Seekamp for the ETCH ATSD to be included as part of the purchase price.  As such, Fuccillo Hyundai concealed its sale of the ETCH ATSD from the Plaintiff and the credit grantor.

30. In connection with the sale to Plaintiff of an ETCH ATSD, Fuccillo Hyundai also misrepresented or failed to disclose the following material facts:

a) That no consumer has ever received the financial benefits represented to be the hallmark of the ETCH ATSD.

b) That Universal is not now, and never has been, a licensed insurance carrier in New York, and therefore is not authorized to underwrite or engage in the business of insurance in New York.

c) That, upon information and belief, the actual cost of "window etching" is between $20.00 and $50.00.

d) That the "theft deterrent" benefits marketed through sale of the ETCH ATSD are identical to the theft deterrent benefits routinely obtained by consumers when the vehicle's VIN is etched into each of the vehicle's windows and without the added purchase price of the ETCH ATSD.

31. The foregoing misrepresentations and omissions were intentional and were conveyed or omitted for one or more of the following purposes:

a) To avoid the expenses and regulatory restrictions associated with registration with, and oversight by, the New York State Department of Insurance.

b) To reap the financial benefits associated with charging consumers at least $255.00 in excess of the price of the Vehicle.

32. Universal, It's Huge and Fuccillo Hyundai each knew or should have known that the ETCH ATSD "Certificates" did not provide any benefit to the consumer.

6

33. Universal, It's Huge and Fuccillo Hyundai knew or should have known that the ETCH ATSD, as sold by them, was a contract of insurance under the law of the State of New York, the sale of which was prohibited absent compliance with the New York Insurance law.

34. Upon information and belief, the acts, practices, misrepresentations and omissions undertaken by Fuccillo Hyundai in connection with Plaintiff's purchase of the Vehicle were not unique or isolated but were substantially identical to the acts, practices, misrepresentations and omissions employed by It's Huge, Universal and each of the Fuccillo Dealerships in connection with sales of motor vehicles to consumers.

35. In order to be assured that claims under the ETCH ATSD would not be made, the Defendants instructed consumers to comply with a sham claim submission process, pursuant to which claims under the ETCH ATSD were to be reported via telephone to a telephone number which was either not in service or which required the consumer to leave a message with an answering service.

36. In the latter case, the answering service transmitted consumer messages to a pager number which was not in service.

37. Each of the foregoing acts, practices, misrepresentations and omissions was undertaken with the intent and objective of inducing Plaintiff and other consumers to purchase an ETCH ATSD.

38. Plaintiff and each of the class members relied upon the Defendants' misrepresentations and were unaware of the omitted material facts and were thereby induced to purchase ETCH ATSD's. Had the truth been disclosed, none of the class members would have

7

purchased the product since the sale was unlawful and provided no benefit.

39. Each of the Defendants has unlawfully profited from charges associates with the sale of an unregulated and unlicensed contract of insurance through use of fraud and deception and via the mails, wires and instrumentalities of interstate commerce.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

40. Plaintiff brings this as a class action under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure on behalf of herself and all others similarly situated.

41. The Classes of consumers that Plaintiff seeks to protect are defined as:

> **ALL CONSUMERSS WHO PURCHASED THE ETCH ATSD FROM ANY OF THE FUCCILLO DEALERSHIPS. EXCLUDED FROM THE CLASS ARE ANY DEFENDANTS, THEIR RESPECTIVE PARENTS, EMPLOYEES, SUBSIDIARIES AND AFFILIATES, THEIR ALLEGED CO-CONSPIRATORS AND ALL GOVERNMENT ENTITIES.**

42. Membership in the class is so numerous that individual joinder of all plaintiffs is impractical.

43. Although the exact numbers and identities of class members are unknown at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes that thousands of class members exist. Bringing the action as a class will fairly insure the adequate representation of all who may sue.

44. Plaintiff's claim is typical of the claims of the members of the class, as all members sustained the same injury and sustained the same damages.

45. This matter presents common questions of law and fact which predominate over any questions specific to individual class members. The common questions of law and fact

include:

    a)       Whether the ETCH ATSD is a contract of insurance.

    b)       Whether, if the ETCH ATSD is a contract of insurance, it qualifies for exemption from registration under the Insurance Law of the State of New York.

    c)       Whether Universal, prior to sale or distribution of any ETCH ATSD, was required to qualify and register with the New York State Insurance Department.

    d)       Whether It's Huge and Fuccillo Dealerships sold insurance without being licensed as insurance agents or brokers.

    e)       Whether the ETCH ATSD confers any benefit upon purchasing consumers.

    f)       Whether the contract between It's Huge and Universal is illegal.

    g)       Whether contracts between It's Huge or any Fuccillo Dealership and a purchasing consumer are illegal and voidable;

    h)       Whether the defendants engaged in deceptive practices within the meaning of N.Y. GBL § 349;

    i)       Whether the defendants engaged in deceptive practices within the meaning of N.Y. Ins. Law § 2401;

    j)       Whether Plaintiff and the Class suffered an ascertainable loss in their purchase of the ETCH ATSD.

    k)       Whether Defendants were unjustly enriched by retaining a portion or the entire fee charged for the ATSD;

9

46. Seekamp's claims are typical of the class as required by Federal Rule of Civil Procedure 23(a)(3) since all members of the Class sustained damages arising out of the Defendants' common course of conduct. Proceeding by way of class action is the only economical and sensible manner in which to vindicate the injuries sustained by Plaintiff and members of the Class.

47. Plaintiff will fairly and adequately protect the interests of the members of the class, all of whom are victims of the Defendant's unfair fraudulent and deceptive practices. Plaintiff's interests are not antagonistic to the interests of the class members.

48. Plaintiff has retained attorneys experienced in civil litigation and consumer fraud.

49. A class action is superior to other available methods for the fair and efficient adjudication of the controversy under Federal Rule of Civil Procedure 23(b)(3). Absent a class action, most members of the Class would find the cost of litigating these claims to be prohibitive, and therefore, would have no effective remedy at law.

50. The class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the court and the litigants and promotes consistency and efficiency of adjudication.

**COUNT I**
**VIOLATION OF N.Y. GBL § 349**

51. Plaintiff repeats and reiterates each and every allegation contained in paragraphs 1 through 50, inclusive, of this Complaint as if same were fully set forth herein at length.

52. N.Y. GBL § 349(a) deems unlawful "Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state…"

53.     New York Ins. Law § 1102 provides: "No person, firm, association, corporation or joint-stock company shall do an insurance business in this state unless authorized by a license…"

54.     An "insurance contract" is defined by statute in N.Y. Ins. § 1101(a)(1) as an

> "…agreement or other transaction whereby one party, the "insurer", is obligated to confer benefit or pecuniary value upon another party, the "insured" or "beneficiary", dependent upon the happening of a fortuitous event in which the insured or beneficiary has, or is expected to have at the time of such happening, a material interest which will be adversely affected by the happening of such event."

55.     The ETCH ATSD is a contract of insurance under New York Law.

56.     An automobile dealership is permitted to sell a window etching program such as the ETCH ATSD to a consumer only if the provisions of N.Y. Ins. Law § 3446 are complied with. Section 3446 provides that the underlying group policy must be obtained from an authorized insurer, must insure the consumer, must be represented as an anti-theft deterrent by the dealership, manufacturer or distributor, must be sold for a price which does not exceed the cost of rendering services plus the cost of reasonable overhead and must be accompanied by delivery to the consumer of a certificate of insurance.

57.     None of the Defendants is now or has ever been a licensed insurance carrier in New York, and therefore is not authorized to underwrite or engage in the business of insurance in New York.

58.     By marketing and selling the ETCH ATSD in violation of the Insurance Law, Defendants denied Plaintiff and members of the Class the mandatory protections afforded to purchasers of insurance in New York and charged them a grossly inflated premium for a 3 year /

11

$2,000.00 auto-theft insurance policy.

59. Defendants' marketing and sale of the ETCH ATSD was consumer-oriented and affected the public because the majority of consumers that bought ETCH ATSD from Defendants were deceived in a material way into purchasing the ETCH ATSD, and were directly impacted as a result of its exorbitant cost.

60. The conduct engaged in by the Defendants constitutes violations of N.Y. GBL § 349(a).

61. The Defendants' acts practices and conduct were done "willfully or knowingly."

62. Plaintiff and each and every member of the Class suffered an injury as a result of the Defendants' willfully deceptive acts and practices.

63. As a consequence of the foregoing, Plaintiff and each class member is entitled to rescission of the ETCH ATSD purchase, recovery of all sums paid for the ETCH ATSD and recovery of all damages allowable by law, including punitive damages and reasonable attorneys fees.

## COUNT II
## CONSUMER FRAUD

64. Plaintiff repeats and reiterates each and every allegation contained in paragraphs 1 through 63, inclusive, of this Complaint as if same were fully set forth herein at length

65. The foregoing acts and practices constitute fraud under the common law of the State of New York.

66. The Defendants and each of them perpetrated the foregoing fraud in concert with one another, actively aided and abetted one another and conspired to engage in deceptive

consumer practices by undertaking unlicensed insurance sales, misrepresenting facts about the ETCH ATSD and by making statements that Defendants knew to be false.

67.     Plaintiff and the Class Members suffered actual damage as a result of the foregoing.

68.     Each and every ETCH ATSD contract entered into by or on behalf of IT'S HUGE or a Fuccillo Dealership was induced by fraud.

69.     Each and every ETCH ATSD contract entered into by or on behalf of IT'S HUGE or a Fuccillo Dealership is either void *ab initio* or voidable at the option of the purchaser.

70.     By virtue of the foregoing, Plaintiff and the Class Members are entitled to rescission of each of their contracts for the purchase of an ETCH ATSD and are entitled to recovery of all consideration given in connection therewith and to recover all damages sustained as a consequence of Defendants' conduct, together with punitive damages and reasonable attorneys' fees.

## COUNT III
### BREACH OF FIDUCIARY DUTY
(Against IT'S HUGE and the Fuccillo Dealerships)

71.     Plaintiff repeats and reiterates each and every allegation contained in paragraphs 1 through 70, inclusive, of this Complaint as if same were fully set forth herein at length

72.     The relationship between a purchaser of insurance and an insurance agent is fiduciary in nature.

73.     In connection with each and every sale of an ETCH ATSD to a member of the Class, defendants It's Huge and one of the Fuccillo Dealerships breached their fiduciary duties to

the purchasing consumers.

74. In each and every instance, It's Huge and a Fuccillo Dealership rendered a promise in reliance upon which the consumer transferred money and the Defendants were unjustly enriched.

75. In each and every instance, the Defendants knowingly breached their fiduciary duties by accepting payment for an unlicensed insurance product and failing to disclose material information concerning the transaction.

76. As a result of the foregoing, Plaintiff, as representative of the class, seeks an Order establishing a constructive trust consisting of all payments received by the defendants on account of sale of ETCH ATSDs.

## COUNT IV
## BREACH OF CONTRACT

77. Plaintiff repeats and reiterates each and every allegation contained in paragraphs 1 through 76, inclusive, of this Complaint as if same were fully set forth herein at length.

78. Plaintiff and the members of the Class each entered into an agreement with It's Huge, a Fuccillo Dealership and Universal whereby the contracting defendants promised and agreed to provide the contracting consumer with a product which provided an automobile theft deterrent and, in the event of theft resulting in total loss of the vehicle, an "Auto Theft Security Discount."

79. In consideration for the promised product and service, each of the members of the class paid the sum of $295.00 or a similar sum which was accepted by the contracting

14

Defendants.

80. The Defendants failed to provide the contracted-for product or benefits. Instead, the Defendants provided under the subject agreements a worthless product which (a) did nothing to enhance theft deterrence and (b) was not capable of performance by the Defendants.

81. By virtue of the foregoing breach of contract, Plaintiff's have been damaged.

## COUNT V
## UNJUST ENRICHMENT

82. Plaintiff repeats and reiterates each and every allegation contained in paragraphs 1 through 81, inclusive, of this Complaint as if same were fully set forth herein at length.

83. The foregoing constitutes unjust enrichment under the common law of the State of New York.

84. Defendants are bound to disgorge all amounts by which they have been unjustly enriched.

## COUNT VI
## ILLEGAL CONTRACTS

85. Plaintiff repeats and reiterates each and every allegation contained in paragraphs 1 through 84, inclusive, of this Complaint as if same were fully set forth herein at length.

86. Each and every ETCH ATSD contract entered into by or on behalf of It's Huge or a Fuccillo Dealership was illegal under the Insurance Law of the State of New York since each constituted an illegal contract of insurance.

87. Each and every ETCH ATSD contract entered into by or on behalf of It's Huge or

a Fuccillo Dealership is therefore void *ab initio.*

88. By virtue of the foregoing, Plaintiff and the Class Members are entitled to rescission of each of their contracts for the purchase of an ETCH ATSD and are entitled to recovery of all consideration given in connection therewith and to recover all damages sustained as a consequence of Defendants' conduct, together with punitive damages and reasonable attorneys' fees.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays for the following:

a) An order certifying this action as a class action under Rules 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure, appointing the named Plaintiff as the Class Representative and designating Plaintiff' counsel as Class Counsel;

b) An order declaring the conduct alleged herein to be a deceptive sales practice within the meaning of the New York Consumer Protection from Deceptive Acts and Practices N.Y. GBL § 349 and the common law of unjust enrichment;

c) A judgment rescinding the contracts and awarding Plaintiff and each member of the Class a full refund of all monies paid for the ETCH ATSD, interest thereon and any amount by which Defendants have been unjustly enriched, plus treble damages;

d) A judgment awarding Plaintiff and each member of the Class the greater

of compensatory or statutory damages;

e)        An order awarding Plaintiff and the Class their costs of suit, including reasonable attorneys' fees and expenses as provided by law; and

f)        An award of such other, further, and different relief as the nature of the case may require or as may be determined to be just, equitable, or proper by this Court.

January 7, 2011

Respectfully submitted,
By:/s/ Sergei Lemberg
Sergei Lemberg
Lemberg & Associates, L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (877) 795-3666

Co-Counsel
Martin Mushkin, Esq.
Law Offices of Martin Mushkin
1100 Summer Street, 3rd Floor
Stamford, CT 06905

## **CERTIFICATE OF SERVICE**

THIS IS TO CERTIFY that on this the 7th day of January, 2011, a copy of the foregoing was filed with the Court via the CM/ECF system which sent notice of such filing to the following:

*Attorneys for Defendants*
William A. Hurst, Esq.
Greenberg, Traurig Law Firm
54 State Street, 6th Floor
Albany, NY 12207

Matthew J. Kelly
Roemer, Wallens Law Firm
13 Columbia Circle
Albany, NY 12203

  /s/ Sergei Lemberg
Sergei Lemberg