Exhibit 2

Monday, March 23, 2009 11:10 AM      Tom Meyers 518-382-5977



**STATE OF NEW YORK
INSURANCE DEPARTMENT**
One Commerce Plaza
Albany, New York 12257

David A. Paterson
Governor

FUCCILLO LINCOLN MERCURY HYUNDAI
WILLIAM FUCCILLO
4101 STATE STREET
SCHENECTADY, NY 12304

Eric R. Dinallo
Superintendent.

March 13, 2009

RE:   Dept. File #:  CSB-646400
      Complainant: NYSID

Dear Sir/Madam:

This will have reference to the captioned file.

Attached is a Times Union article that has come to our attention.

Please send us all sales material, and the contract for the product outlined in the Times Union article.

Please also provide your contract person's name, phone numbers, and mailing address for the entity Universal Automotive Services Inc. in New Jersey.

Please reply within fifteen business days. Please provide the file number, a copy of this letter and your direct phone number, mailing address, fax number with your response.

Sincerely,

Tim Verhaegen
Examiner, Consumer Services Bureau
518-474-9847
212-480-4735 (Fax)

http://www.ins.state.ny.us

1115

Monday, March 23, 2009 11:10 AM          Tom Meyers 518-382-5977                Page 1 of 1

# FUCCILLO AUTO FACES SUIT

**FUCCILLO AUTO FACES SUIT; LAWYER SAYS DEALER WOULD NEED A LICENSE TO SELL $295 SERVICE.**

Rick Moriarty Staff writer

29 January 2009

The Post Standard/Herald-Journal

Copyright, 2009, Syracuse Newspapers, Inc. All Rights Reserved. Distributed by NewsBank, Inc.

A Latham woman is suing the Fuccillo Automotive Group, alleging that one of its dealerships illegally sold her an insurance product on a car she bought from the dealership.

Heidi Seekamp alleged in a class-action lawsuit filed Jan. 7 in U.S. District Court in Albany that Fuccillo Lincoln Mercury Inc., which also does business as Fuccillo Hyundai, in Schenectady, sold her the service for $295 on a new Hyundai Elantra she purchased in June 2007.

The service consisted of etching the vehicle's identification number onto the car's windows as a deterrent to thieves, the lawsuit said. If the car was stolen and was deemed a total loss because of damage done to it or because it could not be recovered, then the dealership pledged to give her a discount of up to $2,000 on a replacement vehicle, the lawsuit said.

Sergei Lemberg, a Stamford, Conn., consumer law attorney representing Seekamp, said the state Insurance Department has long considered such services to be insurance policies because they provide a benefit to the purchaser in the event of damage or loss unrelated to mechanical failure.

State law requires that anybody selling such a service be licensed to sell insurance in New York.

Lemberg said the service was sold to Seekamp through Universal Automotive Services Inc., a New Jersey company that was working with the Fuccillo Automotive Group, based in Adams. Universal is not licensed to sell insurance in New York, making the sale to Seekamp and anyone else in New York illegal, he said.

To get around that requirement, Fuccillo told customers the service was a "warranty," he said.

The Fuccillo Automotive Group owns 15 dealerships in New York, including a Hyundai store on Erie Boulevard East in Syracuse.

Billy Fuccillo, who owns the dealerships, was reported to be out of the country Wednesday and could not be reached for comment.

The Times Union in Albany said Fuccillo told them in a phone call on Saturday that he had no knowledge of the suit and had not yet been served with court papers.

Lemberg said the window etching was grossly overpriced at $295. He estimated the actual cost of the etching to be $20 to $30. If the service was sold as insurance, approval by the Insurance Department would have been required, and the department would not have allowed Universal and Fuccillo to sell it for as much as they did, he said.

"Most of it was pure profit," he said.

He said he believes the service was offered to customers of all of Fuccillo's dealerships, not just the Schenectady dealership.

Seekamp's lawsuit seeks a refund of the fee paid by her, as well as a refund of the fee paid by anyone who bought the service from Fuccillo or Universal, plus triple damages and attorney fees. The lawsuit said Fuccillo likely sold the service to at least 16,950 customers over three years, for a total of at least $5 million.

Lemberg said it is unlikely that any customer collected on the part of the service that offered a discount for a replacement vehicle. He said the wording on the policies was so confusing, it's unlikely that customers would even have known what they were entitled to.

"It's hard for me to imagine they were even able to explain this to anybody," he said.

Fuccillo is no longer offering the service. Lemberg said the dealerships stopped selling it after being contacted by the state Attorney General's office a year ago.

Your complete results are available online at http://global.factiva.com/redir/default.aspx?
p=yfaview=a&fid=104820348aid=9NEW006200&ns=10&it=u&to=AE&OD=V2AUhINaqdbbSCPhXw4866W55FyjLmO1NRDI5sdoWITm0L%
2f9s%2bA8BJQ%3d%3d%%/c2.

For assistance, access Dow Jones Customer Support. (c) 2009 Factiva, Inc. All Rights Reserved.

**HISCOCK & BARCLAY**

WILLIAM A. HURST
PARTNER

50 BEAVER STREET
ALBANY, NEW YORK 12207
T 518.429.4200 • F 518.429.4201

DIRECT DIAL 518.429.4293
DIRECT FAX 518.533.2927
WHURST@HBLAW.COM

March 25, 2009

Arlena Zajac
Senior Examiner, Consumer Services Bureau
State of New York Insurance Department
One Commerce Plaza
Albany, New York 12257

Tim Verhagen
Examiner, Consumer Services Bureau
State of New York Insurance Department
One Commerce Plaza
Albany, New York 12257

Re: Letter to Fuccillo Buick Pontiac GMC, Inc., dated February 11, 2009
Dept. File No.: CSV-633675

Letter to Fuccillo Lincoln Mercury Hyundai, dated March 13, 2009
Dept. File No.: CSB-646400

Dear Ms. Zajac and Mr. Verhagen:

We represent Fuccillo Buick Pontiac GMC, Inc., which does business as an automobile dealership from its retail location at 976 New Loudon Road, Latham, New York, and also represent Fuccillo Lincoln Mercury Hyundai, which does business as an automobile dealership from its retail location at 4101 State Street, Schenectady, New York (collectively referred to as "Fuccillo"). I write in response to your letters to Fuccillo dated February 11, 2009, and March 13, 2009, respectively.

Pursuant to your respective requests, please find attached hereto as Exhibit "A" a copy of a two-sided registration form titled "Auto Theft Security Discount." The terms and conditions under which Fuccillo made the "Auto Theft Security Discount" ("ATSD") available to certain qualifying customers are set forth on the reverse side of the document. In summary, the ATSD program – which was voluntarily discontinued at all Fuccillo locations in the State of New York in August of 2007 – was the means by which Fuccillo would guarantee the effectiveness of an auto theft deterrent device known as a window "etch." In exchange for payment of the sum of $295.00 to participate in the program, which sum was appropriately disclosed on all purchase and sale documentation, the purchaser (or lessor) of a new vehicle would be entitled to a discount in the lesser of 10% of the cost of a new replacement vehicle, or $2,000.00, in the event

Arlena Zajac
March 2, 2009
Page 2

the original vehicle was stolen and deemed either unrecoverable or a total loss, *i.e.*, in the event the window etch failed to deter theft.[1]

Universal Automotive Services, Inc., to whom Senior Examiner Zajac refers to in her February 11, 2009, letter, indemnified Fuccillo in the event that Fuccillo was required to grant the above-referenced discount to a customer after a theft. Accordingly, to the extent the State Insurance Department is in fact in receipt of information which, "indicates that [Fuccillo] was providing service through Universal Automotive Services, Inc.," that information is inaccurate. No consumer services whatsoever were provided "through" Universal Automotive Services, Inc. – all services vis-à-vis the participating consumers, including granting the above discounts, were furnished by Fuccillo, in strict accordance with the parameters previously set by your office.

For your reference, I also attach hereto as Exhibit "B" two (2) letter-opinions from your office dated June 22, 1999, and January 26, 2000, respectively, in which the State Insurance Department conditionally approved a program which appears to be indistinguishable from the ATSD as it was administered by Fuccillo until August of 2007. Indeed, the initial request for an opinion from your office originated with Universal Automotive Services, Inc.

Additionally, I attach hereto as Exhibit "C" copies of three (3) recent decisions from various United States District Courts, which also interpret and approve auto theft deterrent guarantee programs strikingly similar to the ATSD here, which, as previously stated, is no longer available from Fuccillo dealerships in the State of New York.

I trust that you will find the above, and the enclosures, responsive to your respective requests to Fuccillo. However, please do not hesitate to contact the undersigned should you have additional questions.

Thank you for your continued attention to these matters.

Very truly yours,

William A. Hurst

WAH:rcm
Enclosures

cc:   John Testone
      Director of Finance
      Fuccillo Automotive, Inc.

---

[1]   Additional terms and conditions of the program are set forth on the form and include, without limitation, the requirement that the replacement vehicle be purchased from an Authorized Dealer and that the replacement vehicle be of equal or lesser value than the vehicle being replaced.

ALLIB01\237070\1
310265-3038080

**1118**

NY2D 64085

# Auto Theft Security Discount

| Dealer Name | Address | City | State | Zip |
|---|---|---|---|---|
| Applicant Last Name | First Name | | Phone # | |
| Applicant Address | | City | State | Zip |
| Vehicle Purchase Date | Year | Make | Model | System Price $ |
| Etch Number on Windows | | Vehicle 17 digit V.I.N. | | Vehicle Price $ |

**All claims must be reported to the Administrator within 30 days.
@ 800-410-5981**

## GUARANTEE

The AUTO THEFT SECURITY DISCOUNT, permanently installed on the Vehicle windows, includes two (2) warning decals affixed to the driver and passenger windows. It guarantees to the above named purchaser/lessee of the described Vehicle that the system installed will be effective deterrent against Vehicle theft. AUTO THEFT SECURITY DISCOUNT is not insurance and does not provide general liability coverage or fulfill the requirements of financial responsibility laws. Such coverages are usually provided by the customer's personal automobile insurance carrier. The coverage commences on the registration date and will extend for (3) years from the date unless otherwise terminated in accordance with the Theft Deterrent Guarantee.

**THIS GUARANTEE IS SUBJECT TO THE TERMS AND CONDITIONS PROVIDED ON THE REVERSE SIDE.**

I do choose to register my VEHICLE under the AUTO THEFT SECURITY DISCOUNT. By my signature below, I request to purchase the AUTO THEFT SECURITY DISCOUNT and acknowledge that I have read and fully understand both sides of this agreement.

_____           _____
Applicant Signature                                       Date

I do NOT choose to register my VEHICLE under the AUTO THEFT SECURITY DISCOUNT. I understand that by not accepting this registration, and in the event my VEHICLE is stolen and recovered, I am not entitled to any of the AUTO THEFT SECURITY DISCOUNT benefits provided.

_____           _____
Applicant Signature                                       Date

**Universal Automotive Services, Inc.**
Phone: (908) 791-1234 • Fax: (908) 791-1347

White-Administrator    Yellow-Dealer    Pink-Customer

1119



STATE OF NEW YORK
INSURANCE DEPARTMENT
25 BEAVER STREET
NEW YORK, NEW YORK 10004

June 22, 1999

Nick Souris
Universal Automotive Services
1400 Raritan Road
Scotch Plains, NJ 07076

Re: *Anti-theft discount program*

Dear Mr. Souris:

This responds to your June 21, 1999 FAX transmission in which you inquired UAS's discount proposal (copy attached) would be permissible under the Insurance Law. The program would be offered in lieu of your current program, which, pursuant your stipulation with the Department, must terminate on July 1, 1999, unless authorizing legislation is enacted.

Under the program, a dealer that sells or leases a new motor vehicle with a properly installed security system promises that, in the event of a total loss to the vehicle from collision or its unrecovered theft, the dealer will provide a credit toward the purchase of a replacement vehicle. The replacement vehicle value shall be equal to or greater than the value of the original vehicle. The value of the credit will be 10% of the cost of the replacement vehicle, not to exceed $5,000. Additionally, if the vehicle is not totaled, and the vehicle is returned to the dealer for repairs, the dealer will provide a discount of 10% of the repair cost, up to a maximum of $500 or the deductible, whichever is less. By deductible, we assume the term refers to the deductible on the physical damage automobile policy maintained on the vehicle.

If the vehicle were a used vehicle, then the value of the credit will be 10% of the cost of the replacement vehicle, up to $5,000, not to exceed 50% of the NADA Retail Official Used Car Guide value of the vehicle as of the date of the purchase, finance or lease. The contract provides that "[n]o discount will be given that will eliminate dealer profit on replacement vehicle."

This Department has held that if a seller provides a discount on a replacement purchase dependent upon the destruction or loss of a prior purchase, that seller would not be doing an insurance business so long as the discount price of the new purchase (including any other discounts that the seller may provide) covers the cost of the purchase to the seller, plus any labor or material cost borne by the seller and reasonable overhead expenses. In other

1120

FILL NO.020 00/20   01 00:44   ID:000:1LL0 00:0 1
08/24/2005   08:18   17327488887   UNIVERSAL AUTOMOTIVE   PAGE 03

2

words, a seller may agree in the discount to reduce its profit margin on the new item, but may not agree to sell the item at a break even or lower point. Similarly, a dealer may agree to provide a discount on the cost of repairs, so long as the dealer does not eliminate its profit on the repair.

The discount in your proposal does not appear to violate the Insurance Law, based upon the assumption that the discount would not eliminate the dealer's profit margin on each vehicle. It must be stressed that the dealer may not accept a loss on one vehicle in the expectation that it would make a profit through the volume of sales.

It must also be noted that there is no kind of insurance that may be sold in New York that would indemnify the dealer for the amount of the discount.

Our opinion is limited to the circumstances described in this letter and to interpretation of the Insurance Law. No opinion is rendered regarding any other law or arrangement.

Yours truly,

Paul A. Zuckerman
Supervising Attorney

1121

FILE NO.320 08/26 07 08:45   ID:UCCIELO CORP.
08/15/2005  15:51    17327488887           UNIVERSAL AUTOMOTIVE              PAGE  04
   JAN-26-2000  16:32   FROM                    TO       919887511347   P.02



STATE OF NEW YORK
INSURANCE DEPARTMENT
25 BEAVER STREET
NEW YORK, NEW YORK 10004

January 26, 2000

Nick Souris
Universal Automotive Services
1400 Raritan Road
Scotch Plains, NJ 07076

Re: Anti-theft discount program

Dear Mr. Souris:

By facsimile transmission dated January 6, 2000, you requested an opinion from this office regarding a proposed revision to your anti-theft discount program, which was the subject of letters dated June 22, and November 15, 1999.

The earlier letters addressed a discount proposal under which an automobile dealer would provide the purchaser of a new automobile with a discount toward the purchase of a new vehicle from the same dealer in the event that the first vehicle is totaled due to collision or its unrecovered theft. Our letters indicated that your proposal did not appear to violate the Insurance Law.

Your revised proposal contains only one change. The amount of the proposed dealer discount was originally ten percent. The proposed change would provide for a discount of thirty percent. You assert that even with such a discount, the dealer would still be able to make a profit on the sale of each replacement vehicle.

Your revised proposal is attached and made a part of this letter. Because you did not include the first page of the proposal or the dealer agreement in the current request, I am attaching those pages that were included with our November 15 letter, based upon your representation that there were no changes to those pages.

Your revised proposal does not appear to violate the Insurance Law, based upon the assumption that the discount would not eliminate the dealer's profit margin on each vehicle. It must be stressed that the dealer may not accept a loss on even one vehicle in the expectation that it would make a profit through the volume of sales. Please note that all of the caveats expressed in my June 22 letter continue to apply, and you should refer to that letter.

Please note that the above opinion is limited to interpretation of the Insurance Law, and no opinion is rendered regarding any other law.

Yours truly,

Paul A. Zuckerman
Supervising Attorney

http://www.ins.state.ny.us

1122