# Exhibit 3



AnswerNet Inc.
Signius Investment Corp.
Cerida Investment Corp.
New Exchange Network, LLC
TelePartners Call Centre, Inc
Integrated Messaging Inc.
Contact America Acquisition, LLC

August 25, 2010

Lemberg Associates, L.L.C.
Attention: Steven Taylor, Esquire
1100 Summer Street
Stamford, CT 06905

Re: Seekamp v. Fuccillo Automotive Group
    Answernet Subpoena

Dear Mr. Taylor:

As we discussed, the calls to 1-800-411-8470 are serviced out of Signius' Jonesboro office. The account is billed/invoiced to Universal Automotive Services, 495 Union Avenue, Middlesex, NJ 08846, and the client phone number on record is 732-748-0007. I also informed you that it was a simple pager account, where a message is taken, and the forwarded electronically to a pager number. The pager number is 732-293-7366, and it is serviced by Metro-Call. Although the set up page indicates someone would be calling in for messages, that has never occurred, according to the manager; messages are paged out.

The account, according to records, was activated in May 1996, and as such it was probably an account that was acquired by Answernet. We have no written contract or original start-up documentation.

I am enclosing the following documents, which are all we have on this account:
- Account Statistics Report-from January 2010-August 25, 2010
- Traffic Summary Report-from January 2010-August 25, 2010
- Copies of the only actual messages that were retrievable
- Invoices for the past six months
- The Account Set up page, which shows the "answer phrase"

I also followed up with the site's manager concerning the additional questions you had. Please be advised that there have been no billing or invoicing changes to this account as far as our records indicate. Also, the answer phrase is "Hello, this is (operator name), can I take your message." I personally dialed the number and the call was answered by a recorded message which stated, "Thank you for calling Etch with D I S. The next available operator will be with your shortly." When a live operator answered, he introduced himself by name. I asked if I was calling Etch, and he stated, "Yes, but this is their service." I confirmed with the manager that the operators will only state that they are the answering service, and do not represent that they are employees or agents of Etch.

Please feel free to call if you have any additional questions. I trust though that the above is adequately responsive to the subpoena such that an appearance on August 31, 2010 will not be necessary.

Very truly yours,

Betty Babjak
Counsel, AnswerNet
267-942-6000
Betty.Babjak@answernet.com

Inbound, Outbound, and E-bound Call Center Solutions
2325 Maryland Road ♦ Suite 210 ♦ Willow Grove, PA 19090 ♦ Toll Free: 800-411-5777 ♦ Fax: 215-659-4350
Email: Answer@AnswerNet.com ♦ Blog. AnswerNet.com ♦ Online: www.AnswerNet.com

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

Eastern DISTRICT OF Pennsylvania

Heidi Seekamp et. al.

V.

Fuccillo Group et al., and Universal Auto Services

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 09-cv-00018(LEK)(DRH) (NDNY)

TO: AnswerNet Network - Signius Division
2325 Maryland Road, Suite 210
Willow Grove, PA 19090

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| United States Federal District Court - Eastern District of Pennsylvania 601 Market Street, Philadelphia, PA 19106 | 8/31/2010 11:00 am |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHED SCHEDULE OF DOCUMENTS TO BE PRODUCED

| PLACE | DATE AND TIME |
|---|---|
| United States Federal District Court - Eastern District of Pennsylvania 601 Market Street, Philadelphia, PA 19106 | 8/31/2010 11:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] Attorneys for Plaintiff | 8/18/2010 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
LEMBERG & ASSOCIATES LLC
1100 Summer Street
Stamford CT 06905
203-653-2250 x 101

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
               DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.

(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## SCHEDULE OF DOCUMENTS TO BE PRODUCED

This information subpoena has been served pursuant to Federal Rule of Civil Procedure 45 in connection with the action titled <u>Seekamp et al. v. Fuccillo Group et al., and Universal Automotive Services Inc.,</u>: 09-cv-00018 currently pending in the United States District Court for the Northern District of New York. You have been commanded to produce the following documents:

1. All documents pertaining to your contract or engagement to provide telephone answering services for DIS Etch on any and all telephone numbers forwarded to you by DIS Etch, including but not limited to 800-411-8470.

2. All scripts or other guidance for Answering calls for DIS Etch.

3. All account statements for DIS Etch

4. Record of all calls received by you on behalf of DIS Etch from the inception of the relationship until the present.