**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

HEIDI SEEKAMP, On Behalf of Herself and
All Others Similarly Situated,
                              Plaintiff,

        v.                                              No. 09-CV-18
                                                        (LEK/DRH)
FUCCILLO LINCOLN MERCURY HYUNDAI,
INC.; UNIVERSAL AUTOMOTIVE SERVICES,
INC.; and IT'S HUGE, INC., also known as
Fuccillo Automotive Group, Inc.,
                              Defendants.
_____

**APPEARANCES:**                               **OF COUNSEL:**

LEMBERG & ASSOCIATES, LLC              SERGEI LEMBERG, ESQ.
Attorney for Plaintiff
1100 Summer Street
Stamford, Connecticut 06905

MARTIN MUSHKIN, ESQ.
Attorney for Plaintiff
1100 Summer Street
Stamford, Connecticut 06905

GREENBERG TRAURIG                      WILLIAM A. HURST, ESQ.
Attorney for Defendants
6th Floor
54 State Street
Albany, New York 12207

ROEMER, WALLENS GOLD, &                MATTHEW J. KELLY, ESQ.
   MINEAUX LLP
Attorney for Defendants
13 Columbia Circle
Albany, New York 12203

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

**MEMORANDUM-DECISION AND ORDER**

Presently pending is the motion of plaintiff Heidi Seekamp ("Seekamp") for

reconsideration of a portion of the Memorandum-Decision and Order filed December 22, 2010 (Dkt. No. 53) ("MDO"), familiarity with which is assumed.  Dkt. No. 56.  Defendants Fuccillo Lincoln Mercury Hyundai, Inc., It's Huge, Inc., and related entities (collectively "Fuccillo") oppose the motion.  Dkt. No. 60.  For the reasons which follow, the motion is denied.

## I. Background

Seekamp's original complaint was filed on January 7, 2009, named only Fuccillo Automotive Group and Fuccillo Lincoln Mercury Hyundai as Fuccillo defendants,[1] and asserted in Count VII a claim under the Truth in Lending Act, 15 U.S.C. § 1601 et seq. Compl. (Dkt. No. 1.  The then two Fuccillo defendants moved to dismiss the complaint on various grounds pursuant to Fed. R. Civ. P. 12(b)(6), but their motion did not assert as a ground that the TILA claim was barred by the statute of limitations.  Dkt. No. 5.  The motion was denied on March 15, 2010 and Fuccillo filed its answer on March 29, 2010.  Dkt. Nos. 20, 23.[2]

On September 2, 2010, Seekamp moved for leave to file an amended complaint to add additional claims and defendants.  Dkt. No. 41.  The TILA claim was again asserted in the proposed amended complaint.  Dkt. No. 41-2 at ¶¶ 89-98.  Fuccillo opposed the motion on various grounds.  Dkt. No. 45.  Among those grounds was a contention that the TILA claim was barred by the statute of limitations.  Fuccillo Mem. of Law (Dkt. No. 45) at 2-7.  In

---

[1]Universal Automotive Services, Inc. was also named as a defendant in the complaint but has defaulted.  Dkt. No. 13.

[2]Fuccillo filed an amended answer on April 19, 2010.  Dkt. No. 29.

reply, Seekamp argued that her TILA claim was timely with equitable tolling but failed to

argue that Fuccillo was barred from raising the statute of limitations defense by its failure to

assert that defense in its earlier motion to dismiss.  Dkt. No. 48) at 2-3.  In the MDO,

Seekamp's motion for leave to amend was granted in part and denied in part.[3]  As relevant

to the presently pending motion, Seekamp was denied leave to include the proposed TILA

claim in her amended complaint on the ground that since it was subject to dismissal as

barred by the statute of limitations, it was futile to permit its inclusion in the amended

complaint.  MDO at 6-8.  This motion followed.


## II. Discussion

        "The standard for granting [a motion for reconsideration] is strict, and reconsideration

will generally be denied unless the moving party can point to controlling decisions or data

that the court overlooked-matters, in other words, that might reasonably be expected to alter

the conclusion reached by the court."  Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d

Cir. 1995); see also Friedman v. S.U.N.Y. at Binghamton, No. 3:06-CV-0399, 2006 WL

2882980, at *1 (N.D.N.Y. Oct.5, 2006).

        The high burden imposed on the moving party has been established in order
        to dissuade repetitive arguments on issues that have already been considered
        by the court and discourage litigants from making repetitive arguments on
        issues that have been thoroughly considered by the court [and] to ensure
        finality and prevent the practice of a losing party examining a decision and
        then plugging the gaps of the lost motion with additional matters.

Nowacki v. Closson, No. 99-CV-975, 2001 WL 175239, at *1 (N.D.N.Y. Jan.24, 2001)

---

        [3]Seekamp filed an amended complaint in accordance with the MDO on January 7,
2011.  Dkt. No. 57.

(Munson, J.) (internal citations and quotation marks omitted).

Reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.' " Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir.1998). Reargument is also not a vehicle to "advance new facts, issues or arguments not previously presented to the court." Polanco v. United States, Nos. 99Civ.5739(CSH) & 94CR.453(CSH), 2000 WL 1346726, at *1 (S.D.N.Y. Sept.19, 2000) (quoting Schrader, 70 F.2d at 256). "The Northern District of New York 'recognizes only three possible grounds upon which a motion for reconsideration may be granted: (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct clear error of law to prevent manifest injustice.' " Friedman, 2006 WL 2882980, at *1 (quoting Nowacki, 2001 WL 175239, at *1).

Under the third of these grounds, Seekamp contends that reconsideration should be granted because it constituted clear error for the Court to consider Fuccillo's contention that her TILA claim was barred by the statute of limitations when Fuccillo had failed to raise that argument in its motion to dismiss under Rule 12(b)(6). This argument fails for two reasons. First, as described above, Seekamp failed to raise this argument in response to Fuccillo's argument in opposition to her motion to amend. In its consideration of Seekamp's motion to amend, the Court noted that Fuccillo had failed to assert this ground in its motion to dismiss. MDO at 8 n.4. However, since Seekamp had not raised this argument, the Court did not consider it sua sponte. See National Union Fire Ins. Co. of Pittsburgh, Pa. v. Las Vegas Professional Football Limited Partnership, __ F.3d __, 2010 WL 5141229, at *2 (Dec. 20, 2010) (affirming denial of reconsideration because argument was raised for first time on

4

motion for reconsideration); <u>Bulgartabac Holding AD v. Republic of Iraq</u>, No. , 2010 WL 3633501, at *2 (S.D.N.Y. Sept. 20, 2010) (declining to reconsider holding that claim was barred by statute of limitations where argument was raised for first time on motion for reconsideration).  Accordingly, Seekamp waived her right to argue this procedural bar to Fuccillo's TILA statute of limitations argument by failing to assert it during the underlying motion proceedings.

Second, even if the two Fuccillo defendants named in the original complaint had waived their right to assert the TILA statute of limitations argument in opposition to Seekamp's motion to amend, that motion also sought to assert that claim against eighteen additional Fuccillo-related entities.  <u>See</u> MDO at 4 n.2.  These putative defendants had not been parties to this action at the time of Fuccillo's motion to dismiss and, therefore, had not had the opportunity to raise the statute of limitations argument or to waive it.  For this reason, consideration of the statute of limitations argument, at least as to these parties, was proper.

### III. Conclusion

For these reasons, Seekamp has failed to meet her burden of demonstrating any basis for reconsideration.  Accordingly, her motion for reconsideration (Dkt. No. 56) is **DENIED**.

**IT IS SO ORDERED.**

DATED:  February 14, 2011
            Albany, New York

_David R. Homer_
United States Magistrate Judge

5