UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
----------------------------------------X

HEIDI SEEKAMP, On Behalf of Herself and all Others Similarly Situated,

                *Plaintiff*,

- against -

IT'S HUGE, INC., FUCCILLO LINCOLN MERCURY HYUNDAI, INC., d/b/a FUCCILLO HYUNDAI, FUCCILLO CHRYSLER JEEP DODGE OF AMSTERDAM, INC., FUCCILLO FORD, INC., FUCCILLO DODGE CHRYSLER JEEP, INC., FUCCILLO IMPORTS, INC., FUCCILLO AUTO WORLD, INC. FUCCILLO BUICK PONTIAC GMC, INC., FUCCILLO CHEVROLET OF NELLISTON, INC., FUCCILLO HYUNDAI OF SYRACUSE, INC., FUCCILLO HYUNDAI OF GREECE, INC., FUCCILLO FORD OF SENECA FALLS, INC., FUCCILLO CHEVROLET OLDS PONTIAC BUICK, INC., FUCCILLO CHEVROLET, INC., FUCCILLO CHRYSLER OF NELLISTON, INC., FUCCILLO ENTERPRISES OF EAST GREENBUSH, INC., FUCCILLO ENTERPRISES, INC., FUCCILLO FORD OF EAST GREENBUSH, INC., FUCCILLO FORD OF NELLISTON, INC., FUCCILLO PONTIAC BUICK, INC., and UNIVERSAL AUTOMOTIVE SERVICES, INC.,

                *Defendants*.

----------------------------------------X

**Civil Action No. 1:09-CV-00018 (LEK/DRH)**

**DECLARATION OF WILLIAM A. HURST IN OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AND IN SUPPORT OF FLM'S CROSS-MOTION FOR SUMMARY JUDGMENT**

        **WILLIAM A. HURST**, hereby declares as follows pursuant to 28 U.S.C. § 1746:

        1.    I am an attorney duly licensed to practice law in the State of New York and a member in good standing of the bar of the Northern District of New York (Bar Roll No. 510271). I am of Counsel to the law firm of Greenberg Traurig, LLP, attorneys representing the above-named Fuccillo defendants (collectively, "FLM") in this putative class-action.

        2.    I submit this declaration in opposition to plaintiff Heidi R. Seekamp's motion for class certification, and in support of FLM's cross-motion for an Order, pursuant to Rule 56(a) of the *Federal Rules of Civil Procedure*, granting summary judgment on each and every one of

plaintiff's causes of action, and dismissing the First Amended Complaint in its entirety as against FLM.

**Procedural History**

3. Plaintiff commenced the instant action by the filing of a Complaint in this Court on January 7, 2009. [Dkt. 1] The Clerk of this Court entered a default against co-defendant Universal Automotive Services, Inc. ("Universal") for its failure to appear on April 20, 2009. [Dkt. 13]

4. By Memorandum-Decision and Order entered on March 15, 2010, Senior United States District Judge Lawrence E. Kahn denied the motion to dismiss filed by then defendants Fuccillo Automotive Group, Inc., and Fuccillo Lincoln Mercury, Inc., d/b/a Fuccillo Hyundai. [Dkt. 20]

5. By Order entered on December 22, 2010 [Dkt. 53], this Court (Hon. David R. Homer, U.S.M.J.), (i) granted plaintiff's motion to supplement the Complaint by adding additional parties; and, (ii) denied plaintiff's motion for leave to amend the Complaint as to proposed Count VII (Truth-in-Lending Act claim), and proposed Count VIII (RICO claim), finding that plaintiff's attempt to assert those claims was futile because they would not withstand a motion to dismiss the amended pleading. (*Id.*)

6. Plaintiff has since filed her First Amended Complaint ("FAC") [Dkt. 57]. The FAC asserts claims sounding in (i) alleged violation of GBL § 349 (Count I); (ii) Consumer Fraud (formerly denominated, "Conspiracy to Commit Consumer Fraud") (Count II); (iii) Breach of Fiduciary Duty (Count III); Breach of Contract (Count IV); Unjust Enrichment (Count V); and Illegal Contracts/Rescission (Count VI). Plaintiff has apparently abandoned her claim for

alleged violations of the federal Truth-in-Lending Act, as against all defendants. A true and correct copy of the FAC is annexed hereto as Exhibit 1.

7. FLM timely filed its Answer to the FAC, with affirmative defenses and cross-claim, on January 21, 2011. [Dkt. 59] A true and correct copy of the Fuccillo defendants' Answer is annexed hereto as Exhibit 2.

8. On February 14, 2011, this Court (Hon. David R. Homer, U.S.M.J.), entered an Order [Dkt. 62] denying plaintiff's motion for reconsideration of Judge Homer's prior Order [Dkt. 53] granting leave to supplement the Complaint.

## Discovery Proceedings

9. During discovery in this matter, plaintiff Seekamp has admitted, or it has otherwise been established:

    a. That she signed the purchase and sales agreement and retail installment sales contract referred to in the FAC on June 12, 2007;

    b. That she took delivery of her new, 2007 Hyundai Elantra on June 12, 2007;

    c. That her 2007 Hyundai Elantra was never stolen or declared a total loss by her insurer;

    d. That she paid the sum of $295.00 for the ATSD, which sum was disclosed on the purchase and sales agreement referred to as "Etch";

    e. That apart from the filing of this action, plaintiff has made no demand on FLM for the return of the $295.00 paid to enroll in the ATSD, nor demanded from FLM any other remedy or relief related to the ATSD, including the applicable discount.

    f. That she has no knowledge of any other person having made a demand on FLM for the return of the $295.00 paid to enroll in the ATSD, nor demanded from FLM any other remedy or relief related to the ATSD, including the applicable discount.

A true and correct copy of plaintiff's Response to Defendants' First Request for Admissions and other discovery responses are annexed hereto as Exhibit 3.

10. On Thursday, August 12, 2010, the undersigned, together with Matthew J. Kelly, Esq., and Fuccillo's service manager Ed Noxon, accompanied at all times by plaintiff and her counsel Sergei Lemberg, personally inspected plaintiff's 2007 Hyundai Elantra. During that inspection, we each observed identification numbers etched into every vehicle window except the front windscreen (which had been replaced), which identification numbers corresponded exactly to the numbers maintained in Fuccillo's records - DIS6319863.

11. Plaintiff Heidi R. Seekamp was deposed in the above-captioned matter in the undersigned's office on July 13, 2010. Her original deposition transcript was sent to her counsel for review and correction on July 22, 2010, and is now final. *See* FRCP 30(e)(1) A true and correct copy of the transcript of plaintiff's July 22, 2010, deposition is annexed hereto as Exhibit 4.

12. Plaintiff's deposition testimony establishes the following:

a. She had an opportunity to, and did, review all the pertinent ATSD enrollment documents before signing them, and was aware that she was being charged $295.00 for an after-market product called "Etch." (Seekamp Dep., pp. 110-12, 120-21)

b. On June 12, 2007, plaintiff executed at least two (2) documents indicating her knowing selection of the ATSD as an after-market product she chose to purchase. (Seekamp Dep., pp. 117-119, 124-126)

c. In addition to enrolling in the ATSD program, plaintiff purchased an extended service warranty, but chose to decline other aftermarket products offered on the same form. (Seekamp Dep., pp. 114-122)

d. Plaintiff was never informed that enrollment in the ATSD discount program (or any other program) was required as a condition of her ability to obtain financing, or as a condition to the purchase of a new vehicle. (Seekamp Dep., pp. 137-39, 174-79) (*cf.*, FAC, ¶ 28)

e. Plaintiff was told by the two FLM employees who assisted with her transaction that the ATSD was insurance. (Seekamp Dep., pp. 133-37, 143)

f. When she purchased the ATSD, plaintiff believed she was purchasing "Insurance for the car, insurance for the policy for — I was under the understanding that I was going to get a new car if my car was taken." (Seekamp Dep., pp. 130-34)

g. The ATSD terms and conditions, including its statement that it was "not insurance," were at all times available to plaintiff. (Seekamp Dep., pp. 120-22, 128-29, 141-143)

h. Plaintiff never asked for, and so was never declined, more time to review the documents she was signing. (Seekamp Dep., pp. 132-33)

i. Plaintiff was furnished with copies of all the documents presented to her on June 12, 2007. (Seekamp Dep. 146-47)

j. Plaintiff never raised any concerns regarding the ATSD with anyone at the dealership. (Seekamp Dep., pp. 163-70)

k. Plaintiff left the final decision whether to purchase the ATSD for the disclosed sum of $295.00 to her son, who rendered that decision without regard to the insurance/not insurance dichotomy. (Seekamp Dep., pp. 131, 186-87)

l. Plaintiff, recently discharged from personal bankruptcy when she made the application, misrepresented the length of her tenure at two (2) different employers when she completed FLM's standard application for financing. (Seekamp Dep. pp. 39-41, 57-58, 100-04)

13. For the nearly 600 transactions for which hard copy records have been produced, 98.8% of those transactions were completed by New York residents with New York resident dealerships. A true and correct copy of FLM's Discovery Responses (supporting documents omitted) are annexed hereto as Exhibit 5.

14. For the nearly 3,000 ATSD transactions that have been examined since the filing of the FAC, more than 98% of those transactions were completed by New York residents with New York resident dealerships. (*See generally*, Lewis Aff.)

15. On or about November 5, 2010, the undersigned received notice of a "Subpoena Duces Tecum to Nick Souris," and a subpoena, seeking to compel the production of documents and testimony on November 16, 2010. True and correct copies of the Notice and Subpoena are annexed hereto as Exhibit 6.

16. On November 15, 2010, the undersigned sought clarification from plaintiff's counsel, Sergei Lemberg, Esq., as to whether he was "expecting Mr. Souris in person tomorrow, or just the docs?" At 11:50 a.m. on November 15, 2010, Lemberg replied, "Hard to know. He has not communicated with us in any fashion . . . I'm going to dial him at home right now." The undersigned replied immediately, requesting that Lemberg "please let me know if anything changes and you intend to depose him tomorrow." True and correct copies of this November 15, 2010, correspondence is annexed hereto as Exhibit 7

17. At 10:13 a.m., the following day, Lemberg, whose office is in Stamford, Connecticut, finally replied, stating "[The Souris deposition] [w]ill go forward between 11 and 12 today. Mr. Souris was here will be coming back." A true and correct copy of Lemberg's November 16, 2010, reply is annexed hereto as Exhibit 8.

18. A true and correct copy of the transcript of the deposition of Nicholas Souris, held on November 16, 2010, is annexed hereto as Exhibit 9.

19. I have reviewed the dockets of each case identified by plaintiff's counsel as one in which his office purported to represent a class, and have identified no case in which a *contested* motion for class certification by Lemberg & Associates was granted. As to the cases specifically cited by plaintiff's counsel in support of the instant motion for class certification [Dkt. 61-7], the Docket Sheets of those actions are annexed as Exhibit 10, and establish that the motions for class certification there have been filed on consent for settlement purposes.

20. Annexed hereto as Exhibit 11 is a true and correct copy of the Docket Sheet, Complaint, Order and Transcript of a hearing before Hon. John A. Mendez, District Judge, denying an application for class certification by Lemberg & Associates in *Evon v. Law Offices of Sidney Mickell, et al.*, No. S-09-760 (E.D. CA. Jun. 2, 2010).

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 1st day of March, 2011, at Albany, New York.

                                                    /s/ William A. Hurst
                                                    WILLIAM A. HURST
                                                    (Bar Roll No.: 510271)

1434073v1