UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------x
HEIDI SEEKAMP, *On Behalf of Herself and*
 *All Others Similarly Situated,*

                Plaintiff,

     vs.
                                           Civil Action No.:
IT'S HUGE, INC.,                             09-cv-00018-LEK-DRH
FUCCILLO LINCOLN MERCURY,  INC. d/b/a
   FUCCILLO HYUNDAI,
FUCCILLO CHRYSLER JEEP DODGE OF
   AMSTERDAM, INC.,
FUCCILLO FORD, INC.,
FUCCILLO DODGE CHRYSLER JEEP, INC.,
FUCCILLO IMPORTS, INC.,
FUCCILLO AUTO WORLD, INC.,
FUCCILLO BUICK PONTIAC GMC, INC.,
FUCCILLO CHEVROLET OF NELLISTON, INC.,
FUCCILLO HYUNDAI OF SYRACUSE, INC.,
FUCCILLO HYUNDAI OF GREECE, INC.,
FUCCILLO FORD OF SENECA FALLS, INC.,
FUCCILLO CHEVROLET OLDS PONTIAC BUICK, INC.,
FUCCILLO CHEVROLET, INC.,
FUCCILLO CHRYSLER OF NELLISTON, INC.,
FUCCILLO ENTERPRISES OF EAST GREENBUSH, INC.,
FUCCILLO ENTERPRISES, INC.,
FUCCILLO FORD OF EAST GREENBUSH, INC.,
FUCCILLO FORD OF NELLISTON, INC.,
FUCCILLO PONTIAC BUICK, INC.,
and
UNIVERSAL AUTOMOTIVE SERVICES, INC.,

                Defendants[1].
--------------------------------------------------------------------------------x

## PLAINTIFF'S FIRST AMENDED
## RESPONSIVE STATEMENT
## PURSUANT TO LOCAL RULE 7.1(a)(3)

---

[1] The term "Fuccillo Defendants," as used herein, refers to each of the defendants, jointly and severally, except for defendant Universal Automotive Services, Inc.

**Preliminary Statement**

Plaintiff respectfully submits this First Amended Responsive Statement (the "Amended Statement") in further response to the Fuccillo Defendants' Rule 7.1(a)(3) Statements of Undisputed Material Facts (the "Defendants' Statement").

By this Amended Statement, Plaintiff amends her responses to statements numbered 11, 13, 25 and 26 set forth in the Defendants' Statement. The amendments are premised upon information learned in the course of depositions taken of the Defendant subsequent to submission of Plaintiff's Responsive Statement dated April 4, 2011.

1. Admitted/Undisputed.

2. DENIED/DISPUTED. On May 14, 1998, defendant Fuccillo Chevrolet Olds Pontiac Buick, Inc., f/k/a Fuccillo Chevy Olds Pontiac Buick, Geo, Inc. and twelve other Fuccillo Dealerships entered into a "Dealer Agreement" with a non-party entity, I.A.S., Inc./Theft Avert ("IAS"), with respect to the use of a certain "Program" marketed and administered by IAS in conjunction with the sale of automobiles. [Lewis Aff., Ex. A (D$^2$63-14)].

3. DENIED/DISPUTED. The Dealer Agreement [Lewis Aff., Ex. A (D63-14)]. does not mention Universal and does not use the term "ATSD."   All references in the Dealer Agreement to the "Company" refer to IAS. The portion of the Dealer Agreement quoted by the Fuccillo Defendants actually reads as follows:  "Company agrees to investigate process and pay all valid claims presented under the Program, and arrange for the reimbursement to the customer for valid claims under the Program." [Lewis Aff., Ex. A (D63-14)].

3.1[3]     Universal and/or Nick Souris acted as sales representative for IAS for a period of

---

[2] References to "D__" refer to the numbered document filed on the Clerk's Docket.

[3] Additional Facts asserted by Plaintiff follow Defendants' numbered Statements to which they relate and are numbered sequentially as such.

time. [Souris Tr. 89:4-9 (D63-7)].

4.   Admitted/Undisputed, only to the extent that Universal provided the Fuccillo Dealerships with "the enrollment forms (such as the form signed by plaintiff here), as well as the identifying numbers in random series."

    4.1   Universal also provided to the Fuccillo Dealerships "their money back" and then those random numbers" and "warning labels" which were to be affixed to cars to which the ATSD Certificates applied. [Souris Tr. 113:5-7; 115:16-20; 116:16-20 (D63-7)].

5.   Admitted/Undisputed, only to the extent that the statement accurately quotes a portion of the language contained in the ATSD enrollment form [Seekamp Aff., Ex. B (D61-5)]. The truth of the statement is DENIED/DISPUTED.  The Statement consists of legal conclusions which are not properly the subject of a Rule 7.1(a)(3) Statement.

6.   Admitted/Undisputed only to the extent that the statement accurately quotes a portion of the language contained in the ATSD enrollment form [Seekamp Aff., Ex. B (D61-5)].

7.   Admitted/Undisputed only to the extent that the statement accurately quotes a portion of the language contained in the ATSD enrollment form and accurately summarizes Mr. Souris' testimony.

    7.1.   The ATSD enrollment form [Seekamp Aff., Ex. B (D61-5)] does not state that the phone number appearing on the automobile would "not be for the consumer."

8.   Admitted/Undisputed.

    8.1.   The telephone number "800-411-8470" appears on the car's windows, below the DIS/ETCH number.  [Noxon Aff., Exs. 1 & 2 (D63-10, D63-11)].

9.   Admitted/Undisputed.

10.   DENIED/DISPUTED as hearsay.  There is no evidence of such procedure ever

having been followed and no evidence of any calls having been made to the "claims line."

11.     **[AMENDED RESPONSE] DENIED/DISPUTED.  On January 29, 2009, three days after the Summons and Complaint were served herein, John Testone, the Fuccillo Defendants' Director of Finance, confirmed that a customer of a Fuccillo Defendant placed a claim and that Fuccillo was reimbursed by Universal in October 2007. [Schneiderman Dec., Ex. 1 (Lewis Tr. 179:16-181:13); Schneiderman Dec., Ex. 2 (Testone Tr. 35:21-36:7, 37:21-39:16); Schneiderman Dec., Ex. 3].**

    11.1.   Telephone calls made to "800-411-8470," the telephone number etched onto passenger vehicles sold by the Fuccillo Defendants, were answered via an AnswerNet Answering Service.  [Lemberg Dec., Ex. 3 & 4 (D61-9; D61-10)].

    11.2   Messages left with AnswerNet were paged out to a pager number serviced by Metrocall [Lemberg Dec., Ex. 3 & 4 (D61-9; D61-10)].

    11.3   Between January 8, 2010 and August 5, 2010, at least fifteen (15) Fuccillo customers phoned 800-411-8470. [Lemberg Dec., Ex. 3 (D61-9)].

12.     DENIED/DISPUTED.  The letter-opinion [Lemberg Dec., Ex. 2 (D61-8)] dated June 22, 1999, reflects that an opinion was sought based upon a set of facts and assumptions which are not characteristics of the ATSD program at issue.

    12.1   The June 22, 1999 letter-opinion contains the following admonition: "It must also be noted that there is no kind of insurance that may be sold in New York that would indemnify the dealer for the amount of the discount." [Lemberg Dec., Ex. 2, p. 7 (D61-8)].

    12.2   Universal was bound to indemnify the Fuccillo Defendants in the event that Fuccillo was required to grant a discount under any ATSD. ." [Lemberg Dec., Ex. 2, p.4

(D61-8)].

12.3    During the relevant period, none of the Fuccillo Defendants was licensed to conduct an insurance business in the State of New York.  [Complaint ¶57 (D1].

13.    **[AMENDED RESPONSE] DENIED/DISPUTED.  Under the ATSD program, Universal actually indemnified the Fuccillo Defendants with respect to any claims under the Etch ATSD policies.  [Schneiderman Dec., Ex. 1 (Lewis Tr. 57:10-58:12); Schneiderman Dec., Ex. 2 (Testone Tr. 33:11-34:18, 65:19-73:8; 115:2-116:12); Schneiderman Dec., Ex. 4]**

14.    Admitted/Undisputed

15.    Admitted/Undisputed

16.    Admitted/Undisputed

17.    Admitted/Undisputed

18.    Admitted/Undisputed

18.1    The Etching provided for in the ATSD enrollment form was permanently engraved into the windows of Plaintiff's vehicle on June 11, 2007, one day prior to Plaintiff's decision to enroll in the ATSD program.  [Noxon Aff., Ex. 1 (D63-12); Lewis Aff. Ex. C (D63-16)].

19.    Admitted/Undisputed, except to the extent that the Statement sets forth legal conclusions rather than fact.

20.    a. Admitted/Undisputed

   a-1.  The after-market product called "Etch" had no value.  [Stivers Expert Report (D61-14)].

   b. Admitted/Undisputed

    c. Admitted/Undisputed

    d. DENIED/DISPUTED. Plaintiff asked whether she was free to decline the product and her question was ignored. Plaintiff was led to believe that she was required to either purchase the product or forego the car. [Seekamp Tr. 187:1-9 (D63-6)].

    d-1. The ETCH numbers were permanently engraved on the windows of Plaintiff's Vehicle on June 11, 2007, one day prior to Plaintiff's agreement to accept the ATSD product or to purchase the Vehicle. [Noxon Aff., Ex. 1 (D63-12); Lewis Aff. Ex. C (D63-16)].

    e. Admitted/Undisputed.

    f. Admitted/Undisputed.

    f-1. Ms. Seekamp also testified that Mr. Lasher stated to her that ETCH "is just an insurance so that if your car is stolen or it's taken, then you would get your money back." [Seekamp Tr. 133:21-23 (D63-6)].

    g. DENIED/DISPUTED. The referenced excerpts do not state what the Fuccillo Defendants assert and no support for the Statement is evident n the Record.

    h. DENIED/DISPUTED. Ms. Seekamp initially did not ask for more time [Seekamp Tr. 132:12-16 (D63-6)]. However, when she "got to the etching" she "started to slow down because [she] was buying something [she] had no idea what it was about at all." [Seekamp Tr. 133:9-20 (D63-6)].

    i. Admitted/Undisputed.

    j. DENIED/DISPUTED. Plaintiff repeatedly questioned the both the nature of the product and the basis for the charge. [*E.g.* Seekamp Tr. 111:15-17; 123:21-126:2; 130:23-134:6; 137:21-140:16 (D63-5; D63-6)].

      k. DENIED/DISPUTED.  Plaintiff consulted with her son. [Seekamp Tr. 131:7-11; 137:10-17; 186:20-23 (D63-6)].

      l. DENIED/DISPUTED.  The statement sets forth legal conclusions concerning Ms. Seekamp's state of mind rather than factual statements.

21.    Admitted/Undisputed, except that the statement "exactly as advertised" is DENIED/DISPUTED.  Such statement is one of opinion and not of fact.  From the facts, Plaintiff draws the conclusion that the etching was not "exactly as advertised."

    21.1    The ETCH numbers were permanently engraved on the windows of Plaintiff's Vehicle on June 11, 2007, one day prior to Plaintiff's agreement to accept the ATSD product or to purchase the Vehicle. [Noxon Aff., Ex. 1 (D63-12); Lewis Aff. Ex. C (D63-16)].

22.    DENIED/DISPUTED.  According to industry standard, the cost of applying Etch numbers to a vehicle ranges from $6.00 to $25.00. [Stivers Expert Report (D61-14)].

23.    Admitted/Undisputed

24.    Admitted/Undisputed

25.    **[AMENDED RESPONSE]  DENIED/DISPUTED.  Between January 8, 2010 and August 5, 2010, at least fifteen (15) Fuccillo customers phoned 800-411-8470. [Lemberg Dec., Ex. 3 (D61-9)]. In addition, at least one claim was presented to a Fuccillo Dealership. That claim was honored and the Fuccillo Dealership was indemnified. [Schneiderman Dec., Ex. 1 (Lewis Tr. 179:16-181:13); Schneiderman Dec., Ex. 2 (Testone Tr. 35:21-36:7, 37:21-39:16); Schneiderman Dec., Ex. 3].**

    25.1    Between on or about August 1, 1998 and on or about November 18, 1998, at least six (6) claims under AIS' Etch program were reported to AIS.

7

26. **[AMENDED RESPONSE]  DENIED/DISPUTED.  At least one claim was presented to a Fuccillo Dealership.  That claim was honored and the Fuccillo Dealership was indemnified. [Schneiderman Dec., Ex. 1 (Lewis Tr. 179:16-181:13); Schneiderman Dec., Ex. 2 (Testone Tr. 35:21-36:7, 37:21-39:16); Schneiderman Dec., Ex. 3].**

27. DENIED/DISPUTED.  The evidence offered by the Fuccillo Defendants does not reflect the current residence of the consumer-purchasers.  The residence of the parties is therefore unknown.

28. DENIED/DISPUTED.  The evidence offered by the Fuccillo Defendants does not reflect the current residence of the consumer-purchasers.  The residence of the parties is therefore unknown.

Dated:  Stamford, CT
        June 21, 2011

LEMBERG & ASSOCIATES, LLC
*Attorneys for Plaintiff*

By_____
    Susan Schneiderman
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424

## **CERTIFICATE OF SERVICE**

THIS IS TO CERTIFY that on April 4, 2011, a copy of the foregoing was mailed to each of the the following attorneys, and thereafter filed with the clerk of the Court via the CM/ECF case management system which sent notice of such filing to the following:

**William A. Hurst**
Greenberg, Traurig Law Firm - Albany
Office
54 State Street
6th Floor
Albany, NY 12207
518-689-1400
Email:hurstw@gtlaw.com


**Matthew J. Kelly**
Roemer, Wallens Law Firm
13 Columbia Circle
Albany, NY 12203
518-464-1300
Email: jkelly@rwmattys.com

Sergei Lemberg

29.

30.