

Sergei Lemberg, Esq. (Admitted in NY, MA, CT) – Managing Partner
Jody Burton, Esq. (Admitted in CT, PA, DC)
Susan Schneiderman, Esq. (Admitted in NY, CT)
Stephen Taylor, Esq. (Admitted in NY, CT)
Vlad Hirnyk, Esq. (Admitted in NY, CT)

**Of Counsel**
Kindra Deneau, Esq. (Admitted in AZ)
Sofia Balile, Esq. (Admitted in NY, NJ)
Forrest E. Mays, Esq. (Admitted in MD)
Tammy Hussin, Esq. (Admitted in CA)
Diana Larson, Esq. (Admitted in TX)
Stacie Watson, Esq. (Admitted in NC)
Tali Albukerk, Esq. (Admitted in IL)
Lark Fogel, Esq. (Admitted in CO)
James D. Kelly, Esq. (Admitted in NH)
Edwinna C. Vanderzanden, Esq. (Admitted in ME, NH)
Brian T. McElroy, Esq. (Admitted in OH)
Angie M. Walton, Esq. (Admitted in GA)

June 22, 2011

**VIA ECF**

Honorable Lawrence E. Kahn
United State District Court
Northern District of New York
James T. Foley U.S. Courthouse
445 Broadway, Room 441
Albany, New York 12207-2924

   Re: **Seekamp v. Fuccillo Automotive Group, 09-cv-00018-LEK-DRH**

Dear Judge Kahn:

  Plaintiff's amendments of the Responsive Rule 7.1(a)(3) Statement deal with a central issue in this case. Using the New York Insurance Department's opinions as a basis, this Court found that there "is not insubstantial support for Plaintiff's claims that the ATSD qualifies as an insurance policy under New York State law." [D20, p.9]   The Court recognized that if the selling dealer or administrator is indemnified for the amount of the discount, the policies would not be "included among the kinds of insurance authorized in New York under N.Y. Ins. Law § 1113 (McKinney 2000)'" [D20, p.11].

  Until April of this year, Defendants, through counsel, vehemently asserted that no claims under the ATSD were ever made.  For example, in their July 7, 2010 Responses to Plaintiff's Interrogatories 13, 14 and 20, the Defendants stated that that "no person made a demand for benefits or discounts under the ATSD." [D63-7].  Standing by that position, on March 1, 2011, the Defendants opposed Plaintiff's class certification motion by insisting, among other things, that the absence of claims demonstrates the effectiveness of the etch product, and – so went their theory – the absence of damages for the class.  Defendants simultaneously cross-moved for summary judgment, in contravention of Local Rule 7.1(b), asserting in their Local Rule 7.1(a)(3) Statement of Undisputed Material Facts [D63-2] that "Universal never received any claim on behalf of any customer of [Fuccillo], at any time" and that "[n]o consumer ever asserted a claim for any discount or benefits under the ATSD program to [Fuccillo] at any time." [D63-2, ¶¶ 11 & 26].

Honorable Lawrence E. Kahn
June 22, 2011
Page 2 of 4

The depositions of Bruce Lewis, Fuccillo's CFO, and John Testone, Fuccillo's Director of Finance, were taken on Thursday, April 7, 2011[1] and Thursday, April 14, 2011, respectively. During those depositions, it came out that not only was there an illegal indemnification agreement, but that Universal actually indemnified Defendants for providing a discount in at least one instance.[2] [D74-1 (Lewis Tr. 179:16-181:13); D74-2 (Testone Tr. 35:21-36:7, 37:21-39:16)]

Hence, Plaintiff's amendments relate only to Defendants' false statements of "undisputed facts" numbered 11, 13, 25 and 26. By "facts" 11, 25 and 26, the Defendants represent (we now know falsely) that no consumers ever sought to claim the discounts offered under the subject ATSD Certificates. By "fact" 13, the Defendants suggest that the ATSD program offered was tailored to comply with the content to specific correspondence from the NYS Dept. of Insurance, when in fact Defendants, and their counsel, now know this contention to be factually and legally insupportable.

Local Rule 83.4(j) of this Court requires enforcement of the "N.Y.S. Lawyer's Code of Professional Responsibilities, as adopted from time to time by the Appellate Division of the State of New York." The New York State Rules of Professional Conduct [Part 1200 of the Rules of the Appellate Divisions of the Supreme Court], sets forth the following proscriptions (among others) concerning a lawyer's conduct *vis-à-vis* the tribunal, opposing parties and opposing counsel:

1) NY ST RPC Rule 3.1 (Non-Meritorious Claims and Contentions):
   (a) A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous…
   (b) A lawyer's conduct is "frivolous" for purposes of this Rule if:
      (1) the lawyer knowingly advances a claim or defense that is unwarranted under existing law…;
      (2) the conduct has no reasonable purpose other than to delay or prolong the resolution of litigation, in violation of Rule 3.2, or serves merely to harass or maliciously injure another; or

---

[1] Depositions of these deponents were initially noticed for November 2010 but were adjourned at the Defendants' insistence.

[2] Mr. Lewis testified that he and Fuccillo's attorneys were told by Mr. Testone about this particular claim on Tuesday, April 5, 2011. The information was not disclosed to our firm until it arose in the context of questioning Mr. Lewis [D74-1 (Lewis Tr. 180:8-16, 181:22-182:4)]. It also came to light during those depositions and the examination of Shawn Rowlands, taken April 15, 2011, that none of these key players in the Fuccillo entities were ever asked to conduct a search for relevant documentation or to inquire concerning customer claims under the ATSD's. For example, Ms. Rowlands, the Fuccillo corporate controller, maintained an "Etch" or "Universal" file which had been removed to storage and which she was never asked to produce. Mr. Testone also maintained a file which he was not asked to produce. That file contained, among other things, a copy of an email dated January 29, 2009 [D74-3] and a copy of a memo to Mr. Fuccillo [D74-4] dated August 16, 2005. Had Ms. Rowland's and Mr. Testone's documents been timely produced, this case might well have been concluded months ago. Instead, their existence appears to have been actively concealed until disclosed under oath by deponents in April 2011.

Honorable Lawrence E. Kahn
June 22, 2011
Page 3 of 4

      (3) the lawyer knowingly asserts material factual statements that are false.

2) NY ST RPC Rule 3.2 (Delay of Litigation):
In representing a client, a lawyer shall not use means that have no substantial purpose other than to delay or prolong the proceeding or to cause needless expense.

3) NY ST RPC Rule 3.3(a) (Conduct Before a Tribunal):
A lawyer shall not knowingly:
(1) make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer;
    \* \* \* \* \* \*
or (3) offer or use evidence that the lawyer knows to be false. If a lawyer, the lawyer's client, or a witness called by the lawyer has offered material evidence and the lawyer comes to know of its falsity, the lawyer shall take reasonable remedial measures, including, if necessary, disclosure to the tribunal.

4) NY ST RPC Rule 3.4 (Fairness to Opposing Party and Counsel):
A lawyer shall not:
(a) (1) suppress any evidence that the lawyer or the client has a legal obligation to reveal or produce;
    \* \* \* \* \* \*
(3) conceal or knowingly fail to disclose that which the lawyer is required by law to reveal;
(4) knowingly use perjured testimony or false evidence;
(5) participate in the creation or preservation of evidence when the lawyer knows or it is obvious that the evidence is false; or
(6) knowingly engage in other illegal conduct or conduct contrary to these Rules.

5) NY ST RPC Rule 8.4 (Misconduct):
A lawyer or law firm shall not:
(a) violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another;
(b) engage in illegal conduct that adversely reflects on the lawyer's honesty, trustworthiness or fitness as a lawyer;
(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;
(d) engage in conduct that is prejudicial to the administration of justice;
    \* \* \* \* \* \*
(h) engage in any other conduct that adversely reflects on the lawyer's fitness as a lawyer.

    Sadly, the Defendants knowingly made false representations regarding key factual issues in this case and are now compounding the seriousness and impact of their conduct by resisting amendments designed to bring the evidentiary record before the Court in line with deposition testimony and evidence adduced after the pending motions were filed.

Honorable Lawrence E. Kahn
June 22, 2011
Page 4 of 4

      We are troubled by the fact that the Defendants' counsel continue to stand by the statements contained in their Rule 7.1(a)(3) Statement as if those statements were true even though they knew or should have known all along the statements to be false. The position espoused by defense counsel is remarkably telling and sorely inaccurate. Mr. Kelly asserts that allowing plaintiff "to supply information that did not exist at the time of [defendants'] cross-motion for summary judgment would, of course, be unfair to the defendant…" In fact, the subject information did exist, was known and was wrongly withheld from the Plaintiff. Clearly, the Defendants would prefer to seek summary judgment by subterfuge than to comply with the most basic tenets of professional responsibility.

      N.D.N.Y. Local Rule 7.1((a)(3) expressly provides that "[f]ailure of the moving party to submit an accurate and complete Statement of Material Facts shall result in a denial of the motion [emphasis in original]." The Defendants were not entitled, and did not seek to submit any papers following the filing of Plaintiff's response. Nevertheless, Plaintiff does not object to the grant of permission to Defendants, at the Court's discretion, to interpose a brief response with respect to the amendment of Plaintiff's responsive statements numbered 11, 13, 25 and 26.

                                                            Sincerely,

                                                            Sergei Lemberg

Cc:   Matthew J. Kelly, Esq.
        William A. Hurst, Esq.
        Martin Mushkin, Esq.
        Susan Schneiderman, Esq.