UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

HEIDI SEEKAMP, on behalf of herself
and all others similarly situated,

                  Plaintiff,

    -against-                               1:09-CV-00018 (LEK/DRH)

IT'S HUGE, INC., a/k/a FUCCILLO
AUTOMOTIVE GROUP, INC.;
FUCCILLO LINCOLN MERCURY
HYUNDAI, INC., d/b/a FUCCILLO
HYUNDAI; UNIVERSAL
AUTOMOTIVE SERVICES, INC.;
FUCCILLO CHRYSLER JEEP DODGE
OF AMSTERDAM, INC.; FUCCILLO
FORD, INC.; FUCCILLO DODGE
CHRYSLER JEEP, INC.; FUCCILLO
IMPORTS, INC.; FUCCILLO AUTO
WORLD, INC.; FUCCILLO BUICK
PONTIAC GMC, INC.; FUCCILLO
CHEVROLET OF NELLISTON, INC.;
FUCCILLO HYUNDAI OF SYRACUSE,
INC.; FUCCILLO HYUNDAI OF
GREECE, INC.; FUCCILLO FORD OF
SENECA FALLS, INC.; FUCCILLO
CHEVROLET OLDS PONTIAC BUICK,
INC.; FUCCILLO CHEVROLET, INC.;
FUCCILLO CHRYSLER OF
NELLISTON, INC.; FUCCILLO
ENTERPRISES OF EAST GREENBUSH,
INC.; FUCCILLO ENTERPRISES, INC.;
FUCCILLO FORD OF EAST
GREENBUSH, INC.; FUCCILLO FORD
OF NELLISTON, INC.; and FUCCILLO
PONTIAC BUICK, INC.,[1]

                  Defendants.

_____

_____

     [1] The term "Fuccillo Defendants," as used herein, refers to all Defendants excluding
Defendant Universal Automotive Services, Inc. ("Defendant Universal").

## MEMORANDUM-DECISION and ORDER

### I.    INTRODUCTION

Presently before the Court is a Motion for class certification pursuant to Rule 23 of the

Federal Rules of Civil Procedure, filed by Plaintiff Heidi Seekamp ("Plaintiff") on February 3,

2011.  Dkt. No. 61 ("Motion").  On March 1, 2011, Defendants filed an Opposition to the Motion,

and the Fuccillo Defendants also filed a Cross-Motion for summary judgment in their favor.  Dkt.

No. 63 ("Opposition" and "Cross-Motion").  For the reasons that follow, the Court grants Plaintiff's

Motion and denies Defendants' Cross-Motion without prejudice to re-file following notice to the

class members.

### II.   BACKGROUND

The Court presumes familiarity with the factual allegations that form the basis for this

action, as set forth in the Court's Memorandum-Decision and Order denying Defendants' Motion to

dismiss Plaintiff's Complaint and ordering Plaintiff to submit a motion for class certification on

March 15, 2010.  Seekamp v. Fuccillo Automotive Grp., Inc., No. 1:09-CV-00018, 2010 WL

980581 (N.D.N.Y. Mar. 15, 2010) (Kahn, J.).  Plaintiff's claims stem from the Fuccillo Defendants'

sale to consumers, until some time in 2007, of an "Anti-Theft Security Discount" ("ATSD") for

$295.00.  The ATSD policies were issued by Defendant Universal.

On December 22, 2010, United States Magistrate Judge David R. Homer issued a

Memorandum-Decision and Order granting Plaintiff leave to file an amended complaint to add

additional parties.  Dkt. No. 53.  Plaintiff then filed the present Amended Complaint on January 7,

2011, adding numerous Fuccillo Defendants.  Dkt. No. 56 ("Amended Complaint").  Plaintiff's

Amended Complaint raises allegations of deceptive business practice in violation of New York

General Business Law § 349, unlawful sale of illegal insurance contracts under New York Insurance Law § 1102, consumer fraud in violation of New York common law, breach of contract, and unjust enrichment. Id. ¶¶ 40-70, 77-88. The Amended Complaint also includes a claim for breach of fiduciary duty as to the Fuccillo Defendants. Id. ¶¶ 71-76.

## III. DISCUSSION

Plaintiff asks the Court to certify as a class, pursuant to Rule 23 of the Federal Rules of Civil Procedure, "[a]ll Consumers who purchased the ATSD from any of the Fuccillo dealerships from January 7, 2003 to the present," excluding "any defendants, their respective parents, employees, subsidiaries and affiliates, their alleged co-conspirators and all government entities."[2] Plaintiff's Memorandum of law in support of motion for class certification (Dkt. No. 61-1) ("Pl.'s Mem.") at 5. Rule 23 class actions are designed to promote efficiency and economy of litigation, and to preserve small claims through aggregation without sacrificing procedural fairness or unfairness. Amchem Prods. v. Windsor, 521 U.S. 591, 614 (1997); Am. Pipe & Constr. Co. v. Utah, 414 U.S. 538, 553 (1974); Eisen v. Carlisle & Jacquelin, 391 F.2d 555, 560 (2d Cir. 1968) ("[C]lass suit both eliminates the possibility of repetitious litigation and provides small claimants with a method of obtaining redress for claims which would otherwise be too small to warrant individual litigation.").

---

[2] At the time Plaintiff filed her Motion, she had also submitted a Motion to United States Magistrate Judge David R. Homer seeking reconsideration of Judge Homer's Memorandum-Decision and Order (Dkt. No. 53), which granted her leave to amend her initial Complaint but dismissed the initial Complaint's Truth in Lending Act ("TILA") claim as barred by the statute of limitations. Dkt. No. 56 ("Motion for reconsideration"). Plaintiff represented to the Court in her present Motion that, should Judge Homer reverse his findings and permit her to restore her TILA claim, she would seek to amend her Motion to include a "subclass of all purchasers of vehicles from Defendants on credit." Pl.'s Mem. at 6. On February 14, 2011, Judge Homer issued a second Memorandum-Decision and Order denying Plaintiff's Motion for reconsideration. Seekamp v. Fuccillo Lincoln Mercury Hyundai, Inc., No. 09-CV-18, 2011 WL 666058 (N.D.N.Y. Feb. 14, 2011). The Court therefore does not address the subclass proposed in Plaintiff's Motion.

Rule 23(a) lists four prerequisites for class certification: "(1) numerosity (a 'class [so large] that joinder of all members is impracticable'); (2) commonality ('questions of law or fact common to the class'); (3) typicality (named parties' claims or defenses 'are typical . . . of the class'); and (4) adequacy of representation (representatives 'will fairly and adequately protect the interests of the class')." Amchem, 521 U.S. at 613 (quoting FED. R. CIV. P. 23(a)).  And, assuming the prerequisites for class certification are met, a class action may be maintained only if at least one subsection of Rule 23(b) is satisfied.  See FED. R. CIV. P. 23(b); Amchem, 521 U.S. at 614; In re Simon II Litig., 407 F.3d 125, 132 (2d Cir. 2005).

Throughout this analysis, a court's determination as to whether the requirements for class certification are met involves mixed questions of fact and law and may require the court to resolve factual disputes that implicate merits issues.  In re Initial Public Offerings Securities Litig., 471 F.3d 24, 40-41 (2d Cir. 2006) ("In re IPO").  To the extent that such overlap occurs, a district court must reach those issues before certifying a class pursuant to Rule 23.  Id.  While the Court will undertake a rigorous analysis to determine if the prerequisites have been satisfied, a motion for class certification does not require the Court to consider the merits of the case.  Id.  Further, "courts are implored to construe liberally the Rule 23 requirements."  LaFlamme v. Carpenters Local No. 370 Pension Plan, 212 F.R.D. 448, 452 (N.D.N.Y. 2003) (citing Eisen, 391 F.2d at 563).

Finally, a plaintiff seeking certification bears the burden of demonstrating, by a preponderance of the evidence, that the Rule 23 prerequisites are met.  See Gen. Tel. Co. of Sw. v. Falcon, 457 U.S. 147, 161 (1982) (class action "may only be certified if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied"); In re IPO, 471 F.3d at 40-41; Teamsters Local 445 Freight Div. Pension Fund v. Bombardier Inc., 546 F.3d 196,

202 (2d Cir. 2008) ("preponderance of the evidence standard applies to evidence proffered to establish Rule 23's requirements").  "Though the plaintiff, as the party seeking class certification, bears the burden of proof in demonstrating that the requirements have been met, he is not required to make an extensive evidentiary showing" in order for the court to certify a class.  LaFlamme, 212 F.R.D. at 452 (citing Caridad, 191 F.3d at 291; Follette v. Vitanza, 658 F. Supp. 492, 505 (N.D.N.Y. 1987), vacated on other grounds, Follette v. Cooper, 671 F. Supp. 1362 (N.D.N.Y. 1987)).

### A. Rule 23(a) Prerequisites

#### 1. Numerosity

Rule 23(a)(1) requires that the prospective class be so large that joinder of all members is "impracticable," though not necessarily impossible.  FED. R. CIV. P. 23(a)(1); Robidoux v. Celani, 987 F.2d 931, 935 (2d Cir. 1993). In the Second Circuit, "numerosity is presumed at a level of 40 members."  Consol. Rail Corp. v. Hyde Park, 47 F.3d 473, 483 (2d Cir. 1995).  A plaintiff need not determine the precise number or identity of potential class members to meet the numerosity requirement, but must offer some evidence supporting a reasonable estimate of the number of potential class members.  Robidoux, 987 F.2d at 935.

Defendants do not dispute that the prerequisite of numerosity is satisfied in this case.  The record indicates that the Fuccillo Defendants sold thousands of ATSDs to customers between 2006 and 2007 alone.  See Bruce Lewis Aff. Ex. D. (Dkt. No. 63-17) at ¶¶ 2-3.  Therefore, the Court finds that Plaintiff has satisfied the numerosity prerequisite in this case.

#### 2. Commonality and Typicality

The commonality and typicality requirements tend to merge into one another, as both seek to ensure that the named plaintiffs' claims are closely interrelated to those of the class.  Marisol A. by

Forbes v. Giuliani, 126 F.3d 372, 376 (2d Cir. 1997).  Commonality exists if a plaintiff's claim

shares a common question of fact or law with those of the class.  Id.  The typicality requirement, on

the other hand, is satisfied when each class member's claim arises from the same course of events,

and each class member will make similar arguments to prove a defendant's liability.  Id.  The claims

of the named plaintiffs need not be identical with those of each class member.  Marriott v. County of

Montgomery, 227 F.R.D. 159, 172 (N.D.N.Y. 2005).  "In short, the test for typicality is not

demanding."  Pyke v. Cuomo, 209 F.R.D. 33, 42 (N.D.N.Y. 2002) (quotations and citations

omitted).

        Defendants argue that Plaintiff fails to satisfy the commonality and typicality requirements

because "there are myriad possible reasons for a plaintiff to purchase an anti-theft deterrent for [his

or her] new automobile."  Defendants' Memorandum of law in opposition to Plaintiff's motion for

class certification (Dkt. No. 63) ("Defs.' Mem.") at 10.  In further support of this contention,

Defendants point to Plaintiff's testimony that: (1) the employees with whom she spoke prior to

purchasing the ATSD told her that it was insurance; and (2) Plaintiff's decision to purchase the

ATSD was based not on the employees' representations to her, but on the advice of her son.  Id. at

13-14.  Defendants therefore claim that commonality and typicality are not present because, "as is

the case with [P]laintiff here, a purchaser could be completely indifferent to the alleged

misrepresentation, and could choose to purchase the ATSD for no other reason than a companion

recommended she do so."  Id.

        To the contrary, the Court finds that Plaintiff has met her burden to satisfy these

prerequisites here.  Plaintiff is not required to demonstrate that the putative class members had

identical motivations to purchase an ATSD from Defendants.  Indeed, Plaintiff acknowledges that

"[i]t is unlikely that the typical ATSD purchasing consumer" specifically relied upon Fuccillo

Defendants' statements as to whether the ATSD was insurance or a warranty.  Plaintiff's

Memorandum of law in further support of class certification and in opposition to cross-motion for

summary judgment (Dkt. No. 69) ("Pl.'s Reply Mem.") at 5.  Plaintiff and the proposed class

members undoubtedly had different conversations with the Fuccillo Defendants' employees, or even

with third parties, about the prudence of purchasing an ATSD prior to paying $295.00 for it.  But

such a fact is insufficient to preclude certification in this case; to hold otherwise "would turn the

commonality requirement on its head by making it impossible to certify a class if *any* individualized

issue existed."  Jermyn v. Best Buy Stores, L.P., 256 F.R.D. 418, 429-30 (S.D.N.Y. 2009) ("Jermyn

I") (emphasis in original); see also Jermyn v. Best Buy Stores, L.P., 276 F.R.D. 167, 172 (S.D.N.Y.

2011) ("Jermyn II") ("In the deceptive business practice context [in Rule 23 cases] . . . plaintiffs'

[New York General Business Law] claims do not necessarily depend on any specific motivation.");

Prostic v. Xerox Corp., Civ. No. B-90-113, 1991 WL 206770, at *3 (D. Conn. July 19, 1991)

(plaintiff's "derivative reliance" on his investment manager in deciding to purchase stock did not

render his claim atypical for purposes of certifying class in securities fraud action).

    As to the commonality requirement, Plaintiff alleges that "each and every purchaser of an

ATSD from Fuccillo Defendants believed that the product was both legal and beneficial."  Pl.'s

Reply Mem. at 5.  Plaintiff further claims that she and the other putative class members purchased

the same ATSDs from Defendants on the basis of this belief, and that Defendants' alleged

representations of the ATSDs' legality and beneficialness give rise to the subject matter of this

litigation.  As a result, Plaintiff's claims and those of the proposed class members share several

common questions of law and fact to satisfy the commonality requirement, including:

(1) Whether the ATSDs constitute "insurance" under New York insurance law;

(2) Whether Defendants' sale of the ATSDs to consumers constituted deceptive business practice in violation of New York General Business Law § 349;

(3) whether the sale of ASTDs gave rise to a fiduciary relationship between Defendants and the proposed class members;

(4) whether Defendants were unjustly enriched by the sales of the ATSDs; and

(5) whether the ATSDs are void *ab initio* as illegal contracts under New York contract law. Determination of these claims' "truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." Wal-Mart Stores, Inc. v. Dukes, __ U.S. __, __; 131 S. Ct. 2541, 2551 (2011); see also Wu v. Pearson Educ., Inc., Nos. 09 Civ. 6557, 10 Civ. 6537, 2011WL 4526078, at *6 (S.D.N.Y. Sept. 30, 2011) ("[C]laims arising from interpretations of a form contract appear to present the classic case for treatment as a class action, and breach of contract cases are routinely certified as such.") (quoting Steinberg v. Nationwide Mut. Ins. Co., 224 F.R.D. 67, 74 (E.D.N.Y. 2004) (finding commonality where all putative class members had entered into "substantively identical or similar form agreements" with defendant)).  The Court therefore concludes that Plaintiff has satisfied the commonality requirement in this case.

For similar reasons, Plaintiff's claims also meet the typicality prerequisite of Rule 23(a). Plaintiff's claims arise from the same conduct that gives rise to the proposed class claims: namely, the sale of an allegedly illegal insurance product from which the consumer received no benefit. Defendants also will presumably assert identical defenses to those claims: that the ATSDs were warranties and not insurance, that the sale of them was not deceptive, and that the class members were not harmed as a result of Defendants' conduct.  Plaintiff thus has satisfied both the

commonality and typicality requirements set forth in Rule 23(a).  See Robidoux, 987 F.2d at 936-37

("When it is alleged that the same unlawful conduct was directed at or affected both the named

plaintiff and the class sought to be represented, the typicality requirement is usually met irrespective

of minor variations in the fact patterns underlying the individual claims."); Steinberg, 224 F.R.D. at

74 (finding typicality requirement satisfied where all of the defendant's contracts with the putative

class members "are uniform regarding the provisions pertinent to this litigation").

### 3.  Adequacy of Representation

Rule 23(a)(4) requires that Plaintiffs demonstrate that the proposed action "will fairly and

adequately protect the interests of the class."  FED. R. CIV. P. 23(a)(4).  To determine whether class

representatives meet this standard, courts consider several factors, including: (1) the representatives'

understanding and involvement in the lawsuit; (2) their willingness to pursue the litigation; and (3)

any conflict of interest between the representatives and other members of the class.  See Marisol A.,

126 F.3d at 378; Parker v. Time Warner Entm't Co., L.P., 239 F.R.D. 318, 38 (E.D.N.Y. 2007).

The Court finds that Plaintiff adequately represents the interests of the class in this case.

Plaintiff has "no antagonistic or conflicting interests" with the proposed class members, "and the

record is devoid of an indication of extant conflicts of interest."  In re Playmobil Antitrust Litig., 35

F. Supp. 2d 231, 243 (E.D.N.Y. 1998).  Plaintiff's Affidavit exhibits sufficient knowledge

concerning her claims and those of the proposed class members to meet the knowledge requirement

under Rule 23(a).[3]  See Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp., 222 F.3d 52, 61-62 (2d

---

[3] Defendants claim that Plaintiff "should be precluded by the doctrines of estoppel and unclean hands from representing any class seeking equitable relief" because they claim that Plaintiff "exaggerat[ed]" the duration of her employment with two previous employers when she submitted her financing application to Fuccillo.  Defs.' Opp. Mem. at 12 n.20.  Plaintiff claims that, to the extent she listed the durations of her employment as longer than they in fact were, she "made a mistake" and did not intend to lie.  Seekamp Dep. Tr. (Dkt. No. 63-5) 101:1-104:12.

Cir. 2000); Jermyn I, 256 F.R.D. at 431-32; In re Playmobil Antitrust Litig., 35 F. Supp. 2d at 24; Trief v. Dun & Bradstreet Corp., 144 F.R.D. 193, 201-02 (S.D.N.Y. 1992); Dura-Bilt Corp. v. Chase Manhattan Corp., 89 F.R.D. 87, 102-03 (S.D.N.Y. 1981).

The Court must also ensure that Plaintiffs' counsel "fairly and adequately represent the interests of the class" and meet the requirements of Rule 23(g)(1), which state, *inter alia*, that a court must consider (1) "the work counsel has done in identifying or investigating potential claims in the action;" (2) "counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action;" (3) "counsel's knowledge of the applicable law;" and (4) "the resources counsel will commit to representing the class." FED. R. CIV. P. 23(g)(1).  After review of the submissions made to the Court and given Plaintiff's attorneys' years of experience, including complex litigation in state and federal courts, the Court finds the requirements of Rule 23(g) are met.  See Zimmerman v. Portfolio Recovery Assocs., 276 F.R.D. 174, 180 (S.D.N.Y. 2011) (appointing as class counsel Plaintiff's attorney, Sergei Lemberg, and noting that Mr. Lemberg, who has practiced law since 2002 and whose firm has prosecuted over 4,000 consumer

---

The Court has reviewed the relevant portions of the transcript and concludes that the alleged misconduct attributed to Plaintiff is insufficient to render her inadequate to represent the interests of the class in this case.  A court may deny class certification "based on the inadequacy of proposed named plaintiffs on grounds of serious credibility problems where misrepresentations were identified in testimony that was related to the proceeding." Kline v. Wolf, 702 F.2d 400, 402-03 (2d Cir. 1983).  However, the allegations of misconduct presented here are insufficient to establish that Plaintiff has a serious credibility problem.  Unlike in Kline, where two plaintiffs were deemed inadequate class representatives because one had testified that he relied on a particular report, only to later admit that he did not rely on it, and the other refused to answer proper discovery questions and provided suspect testimony, there is no evidence that Plaintiff responded untruthfully to questions in her deposition or has otherwise made misrepresentations to the Court in this case.  Moreover, "the fact that Defendants may attack . . . Plaintiff['s] credibility and/or employ an 'unclean hands' defense at the damages stage of the litigation does not mean that any such defenses should overcome the common issues of fact and law in this proceeding." In re Natural Gas Commodities Litig., 231 F.R.D. 171, 184 (S.D.N.Y. 2005).

rights actions in state and federal court, "is fully capable of conducting this litigation" under Rule 23(a)(4)); Lemberg Aff. Ex. 1 (Dkt. No. 61-7) (detailing extensive class action litigation experience of Mr. Lemberg and co-counsel Martin Mushkin, as well as that of Mr. Lemberg's law firm Lemberg & Associates, LLC).

### B.   Rule 23(b) Prerequisites

Plaintiffs seeks certification under either section (b)(2) or section (b)(3) of Rule 23.  Pl.'s Mem. at 12-13.  However, the proposed class need only qualify under a single category for certification to be proper.  FED. R. CIV. P. 23(b); In re Simon II Litig., 407 F.3d 125, 132 (2d Cir. 2005).  The appropriateness of each of the categories depends upon the relief sought.

> The (b)(2) class action . . . was intended to focus on cases where broad, class-wide injunctive or declaratory relief is necessary.  Finally, the (b)(3) class action was intended to dispose of all other cases in which a class action would be "convenient and desirable," including those involving large-scale, complex litigation for money damages.

Allison v. Citgo Petroleum Corp., 151 F.3d 402, 412 (5th Cir. 1998) (internal citations omitted).  Where a class is certified pursuant to Rule 23(b)(2), no notification is required for absent class members; however, such notice is required if certification occurs under subsection (b)(3).  FED. R. CIV. P. 23(c)(2).

### 1.   FRCP 23(b)(2) Injunctive Class

Rule 23(b)(2) allows class certification when "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." FED. R. CIV. P. 23(b)(2).  This type of class action is "intended for cases where broad, class-wide injunctive or declaratory relief is necessary to redress a group-wide injury."  Robinson

v. Metro-North Commuter R.R., 267 F.3d 147, 162 (2d Cir. 2001).

Plaintiff's Amended Complaint seeks both monetary relief and declaratory relief, the latter in the form of a ruling that the ATSD is a deceptive sales practice in violation of GBL § 349 and the common law of unjust enrichment.[4]  Am. Compl. ¶ 88(b).  Plaintiff argues that, "[a]lthough monetary damages are sought, the monetary relief is associated with return of the consideration paid by each class member upon rescission of [her] ATSD contracts."  Pl.'s Mem. at 13.  Defendants contest this characterization of Plaintiff's claims, arguing that "the predominant remedy requested here is money" and that Plaintiff's "claim for declaratory relief is 'an ill-disguised claim for damages,' that cannot be sustained under Rule 23(b)(2)."  Defs.' Opp. Mem. (quoting Presbyterian Church of Sudan v. Talisman Energy, Inc., 226 F.R.D. 256, 268 (S.D.N.Y. 2005)).

At the time the parties' submissions were filed, the prevailing rule in this Circuit was that a class may be certified pursuant to Rule 23(b)(2) "so long as the individualized monetary relief [did] not predominate over injunctive relief."  Jermyn II, 276 F.R.D. at 173 (citing Robinson, 267 F.3d at 164).  However, in the interim the Supreme Court in Wal-Mart v. Dukes has unanimously rejected that approach in favor of a narrower interpretation of the rule: namely, that a (b)(2) class may not be certified where the monetary component is "more than merely incidental to the injunctive relief."  Jermyn II, 276 F.R.D. at 173 (citing Dukes, 131 S. Ct. at 2557-60); see also Nationwide Life Ins. Co. v. Haddock, No. 10-4237-cv, 2012 WL 360633, at *2 (2d Cir. Feb. 6, 2012); United States v. City of N.Y., 276 F.R.D.

---

[4] There is no dispute between the parties in this case that injunctive relief would be moot because the ATSD policy was discontinued as to all dealerships in 2007.  Pl.'s Mem. at 12 n.2; Defs.' Opp. Mem. at 12.

22, 33 (E.D.N.Y. 2011).[5]  Monetary relief is considered "incidental" where it "flow[s] directly from liability to the class as a whole on the claims forming the basis of the injunctive or declaratory relief."  Dukes, 131 S. Ct. at 2560 (quoting Allison, 151 F.3d at 415).

At this time, the Second Circuit has provided only minimal guidance to district courts on how Dukes should impact Rule 23(b)(2) certification in cases where a plaintiff seeks both declaratory and monetary relief.  See Haddock, 2012 WL 360633, at *1-2 (vacating district court's order certifying class pursuant to (b)(2), where plaintiffs sought declaratory and injunctive relief as well as disgorgement of payments received by defendant insurance company from mutual funds in employee benefit plans).  However, the Court finds persuasive a recent Sixth Circuit case, Gooch v. Life Investors Ins. Co. of Am., Nos. 10-5003, 10-5723, 2012 WL 410926 (6th Cir. Feb. 10, 2012), in which the court upheld a Rule 23(b)(2) class certification where the plaintiffs sought monetary relief as well as a declaratory judgment that the terms of their insurance policy required the defendant insurer to pay full benefits.

In reaching that result, the Sixth Circuit reasoned that the Supreme Court's holding in Dukes does not foreclose Rule 23(b)(2) certification in such circumstances as "when the plaintiffs seek a declaration about the meaning of a contract."  Gooch, 2012 WL 210926, at *17 (citing Dukes, 131 S. Ct. at 2551).  That court went on to state:

_____

[5] Plaintiff cites at length in her Reply Jermyn I, in which a district court certified a class pursuant to Rule 23(b)(2) by utilizing the earlier approach rejected by the Supreme Court in Dukes. Pl.'s Reply Mem. at 7-9.  In Jermyn II, following the Supreme Court's decision, the court reexamined its Rule 23(b)(2) certification and concluded that it remained undisturbed by Dukes because it had certified separate classes pursuant to both (b)(2) and (b)(3).  276 F.R.D. at 173-74.

> 'What matters to class certification . . . [is] the capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation.'  Resolving a dispute over contract interpretation does that . . . . The point is not simply that declaratory relief predominates over monetary relief or that monetary relief is incidental to declaratory relief.  It is that, in this case, declaratory relief is a separable and distinct type of relief that will resolve an issue common to all class members.

Gooch, 2012 WL 210926, at *17 (citing Dukes, 131 S. Ct. at 2551 (quoting Richard A. Nagareda, Class Certification in the Age of Aggregate Proof, 84 N.Y.U. L. Rev. 97, 132 (2009)).  Such is the case here, where the Court must resolve a dispute as to the legality of a contract and, in turn, whether Defendants' sale of that contract constituted a deceptive sales practice in violation of GBL § 349.  Indeed, the claim that Defendants had no legal basis for selling the ATSD to consumers represents "[t]he gravamen of Plaintiff[']s complaint" in this case.  Westways World Travel, Inc. v. AMR Corp., 218 F.R.D. 223, 243-42 (C.D. Cal. 2003).  Thus, determining whether Plaintiff and the proposed class members are entitled to monetary relief requires, as a preliminary matter, a declaratory judgment as to "the invalidity and unenforceability" of the ATSD.  Id.; accord Gooch, 2012 WL 210926, at *18 ("[C]ertifying declaratory relief under Rule 23(b)(2) is permissible even when the declaratory relief serves as predicate for later monetary relief."); Jermyn II, 276 F.R.D. at 173-74.  For these reasons, the Court considers that certification of the proposed class pursuant to Rule 23(b)(2) may be appropriate in this case.

However, the Supreme Court in Dukes unanimously adopted the holding that Rule 23(b)(2) "does not authorize class certification when each class member would be entitled to an individualized award of monetary damages." 131 S. Ct. at 2257.  In reaching that conclusion, the Court noted approvingly, without adopting, the Fifth Circuit's reasoning in

Allison, 151 F.3d at 415, that "incidental damage should not require additional hearings . . . nor entail complex individualized determinations." Dukes, 131 S. Ct. at 2560.  Thus, the Court must consider not only whether the declaratory relief sought can be deemed "separable and distinct" from the monetary relief sought, Gooch, 2012 WL 210926, at *17, but also whether the monetary relief sought will entail complex individualized determinations with respect to the proposed class members.

Plaintiff's Reply characterizes the monetary relief she seeks as uniform to each proposed class member and "easily computed": "Everyone who bought the ATSD from a specified Fuccillo Dealership paid the same amount.  The number of ATSDs sold by each dealership is readily ascertainable.  Multiplying the price by the number of ATSDs sold yields the damages incidental to the alleged violation."  Pl.'s Reply Mem. at 9.  A review of the Amended Complaint, however, indicates that the monetary relief Plaintiff seeks is of a somewhat more complex nature.  In the Amended Complaint, Plaintiff purports to seek: (1) rescission of each contract for the purchase of the ATSD and "recovery of all consideration given in connection therewith"; (2) "recovery of all sums paid for the ETCH ATSD and recovery of all damages allowable by law, including punitive damages and reasonable attorneys['] fees"; (3) recovery of "all damages sustained as a consequence of Defendants' conduct"; (4) "a constructive trust consisting of all payments received by [Defendants] on account of sale of ETCH ATSDs"; (5) disgorgement of "all amounts by which [Defendants] have been unjustly enriched"; and (6) an award of "the greater of compensatory or statutory damages."  Am. Compl.  ¶¶ 63, 70, 76, 84, 88.  A fair reading of the Amended Complaint shows that deciding whether to grant the monetary relief that Plaintiff seeks will require

15

more searching inquiry and individualized determinations than merely ordering a refund of

$295.00 to each proposed class member.[6]  As such, the Court concludes that certification of

a Rule 23(b)(2) class seeking monetary relief is inappropriate here.

      In cases such as these, however, where a plaintiff seeks both declaratory and

monetary relief, "the court may certify a damages-seeking class under Rule 23(b)(3), and an

injunction-seeking class under Rule 23(b)(2)."  All Star Carts & Vehicles, Inc. v. BFI

Canada Income Fund, No. CV 08-1816, 2012 WL 360011, at *7 (E.D.N.Y. Jan. 27, 2012);

see also Gooch, 2012 WL 410926, at *17-18; Jermyn II, 276 F.R.D. at 173-74; Easterling v.

Conn. Dep't of Corr., Criminal No. 3:08-cv-826, 2011 WL 5864829, at *5-9 (D. Conn. Nov.

22, 2011).  Upon review of the pleadings and submissions, and in light of the recent

---

    [6] Further, with respect to Plaintiff's unjust enrichment claim, for which Plaintiff seeks
disgorgement as a remedy, it is unclear whether or how Dukes alters the Court's analysis of whether
disgorgement is an available remedy under Rule 23(b)(2).  Although disgorgement has been
considered an "equitable" remedy in nature, Feltner v. Columbia Pictures Television, Inc., 523 U.S.
340, 352 (1998), the Dukes Court rejected the contention that a class of Title VII plaintiffs seeking
backpay awards should be certified as a (b)(2) class because backpay was "equitable in nature."
Rather, the Court noted that Rule 23(b)(2) "does not speak of 'equitable' remedies generally but of
injunctions and declaratory judgments." 131 S. Ct. at 2560.  And in Haddock, the Second Circuit
issued a summary order – which is therefore not binding precedent on the Court – stating in brief
that a district court's certification of a (b)(2) class seeking disgorgement did not comport with
Dukes.  2012 WL 360633, at *2.  The Second Circuit reasoned that the necessary process of
"determin[ing] the separate monetary recoveries to which individual plaintiffs are entitled from the
funds disgorged . . . would require the type of non-incidental, individualized proceedings for
monetary awards that Wal-Mart rejected under Rule 23(b)(2)."  Id.; see also Jones v. Ford Motor
Credit Co., No. 00Civ.8330, 2005 WL 743213, at *22 (S.D.N.Y. Mar. 31, 2005) ("[C]ertification of
a broad class that includes claims for disgorgement is problematic in that it would entail a form of
monetary relief, which is not explicitly allowable under (b)(2)").  Finally, even prior to the ruling in
Dukes, other circuits expressed skepticism as to whether disgorgement could be obtained in a Rule
23(b)(2) class action.  See Heffner v. Blue Cross and Blue Shield of Ala., Inc., 443 F.3d 1330, 1340
(11th Cir. 2006) (citing Allison, 151 F.3d 402, 411).  For these reasons as well as the broad nature
of Plaintiff's remaining claims for monetary relief, the Court finds certification of two separate
classes appropriate here; the class certified pursuant to (b)(3) may seek disgorgement as well as
monetary relief.

Supreme Court holding in Wal-Mart v. Dukes, the Court finds it appropriate here to certify a

class for declaratory relief pursuant to Rule 23(b)(2).  See Gooch, 2012 WL 410926, at

*18; All Star Carts & Vehicles, 2012 WL 360011, at *7; Jermyn II, 276 F.R.D at 173-74;

Easterling, 2011 WL 5864829, at *5-9.

### 2. Rule 23(b)(3) Money Damages Class

For certification under Rule 23(b)(3), Plaintiffs must establish, by a preponderance

of the evidence, that: (1) common questions predominate over questions affecting individual

plaintiffs; and (2) class resolution is the best means of adjudicating the case.  Amchem, 521

U.S. at 615; Teamsters Local 445, 546 F.3d at 202.  The Court addresses each of these

elements in turn.

### a. Predominance

The predominance requirement is more demanding than the commonality

requirement in Rule 23(a): Plaintiffs must show that the case is subject to generalized proof

applicable to the class as a whole.  Wal-Mart Stores, Inc. v. Visa USA Inc. (In re Visa

Check/Mastermoney Antitrust Litig.), 280 F.3d 124, 136 (2d Cir. 2001), overruled on other

grounds by In re IPO Litig., 471 F.3d at 42.  In order to determine whether the generalized

proof predominates, a court must determine that the issues subject to generalized proof

outweigh those issues that are subject to individualized proof.  See Augustin v. Jablonsky,

461 F.3d 219, 227-28 (2d Cir. 2006) (quoting Heerwagen v. Clear Channel Commc'ns, 435

F.3d 219, 226 (2d Cir. 2006)).

The crux of Defendants' argument against (b)(3) certification is that individualized

questions of "reliance" and "causation" predominate.  See Defs.' Opp. Mem. at 14-18.  The

Court therefore reviews this argument with respect to each of Plaintiff's claims in the Amended Complaint.

### *i. Count I (Deceptive Business Practice)*

Section 349 of the New York General Business Law makes unlawful any "[d]eceptive acts or practices in the conduct of any business, trade, or commerce or in the furnishing of any service in this state." N.Y. GEN. BUS. LAW § 349.  To state a claim under Section 349, a plaintiff must allege that: (1) the defendant's challenged acts or practices were directed at consumers; (2) these acts or practices were "misleading in a material way"; and (3) the plaintiff sustained injury as a result.  Cohen v. JP Morgan Chase & Co., 498 F.3d 111, 126 (2d Cir. 2007).  "Deceptive acts are defined objectively, as acts likely to mislead a reasonable consumer acting reasonably under the circumstances." Dupler v. Costco Wholesale Corp., 249 F.R.D. 29, 43 (E.D.N.Y. 2008) (quoting Maurizio v. Goldsmith, 230 F.3d 518, 521 (2d Cir. 2000); Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A., 647 N.E.2d 741, 745 (N.Y. 1995)) (internal quotation marks omitted). Omissions are also actionable under Section 349.  Dupler, 249 F.R.D. at 43 (citation omitted).

Defendants concede that it is well-settled that "a private action brought under [Section] 349 does not require proof of actual reliance." Pelman ex rel. Pelman v. McDonald's Corp., 396 F.3d 508, 511 (2d Cir. 2005).  However, Defendants argue that individualized questions of law and fact predominate as to whether Plaintiff and each proposed class member were "deceived in a material way by the alleged mischaracterization [of the ATSD], and that such deception caused them to enroll in the ATSD." Defs.' Opp.

Mem. at 17 (citation and internal quotation marks omitted).  According to Defendants,

Plaintiff is required to show that "had the ATSD been properly characterized as insurance . .

. she – and every other class member – would not have paid the $295.00 enrollment fee (an

impossible showing here, where plaintiff enrolled allegedly knowing it was insurance)." Id.

at 17-18.

      This argument is without merit.  Again, as with their commonality arguments,

Defendants mischaracterize the nature of Plaintiff's claims regarding the ATSD.  Plaintiff is

not alleging that any of Defendants' representations, whether "set forth . . . in the ATSD

certificates or verbally, by car salesman, induced [Plaintiff and the proposed class] to

purchase the policies."  Pl.'s Reply Mem. at 11-12.  Rather, Plaintiff is claiming that the

ATSD was an illegal contract in and of itself, and "that by offering it to the public the

Fuccillo Defendants necessarily represented that they had the legal right to sell it." Id. at 12.

This alleged representation of legality "is the gravamen of every class member's claim, and

so may be proven on a class-wide level." Jermyn I, 256 F.R.D. at 435; see also Dupler, 249

F.R.D. at 44-45.  Thus, common issues predominate over individual issues with respect to

the Section 349 claim.

### ii. Consumer Fraud

      The essential elements of fraud under New York common law are: "(1) a

misrepresentation or a material omission of fact," which (2) "was false and known to be

false by defendant"; (3) "made for the purpose of inducing the other party to rely upon it";

(4) "justifiable reliance of the other party on the misrepresentation or material omission";

and (5) resulting injury. Colasacco v. Robert E. Lawrence Real Estate, 890 N.Y.S.2d 114,

116 (N.Y. App. Div. 2009) (citation and quotation omitted).  Defendants contend that the

proposed class cannot establish, through generalized proof, that reliance on Defendants'

alleged misrepresentation – as opposed to reliance on the advice of any third parties –

caused their losses.  Defs.' Opp. Mem. at 15-18.  This argument is without merit.

"[W]here misrepresentations are materially uniform, an individual plaintiff's

receipt of and reliance upon the misrepresentation may then be simpler matters to

determine."  Spencer v. Hartford Fin. Servs. Grp., 256 F.R.D. 284, 303 (D. Conn. 2009)

(quoting Moore v. PaineWebber, Inc., 306 F.3d 1247, 1255 (2d Cir. 2002)) (internal

quotation marks omitted).  The ATSD was a uniform contract entered into by Plaintiff and

the proposed class members.  Though it is true, as Defendants point out, that each proposed

class member may have opted to purchase the ATSD for different reasons, it is equally clear

that every plaintiff would have relied on the implicit representation of the ATSD's legality

and beneficialness in deciding whether to purchase it.  Spencer, 256 F.R.D. at 303; cf.

Auscape Int'l v. Nat'l Geographic Soc., No. 02 Civ. 6641, 2003 WL 3531750, at *14

(S.D.N.Y. July 25, 2003) (finding no predominance where case involved "varied contractual

agreements" that would "require a plaintiff-by-plaintiff determination of the contractual

rights conveyed").  See also Norflet v. John Hancock Life Ins. Co., 2007 WL 2668936, at

*9-10 (D. Conn. Sept. 6, 2007) (finding predominance where plaintiff did not allege oral

misrepresentation and where her suit was "base[d] . . . on a company-wide policy . . . and

not on any claim of wrongdoing by [the company's] agents themselves."); In re Ski Train

Fire in Kaprun, Austria on November 11, 2000, 220 F.R.D. 195, 205-06 (S.D.N.Y. 2003)

(finding class treatment of fraud claim appropriate where there was "no variation . . . in the

representations of safety" of a ski train and the tunnel through which it was traveling when it caught fire), rev'd on other grounds, Kern v. Siemens Corp., 393 F.3d 120 (2d Cir. 2004). "Predominance is a test readily met in certain cases alleging consumer or securities fraud," Amchem, 521 U.S. at 625, and the Court finds that it is so met here.

### iii. Breach of Fiduciary Duty

In New York, a claim for breach of fiduciary duty consists of the following elements: "(1) the existence of a fiduciary relationship, (2) misconduct by the defendant, and (3) damages directly caused by the defendant's misconduct."  Rut v. Young Adult Inst., 901 N.Y.S.2d 715, 717 (N.Y. App. Div. 2010) (citation omitted).  Again, common issues predominate over individual issues on this claim.  In order to adjudicate this claim, the Court will need to ascertain: (1) whether, as a matter of law, Defendants' sale of the ATSD gave rise to a fiduciary relationship between Defendants and the members of the proposed class; and if so (2) whether, as a matter of law and fact, Defendants' conduct was a breach of that relationship.  Without addressing the merits of these questions at this juncture, the Court considers that deciding them will not require any individualized findings of fact or law.[7] Accord Tanedo v. East Baton Rouge Parish Sch. Bd., No. LA CV10-01172, 2011 WL 7095434, at *10 (C.D. Cal. Dec. 12, 2011); In re Computer Sci. Corp. ERISA Litig., No. CV 08-02398, 2008 WL 7527872, at *4 (C.D. Cal. Dec. 29, 2008).  Plaintiff has satisfied the predominance requirement for her claim for breach of fiduciary duty.

---

[7] As to the third element of breach of fiduciary duty claims, to the extent Defendants argue that individual inquiry is necessary to establish whether purchasing the ATSD resulted in injury to the proposed class, a need for individualized proof of damages should not in and of itself defeat (b)(3) class certification.  See In re Visa Check/MasterMoney Antitrust Litig., 280 F.3d at 139-40. Because the Court finds that common issues predominate with respect to the other elements of Plaintiff's fiduciary duty claim, certification as to this claim is appropriate.

### *iv. Breach of Contract*

Common issues also predominate with respect to the breach of contract claim.

Under New York law, a breach of contract claim requires proof of: "(1) a valid contract; (2)

plaintiff's performance; (3) defendant's failure to perform; and (4) damages resulting from

the breach." Furia v. Furia, 498 N.Y.S.2d 12, 13 (N.Y. App. Div. 1986).  The Amended

Complaint alleges that Defendants "failed to provide the contracted-for product or benefits.

Instead, the Defendants provided under the subject agreements a worthless product which

(a) did nothing to enhance theft deterrence and (b) was not capable of performance by

Defendants."[8]  Am. Compl. ¶ 80.  The nature of Plaintiff's allegations of breach of contract

will require the Court to: (1) ascertain the validity of the same standard form contract that all

proposed class members signed, and (2) if the contract is valid, then the Court must

determine whether Defendants failed to, as guaranteed in the ATSD, provide the purchasers

with an "effective deterrent against Vehicle theft."  Pl.'s Ex. B to Seekamp Aff. (ATSD)

(Dkt. No. 61-5) at 2.  In arguing that Defendants breached their contracts, Plaintiffs cite "the

absence of theft claims [pursuant to the ATSD] when other, similar programs resulted in at

least some claims," as well as "the apparent absence of ATSD monitoring or administration"

by Defendants.  Pl.'s Reply Mem. at 19.

From Plaintiff's submissions, it appears that weighing the merits of factual as well

---

[8] At first glance it seems inconsistent that Plaintiff simultaneously raises a breach of contract claim, an element of which is the existence of a valid contract, even though the centerpiece of her Amended Complaint appears to be that the ATSD was invalid.  However, in New York, "where a plaintiff claims that a contract is invalid because it was procured by fraud, the plaintiff may concurrently assert a breach of contract claim and an unjust enrichment claim," which Plaintiff properly does here.  L & L Auto Distribs. & Suppliers, Inc. v. Auto Collection, Inc., 889 N.Y.S.2d 883 (N.Y. Sup. Ct. 2009) (citing Gordon v. Oster, 829 N.Y.S.2d 49, 50 (N.Y. App. Div. 2007)).

as legal allegations in this case will not require sufficiently individualized determinations to warrant a denial of class certification.  The nature of Plaintiff's allegations concern Defendants' broader corporate policies in administering the ATSD; they do not concern "individual issues."  See Jermyn I, 256 F.R.D. at 435-36; Dupler, 249 F.R.D. at 46; Steinberg, 224 F.R.D. at 76.  Also, as discussed above, the ATSD is a standard form contract, the interpretation of which will not require individualized inquiries as to each contract signed by each proposed class member.  See Spagnola v. Chubb Corp., 264 F.R.D. 76, 98 (S.D.N.Y. 2010) ("[A]ctions that involve form or uniform contracts have been recognized as being well-suited for treatment as a class action."); cf. Spencer, 256 F.R.D. at 303-04 (finding predominance lacking where settlements contracts lacked uniformity) (citing Klay v. Humana, Inc., 382 F.3d 1241, 1263 (11th Cir. 2004) ("The sheer number of contracts involved is one factor that makes us hesitant to conclude that common issues of fact predominate; this is not a situation in which all plaintiffs signed the same form contract.")).[9]  Class certification of Plaintiff's breach of contract claim is therefore warranted.

### v.  Unjust Enrichment

Turning to Plaintiff's final claim for unjust enrichment, the Court also finds that common issues predominate.  In New York, an unjust enrichment claim entails "proof that (1) defendant was enriched, (2) at plaintiff's expense, and (3) equity and good conscience

---

[9] Defendants do not specifically argue the issue of predominance with respect to this claim, instead seeking summary judgment dismissing the claim altogether.  Defs.' Opp. Mem. at 22-24.  Because the Court should not consider the merits of claims in deciding a motion for certification, and because the Court denies Defendants' Motion for summary judgment for the reasons given below, this argument is rejected.

militate against permitting defendant to retain what plaintiff is seeking to recover."
Briarpatch Ltd. v. Phoenix Pictures, Inc., 373 F.3d 296, 203 (2d Cir. 2004).  As with the
breach of contract claim, Defendants do not address the predominance issue here but argue
that the unjust enrichment claim should be dismissed outright "because no benefit or
obligation due to her from [the Fuccillo Defendants] has ever been withheld."[10]  For all of
the reasons already discussed above, the Court finds that "common questions of law and fact
predominate because it does not appear that any such [individual] issues would be unique to
each plaintiff."  Jermyn I, 256 F.R.D. at 436 (quoting Dupler, 249 F.R.D. at 47).  The
predominant issue for the unjust enrichment claim is whether Defendants were enriched at
the class' expense by selling them the ATSDs for $295.00 each, and then failing to perform
the guarantees enumerated in the ATSDs.

### b. Superiority of Class Adjudication

Finally, in order to certify a Rule 23(b)(3) class, the Court must ascertain the
superiority of a class action.  In doing so, the Court considers the following four factors: (1)
the interests of the class members in individually controlling the prosecution of separate
actions; (2) the extent and nature of any litigation concerning the controversy already begun
by members of the class; (3) the desirability or undesirability of concentrating the litigation
in a particular forum; and (4) the likely difficulties posed by the management of a class
action.  FED. R. CIV. P. 23(b)(3)(A)-(D).

---

[10] Specifically, Defendants argue that "plaintiff cannot state a claim for unjust enrichment
because no benefit or obligation due to her from [the Fuccillo Defendants] has ever been withheld."
Defs.' Opp. Mem. at 23.  The Court notes only that it already rejected this argument in its Order
denying Defendants' Motion to dismiss.  Seekamp, 2010 WL 980581, at *7.  While the Court does
grant Defendants leave to re-file a motion for summary judgment in the future, Defendants may not
rehash arguments as to whether Plaintiff has sufficiently stated claims for relief.

Based on all of these factors, the Court finds that a class resolution is the best means of adjudicating the case.  The individual claims of each class member are likely too small to warrant bringing individual lawsuits.  Moreover, a class action will save extensive litigation costs for all parties and enable the class members to prosecute their claims more efficiently.  Nor are there any likely difficulties posed by the management of this case as a class action.  Indeed, as Defendants themselves stated in their responses to Plaintiff's interrogatories, in this case "[t]here is no realistic possibility of separate litigation in the absence of class certification."  Pl.'s Ex. 5 to Lemberg Aff. (Dkt. No. 61-11) at 9.

Additionally, certifying a class in this case is consistent with the purpose of Rule 23: "When plaintiffs are 'allegedly aggrieved by a single policy of defendants' . . . the case presents 'precisely the type of situation for which the class action device is suited' since many nearly identical litigations can be adjudicated in unison."  Augustin, 461 F.3d at 28. Plaintiffs assert the presence of such policies – most notably Defendants' sale of an illegal insurance policy that purported to deter vehicle theft – and Defendants' alleged failure to administer the ATSD program or otherwise perform their contractual guarantees.  See Eldred v. Comforce, No. 3:08-CV-1171, 2010 WL 812968, at *20 (N.D.N.Y. Mar. 2, 2010) (Kahn, J.); Jermyn I, 256 F.R.D. at 436-37.  For this and all of the above reasons, certification of Plaintiff's claims for damages pursuant to Rule 23(b)(3) is therefore appropriate.

### C.  Scope of the Proposed Class

For all of the foregoing reasons, Plaintiff's Motion for class certification is granted and the Court certifies the following class under Federal Rules of Civil Procedure 23(b)(2)

and 23(b)(3):

> All Consumers who purchased the ATSD from any of the Fuccillo dealerships
>
> from January 7, 2003 to the present.  Excluded from the class are any defendants,
>
> their respective parents, employees, subsidiaries and affiliates, their alleged co-
>
> conspirators and all government entities.

The Court also certifies a sub-class of persons within these classes whose claims under New

York General Business Law are time-barred because their alleged injury occurred prior to

January 7, 2006.  See Jermyn I, 256 F.R.D. at 437; Gaidon v. Guardian Life Ins. Co. of Am.,

750 N.E.2d 1078, 1082-83 (N.Y. 2001) (citing N.Y. C.P.L.R. § 214(2)).

### D.  Cross-Motion for Summary Judgment

Lastly, the Court denies Defendants' Cross-Motion for summary judgment at this

time, as "[a] court's decision on the merits . . . should ordinarily not occur before or

simultaneous with a decision on class certification."  Cuzco v. Orion Builders, Inc., 262

F.R.D. 325, 327 (S.D.N.Y. 2009) (citing Philip Morris Inc. v. Nat'l Asbestos Workers

Medical Fund, 214 F.3d 132, 135 (2d Cir. 2000)); Bertrand v. Maram, 495 F.3d 452, 455

(7th Cir. 2007); Mendez v. The Radec Corp., 260 F.R.D. 38, 44-45 (W.D.N.Y. 2009)

(collecting cases)).  See also Horton v. Williams, No. 1:09-cv-00018, 2010 WL 338920, at

*2 n.2 (N.D.N.Y. Aug. 24, 2010) ("[A] cross-motion must . . . seek relief similar to that

requested by the originally moving party.").[11]  The Court, however, grants both parties leave

---

[11] The Court also notes that discovery appears to have been ongoing at the time Defendants
filed their Cross-Motion for summary judgment.  Plaintiff in turn filed additional materials,
claiming that she had "reserve[d] the right to amend and/or supplement" her previous submissions
in her Responsive Statement of Material Facts.  Dkt. No. 74 ¶ 2.  Because Plaintiff is not permitted
to amend or supplement her submissions without first obtaining leave of the Court, the Court
granted Defendants' Motion to strike the additional materials from the record.  Dkt. No. 78.  Should

to re-file motions seeking summary judgment after the class has received notice consistent

with Rule 23.

IV.        **CONCLUSION**

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Motion for class certification (Dkt. No. 61) is

**GRANTED**, consistent with this Memorandum-Decision and Order; and it is further

**ORDERED**, that Plaintiff is directed to submit a proposed notice to Defendants

for comment on the content and form of the notice within thirty days of the date of this

Memorandum-Decision and Order.  The parties shall confer and submit to the Court a

mutually agreed-upon notice within thirty days thereafter; and it is further

**ORDERED**, that Defendants' Cross-Motion for summary judgment (Dkt. No. 63)

is **DENIED without prejudice**; and it is further

**ORDERED**, that the Clerk of the Court serve copies of this Memorandum-

Decision and Order on all parties.

**IT IS SO ORDERED.**

DATED:        March 13, 2012
              Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge

--------------------

Defendants re-file a motion for summary judgment, however, Plaintiff will be able to submit the
previously stricken materials in opposition to such a motion.