# GT GreenbergTraurig

William A. Hurst
Tel: (518) 689-1407
Fax (518) 935-9513
hurstw@gtlaw.com

May 15, 2012

**VIA CM/ECF**

Hon. Lawrence E. Kahn
United States District Judge
Northern District of New York
James T. Foley United States Courthouse
445 Broadway
Albany, New York 12207-2924

      Re: *Seekamp v. It's Huge, Inc., et al.*, Case No. 09-cv-00018 (LEK/DRH)

Dear Judge Kahn:

      In an Order and Mandate issued on May 11, 2012 [Dkt. 89], the United States Court of Appeals for the Second Circuit denied the Fuccillo Defendants' motion, pursuant to *Fed. R. Civ. P.* 23(f), for leave to file an interlocutory appeal of this Court's March 13, 2012, Memorandum-Decision and Order in the above-captioned action certifying *Fed. R. Civ. P.* 23(b)(2) and 23(b)(3) classes (the "Certification Order"). The Second Circuit's ruling was explicitly made "without prejudice to defendants' raising their subject-matter jurisdiction arguments before the district court on remand. *See* Fed. R. Civ. P. 12(h)(3)."[1] My co-counsel Matthew J. Kelly, Esq. and I write consistent with the Second Circuit's mandate for the purpose of requesting leave to renew that portion of the Fuccillo Defendants' cross-motion for summary judgment [Dkt. 63-1] which sought dismissal of the instant Class Action Complaint pursuant to 28 U.S.C. § 1332(d)(4), and to request a stay of the class notice publication requirement until that motion is decided.[2]

---

[1] Citation in original text. Rule 12(h)(3) states, "[I]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

[2] 28 U.S.C. § 1332(d)(4) states: "A district court shall decline to exercise jurisdiction under paragraph (2)--(A)(i) over a class in which--(I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed; (II) at least 1 defendants is a defendant--(aa) from whom significant relief is sought by members of the plaintiff class; (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and (cc) who is a citizen of the State in which the action was originally filed; and (III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and (ii) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons; or (B) two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed."

Hon. Lawrence E. Kahn
May 15, 2012
Page 2

     In the Certification Order, the Court denied, without prejudice, the Fuccillo Defendants' cross-motion for summary judgment which was made on, *inter alia*, subject-matter jurisdiction grounds.[3] The Court granted the parties leave to "re-file motions seeking summary judgment after the class has received notice consistent with Rule 23." (Certification Order, pp. 26-27) Based on the Second Circuit's mandate, and the nature of this part of the Fuccillo Defendants' motion, which goes directly to this Court's jurisdiction over the putative class, we respectfully but emphatically submit that the jurisdictional claim should be heard before the publication of notice to the classes identified in the Certification Order, which publication could be rendered moot and engender significant confusion among those notified should the Court subsequently rule that it lacks subject-matter jurisdiction here.

     The Fuccillo Defendants are prepared to serve and file their dispositive jurisdictional motion on or before May 31, 2012.

     Thank you for the Court's continued courtesies and attention to these matters.

                       Respectfully submitted,
                       **GREENBERG TRAURIG, LLP**

                       */s William A. Hurst*

                       William A. Hurst
                       (Bar Roll No.: 510271)

WAH/srg

cc:    Matthew J. Kelly, Esq.
        Sergei Lemberg, Esq.

*ALB 1,552,939v1 5-15-12*

---

[3] The Fuccillo Defendants' Cross-Motion asserted, inter alia, "this Court lacks subject-matter jurisdiction over this purely local action under 28 U.S.C. § 1332(d)(4), and there are no other bases for the assertion of jurisdiction in this Court. More than 98% of the putative class plaintiffs, of which there are more than 100, are New York residents, as is every Fuccillo defendant from whom significant relief is sought, and no other claims have ever been asserted arising out of the matters addressed in this action." [Dkt. 63-1, p. 2] *See also* Affidavit of Bruce A. Lewis, sworn to on February 29, 2011, ¶¶ 8-31. [Dkt. 63-13]