Sergei Lemberg, Esq. (Admitted in NY, MA & CT)
Jody Burton, Esq. (CT, PA &DC)
Stephen Taylor, Esq. (NY & CT)
Vlad Hirnyk, Esq. (NY & CT)

Of Counsel
Kindra Deneau, Esq. (AZ)
Sofia Balile, Esq. (NY & NJ)
Forrest E. Mays, Esq. (MD)
Tammy Hussin, Esq. (CA & CO)
Stacie Watson, Esq. (NC)
Lark Fogel, Esq. (CO)
James D. Kelly, Esq. (NH)
Edwinna C. Vanderzanden, Esq. (ME & NH)
Brian T. McElroy, Esq. (OH)
Cara Hergenroether, Esq. (GA)
Jennifer Tsai, Esq. (NV)

LEMBERG
& ASSOCIATES L.L.C.
ATTORNEYS AT LAW

May 18, 2012

**VIA ECF AND FIRST CLASS MAIL**
Senior Judge Lawrence E. Kahn
United State District Court
Northern District of New York
James T. Foley U.S. Courthouse
445 Broadway, Room 441
Albany, New York 12207-2924

   Re: Seekamp v. Fuccillo Automotive Group
      09-cv-00018-LEK-DRH – Filed January 7, 2009

Dear Judge Kahn:

  Defendants wrote to Your Honor on May 15, 2012, advising that they now wish to dispute this Court's subject matter jurisdiction, almost three and a half years after this case started and following another round of defendants' losses before this Court. Plaintiff urges the Court deny that request.

  This Court is well-positioned, without the benefit of additional lengthy briefing to rule upon and deny the relief sought. This Court has discretion to retain jurisdiction. *See Raucci v. Town of Rotterdam*, 902 F.2d 1050, 1054 (2nd Cir. 1990). This is true whether or not there is federal jurisdiction under CAFA, since Plaintiff originally based subject matter jurisdiction on a Federal statute as well as CAFA.

### Relevant Procedural History

  When this case was filed in January of 2009, Plaintiff pled the following bases for federal jurisdiction: Federal Truth-in-Lending Act "TILA"(15 U.S.C. § 1601, et al. – Count VII), the Federal Magnuson-Moss Act (15 U.S.C. §2301, et al – Count IV) and CAFA (28 U.S.C. §1332(d)). The remaining causes of action were based on New York law.

  In their Motion to Dismiss filed on February 17, 2009, Defendants did not dispute this Court's subject matter jurisdiction; nor did they attack the

sufficiency of allegations of the TILA Count or raise any jurisdictional arguments under CAFA. During briefing on the motion, Plaintiff conceded to dismissal of Federal Magnuson-Moss Act Count (15 U.S.C. §2301, *et al*, – Count IV) On March 15, 2010, this Court's issued its Memorandum-Decision denying defendants' Motion to dismiss, leaving the TILA Count unaffected.

Following this Decision, the parties engaged in hard-fought and intensive discovery for 14 months. The parties conducted party depositions in New York and Connecticut and there was an exchange of a substantial number of documents. Plaintiff produced an expert, and an expert report; defendants did not. The discovery was attended by an unusually large number of disputes which were adjudicated by Magistrate Judge Homer.

During discovery, Plaintiff moved to amend/correct the Complaint [Dk. 41] to add additional defendants and a RICO Count. The Motion to Amend did not concern any allegations of the TILA Count. Defendants opposed the motion and for the first time moved for dismissal of the TILA Count on the basis that the claim was beyond the statute of limitations.[1] Defendants also, for the first time, raised jurisdictional arguments based on CAFA, but in a cursory, afterthought fashion. [Dk. 45]

Plaintiff believed then and believes now that the motion attacking the sufficiency of the TILA count was a forbidden, successive motion to dismiss covered with a new and different dressing. Rule 12 motions may only be made once, because Rule 12(g)(2) forbids successive bites at the apple when a defense or objection was available to the party but omitted from its earlier motion. In addition, Plaintiff believed then and believes now that she had adequately pled equitable tolling of TILA's statute of limitations that survived dismissal before this Court.[2]

Nonetheless, by Order dated February 22, 2010, Judge Homer granted defendants' motion in part and denied in part, the motion to amend, striking the TILA Count, though he noted that arguments for dismissal of the TILA Count had not been presented to the District Court (fn. 4). No leave to amend was granted. Judge Homer did not address defendants' CAFA arguments.

---

[1] Oddly, Defendants raised CAFA jurisdictional arguments before the Magistrate without bringing them to this Court's attention.

[2] Equitable tolling is available where a party is prevented from filing a timely claim by "affirmative acts of concealment by the defendant over and above any alleged non-disclosure that forms the basis of her claims." *Zamito v. Patrick Pontiac, Inc.*, No. 07-CV-6241, 2008 WL 3930502, at *4 (W.D.N.Y. Aug. 21, 2008). Fraudulent conduct by a defendant beyond the nondisclosure itself is required. Id.

Discovery closed on May 1, 2011. Since then, the parties have engaged in extensive briefing on the motion for class certification and defendants' premature summary judgment motion. By Memorandum Decision dated March 13, 2012, this Court granted the Class Certification motion, denied without prejudice to renew defendants' motion for summary judgment and ordered that notice be circulated to all of the class members. Defendants unsuccessfully sought leave to appeal this decision.

## **Argument**

This Court has complete discretion to adjudicate the matter since although the TILA claim on which jurisdiction was based was dismissed two years ago, the parties and the Court have continued litigating the case here. *See Raucci v. Town of Rotterdam*, 902 F.2d 1050, 1054 (2d Cir.1990). While the failure to dismiss a pendent claim after dismissing a federal claim may, in some circumstances, be an abuse of discretion, "the dismissal of pendent claims is not always required when federal claims in an action are dismissed." *Id.*; *see also Baylis v. Marriott Corp.*, 843 F.2d 658, 664-65 (2d Cir. 1988). Instead, "[t]he court must consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over the pendent claim." *Raucci*, 902 F.2d at 1055; *Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, 140 F.3d 442, 446-47 (2d Cir. 1998)

Judicial economy, convenience, fairness and comity demand the Court exercise discretion and retain jurisdiction over this case.

<u>Judicial Economy and Convenience</u>. The factors of judicial economy and convenience strongly guide toward seeing this case through in this Court. As the Court can readily observe, this battle has gone on for almost three and a half years, generating over 90 docket entries and consuming the resources of the judicial system, Plaintiff's counsel and even of the defendants themselves. This Court adjudicated a motion to dismiss and a motion for class certification and is intimately familiar with the legal and factual issues. Judge Homer adjudicated numberless discovery motions. Now, at the eve of trial, it would be plainly a waste to remand this case to state court to begin anew.

There is plenty of Second Circuit authority for exercising discretion on this basis alone. *Motorola Credit Corp. v. Uzan*, 388 F.3d 39 (2nd Cir. 2004) (affirming conclusion that "this is a particularly strong case" for retaining jurisdiction because "the Court has not only spent considerable time dealing with the legal issues and becoming fully conversant with the facts but also has conducted a trial on the merits."); *Enercomp, Inc. v. McCorhill Publ'g, Inc.*, 873 F.2d 536, 546 (2d Cir.1989); *Nowak v. Ironworkers Local 6 Pension Fund*, 81

F.3d 1182, 1191-92 (2d Cir. 1996) (no abuse of discretion in the district court's exercise of supplemental jurisdiction where the dismissal of the federal claim had occurred just nine days before the scheduled start of trial); *Raucci*, 902 F.2d at 1055 (when federal claims were dismissed discovery had ended, the court had decided several dispositive motions, and the case was ready for trial).

And the Second Circuit has upheld the exercise of jurisdiction where far fewer resources had been expanded. *Ametex Fabrics, Inc. v. Just In Materials, Inc.*, 140 F.3d 101, 105-06 (2d Cir. 1998) (holding that the district court did not abuse its discretion in maintaining jurisdiction after discovery and a settlement conference had taken place).

Fairness. Heidi Seekamp and the classes she represents have waited a long time for justice. Some class members purchased the fake etch certificates 4, 5, 6, or even 8 years ago. In fairness to them, substantive disposition of this case should not be delayed because Defendants dallied for years before bringing the jurisdiction issue forth. This case was heavily covered in the local press, and many class members may be monitoring it through the court system.
http://www.syracuse.com/news/index.ssf/2011/04/as_car_thefts_drop_dealer_prog.html

Had defendants not sat on their hands and sought leave to raise jurisdictional issues after Judge Homer's decision in February of 2011 or appealed his decision to this Court, perhaps things would be different. But they sat. They waited. They dithered. At the time of class certification, they relegated the entirety of their jurisdictional arguments to footnote 9 on p. 6 of their brief. [Dk. 63]

Obviousl, they hoped to defeat class certification and win summary judgment, disposing of the case. While they waited, they consumed precious judicial resources and delayed relief for thousands of people. Now, fairness dictates retention of jurisdiction in this Court.

Comity. Here, Plaintiff's state claims are governed by established principles of state law that this Court has adjudicated with great facility. Hence this factor, too, governs the retention of jurisdiction. *Coraggio v. Time Inc. Magazine Co.* 108 F.3d 329 (2nd Cir. 1997) (no abuse of discretion where plaintiff's state law claims are controlled by established precedent); *Raucci*, 902 F.2d at 1055 (state-law claims involved only settled principles, rather than legal questions that were novel).

Page 5
Letter to Hon. Lawrence E. Kahn

## Conclusion

In short, it would be a complete waste of time and judicial resources to remand this case. Plaintiff and New York consumers in the classes she represents should not penalized as a result of defendants' delay in bringing forth these issues.

The law permits this Court to retain jurisdiction here, and this Court should exercise its discretion to finalize this case.

Sincerely,

Sergei Lemberg

CC: Mathew J. Kelly, Esq.
William A. Hurst, Esq.
Martin Mushkin, Esq.