UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

HEIDI SEEKAMP, on behalf of herself
and all others similarly situated,

                        Plaintiff,

    -against-                                      1:09-CV-00018 (LEK/CFH)

IT'S HUGE, INC. also known as
FUCCILLO AUTOMOTIVE GROUP,
INC., *et al.*,

                        Defendants.

## **MEMORANDUM-DECISION and ORDER**

**I.    INTRODUCTION**

Presently before the Court is a Letter Motion from Defendants filed on May 15, 2012 renewing their request for dismissal on subject-matter jurisdiction grounds. Dkt. No. 90 ("Letter Motion"). Plaintiff filed a Response to the Letter Motion on May 18, 2012. Dkt. No. 91 ("Response"). On June 1, 2012, the Court directed Defendants to file a reply brief clarifying their arguments regarding the absence of subject-matter jurisdiction and the applicability of the Class Action Fairness Act ("CAFA").[1] Dkt. No. 92. As instructed, Defendants filed a Reply letter brief on June 18, 2012. Dkt. No. 93 ("Reply"). For the reasons set forth below, Defendant's Letter Motion to dismiss is denied. The Court will exercise supplemental jurisdiction under 28 U.S.C. § 1367.

**II.    BACKGROUND**

The Court presumes the parties' familiarity with the factual allegations giving rise to this

---

[1] 28 U.S.C. § 1332(d), *et seq*.

case and the litigation history of this matter. A review of the Docket reveals substantial motion practice, but the Court recites this background only to the extent necessary to resolve the instant jurisdictional inquiry. For a complete account of the claims underlying this action, reference is made to the Amended Complaint. Dkt. No. 57.

Plaintiff initially filed her Complaint on January 7, 2009. Dkt. No. 1 ("Complaint"). In addition to state statutory and common law causes of action, Plaintiff pleaded claims under the Federal Truth-in-Lending Act ("TILA"),[2] the Federal Magnuson-Moss Warranty Act ("MMWA"),[3] and CAFA. See generally id. Based on these federal claims, Plaintiff asserted that the Court properly had subject-matter jurisdiction over this action. See generally id.

On March 15, 2010, the Court denied a Motion to dismiss filed by Defendants. Dkt. No. 20. Over the course of 2010, motion practice and discovery continued, with the Honorable David R. Homer, United States Magistrate Judge, resolving several disputes.[4] See generally Dkt. On September 2, 2010 and December 3, 2010, Plaintiff sought leave to amend her Complaint, and on December 22, 2010, the Court granted in part and denied in part Plaintiff's requests by Memorandum-Decision and Order. Dkt. Nos. 41, 50, 53.

Plaintiff filed the present Amended Complaint on January 7, 2011, adding numerous Defendants. Dkt. No. 57 ("Amended Complaint"). In the Amended Complaint, however, Plaintiff did not state the previously-pleaded TILA and MMWA claims. Id. Instead, she only asserted that

---

[2] 15 U.S.C. § 1601, *et seq.*

[3] 15 U.S.C. § 2301, *et seq.*

[4] Due to Judge Homer's retirement, the case has since been reassigned to the Honorable Christian F. Hummel, United States Magistrate Judge. Dkt. No. 94.

the Court had federal-question jurisdiction under CAFA. Id.

On February 3, 2011, Plaintiff filed a Motion to certify the class, which the Court granted by Memorandum-Decision and Order on March 13, 2012. Dkt. Nos. 61, 86 (the "March 2012 Order"). Defendants sought leave from the Second Circuit to file an interlocutory appeal of the Court's March 2012 Order, which the Second Circuit denied. Dkt. No. 89 ("Mandate"). However, the Second Circuit entered its Mandate "without prejudice to defendants' raising their subject-matter jurisdiction arguments before the district court on remand." Id. The instant Letter Motion followed.

## III. DISCUSSION

### A. Jurisdiction Under CAFA

In their Letter Motion and their supplementary Reply, Defendants assert that pursuant to the dismissal of Plaintiff's TILA and MMWA claims, this case should be dismissed from federal district court because the newly-certified class does not meet the diversity requirements spelled out in the text of CAFA. Reply at 2-5. Specifically, Defendants point to the so-called "home-state exception" to federal jurisdiction over class actions, which dictates that a federal court must decline to exercise jurisdiction under CAFA if more than two-thirds of the members of the class are citizens of the state in which the action was originally filed and the primary defendants are citizens of the state in which the action was originally filed.[5] 28 U.S.C. § 1332(d)(4)(B); see also Romano v. SLS Residential, Inc., 812 F. Supp. 2d 282, 288 (S.D.N.Y. 2011).

---

[5] On the home-state exception and its place in the broader framework of CAFA, see generally Sarah S. Vance, *A Primer on the Class Action Fairness Act of 2005*, 80 TUL. L. REV. 1617, 1623-24 (2006). Aside from the home-state exception and other statutorily-enumerated carve-out, Judge Vance notes that CAFA "made it much easier to bring state law class actions in federal court by permitting minimal diversity and aggregation of claims." Id. at 1619 (footnote omitted).

Additionally, Defendants claim that CAFA's "local controversy exception" is applicable to the case at bar and precludes the Court from exercising jurisdiction over this matter. 28 U.S.C. § 1332(d)(4)(A)(I). Like the home-state exception, the local controversy exception provides a slight limitation on the otherwise broad grant of jurisdiction conveyed by CAFA in cases where:

> (1) more than two-thirds of the putative class members are citizens of the state in which the action was originally filed;
> (2) there is at least one defendant from whom "significant relief" is sought by the class members, whose alleged conduct forms a "significant basis" for the asserted claims, and who is a citizen of the state in which the action was originally filed;
> (3) the principal injuries suffered by the class were incurred in the state in which the action was originally filed; and
> (4) no other class action asserting the same or similar factual allegations has been filed against any of the defendants within the past three years.

Romano, 812 F. Supp. 2d at 288 (citing § 1332(d)(4)(A); Mattera v. Clear Channel Commc'ns, Inc., 239 F.R.D. 70, 77 (S.D.N.Y. 2006)).

In this case, it appears that these statutory exceptions are applicable and serve as a bar to the finding of subject-matter jurisdiction based on CAFA. Plaintiff is a New York resident, Defendants are New York-based businesses, and – according to an Affidavit from Bruce W. Lewis, Jr., chief financial officer of Fuccillo Automotive Group – the vast majority of putative class members are New York residents. See Reply at 3; Dkt. No. 63-13. Even if the Court does not have jurisdiction under CAFA, however, the jurisdictional inquiry is not necessarily terminated. That is, the Court must still examine whether it can and should properly exercise supplemental jurisdiction under 28 U.S.C. § 1367(a).

The Court notes that Defendants in their Reply emphasize the mandatory language of the home-state and local-controversy exceptions (i.e., district courts "*shall decline*" to exercise jurisdiction under CAFA in these circumstances). Reply at 2-3, 6 (quoting §§ 1332(d)(4)(A)-(B)).

4

Even if these subsections are necessarily-constraining of courts' discretion rather than merely hortatory, however, they should in no way preclude the exercise of supplementary jurisdiction under 28 U.S.C. § 1367(a). That is, the Court has not located any authority for the proposition that the home-state and local-controversy exceptions to CAFA bar a district court from exercising jurisdiction over a class action wherein there is *another basis* for jurisdiction.

To find that these exceptions preclude the exercise of jurisdiction under § 1367(a) would be to find that CAFA has implicitly heralded even more broad-sweeping changes to the landscape of federal jurisdiction in the class action context than previously recognized.[6] In other areas, the Second Circuit has declined to reach such a conclusion. Blockbuster, Inc. v. Galeno, 472 F.3d 53, 56 (2d Cir. 2006) (reasoning that because CAFA does not speak to the burden of proof on jurisdiction, Congress did not intend to alter the longstanding allocation of burden to the party asserting federal jurisdiction); DiTolla v. Doral Dental IPA of New York, 469 F.3d 271 (2d Cir. 2006) (same). This implicit stripping of district courts' discretion under § 1367 to exercise jurisdiction over some claims that they might not otherwise hear would also appear particularly odd given the stated congressional interest in expanding federal jurisdiction over class actions and the Senate Judiciary Committee Report's statement that federal courts "should err in favor of exercising jurisdiction." S. Rep. No. 109-14, at 35, 42 (2005).[7] Therefore, the Court concludes that the

---

[6] See, e.g., Scott Dodson, *The Complexity of Jurisdictional Clarity*, 97 VA. L. REV. 1, 44-45 (2011); Alan B. Morrison, *The Necessity of Tradeoffs in a Properly Functioning Civil Procedure System*, 90 OR. L. REV. 993, 1001-02 (2012); cf. also Lowery v. Ala. Power Co., 483 F.3d 1184, 1198 (11th Cir. 2007) (describing CAFA as an "opaque, baroque maze of interlocking cross-references"), abrogated in part by Pretka v. Kolter City Plaza II, 608 F.3d 744, 747 (11th Cir. 2010).

[7] See also Vance, *supra* note 5, at 1637.

5

applicability of CAFA exceptions to the matter at bar does not alter the ability of the Court to exercise supplemental jurisdiction under § 1367(a).

### B. Jurisdiction Under § 1367

So long as a district court's original jurisdiction was not founded solely on diversity of citizenship, "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). A district court may retain pendent jurisdiction over state law claims whenever the state law claim(s) and the federal claim(s) (through which original subject matter jurisdiction was obtained), "derive from a common nucleus of operative fact." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966).

"Pendent jurisdiction is 'a doctrine of discretion' for the district court." Raucci v. Town of Rotterdam, 902 F.2d 1050, 1054 (2d Cir. 1990) (quoting Gibbs, 383 U.S. at 726). "[T]he doctrine of pendent jurisdiction thus is a doctrine of flexibility, designed to allow courts to deal with cases involving pendent claims in the manner that most sensibly accommodates a range of concerns and values." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988). "Failure to dismiss a pendent claim after dismissing a federal claim 'may be an abuse of the district court's discretion' especially when the state claim involves novel questions of state law." Raucci, 902 F.2d at 1054 (quoting Robison v. Via, 821 F.2d 913, 925 (2d Cir. 1987)). However, the dismissal of pendent state claims following the dismissal of the federal claims in an action is not always required. Id. at 1055 (citing Cohill, 484 U.S. at 350. In making this discretionary determination, a court should "consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction." Cohill, 484 U.S. at 350.

6

While the Court notes that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims" id. at 350 n.7, the Court concludes that this "is not 'the usual case,' and that denial of pendent jurisdiction here would be a waste of judicial resources, given the extensive proceedings involving the pendent claims prior to the dismissal of the federal claim." Raucci, 902 F.2d at 1055. Here, the essential values of judicial economy, convenience, and fairness weigh heavily in favor of maintaining this action in federal court. See Cohill, 484 U.S. at 350; Itar-Tass Russian News Agency v. Russian Kurier, Inc., 140 F.3d 442, 446 (2d Cir. 1998); Purgess v. Sharrock, 33 F.3d 134, 138 (2d Cir. 1994) (citing 28 U.S.C. § 1367(c)).

Given that this case has been ongoing for nearly four years, the Court has grown quite familiar with the legal and factual issues present here. The Court and Judge Homer have adjudicated, *inter alia*, numerous discovery Motions, a Motion to dismiss, and a class certification Motion. Discovery itself lasted for 14 months and necessitated an extensive amount of adjudication by Magistrate Judge Homer.[8] Defendants' assertion that the case is not approaching trial readiness severely understates the judicial resources that have already been expended on this case. Rather than being a case in its infancy, this matter has nearly reached maturity. To uproot the case so that it would have to start *ab ovo* in state court would hardly be a worthwhile use of the parties' – and the courts' – precious resources. Not only would the time, effort, and resources already invested in the

---

[8] See, e.g., Raucci, 902 F.2d at 1055 (holding that the district court had not abused its discretion to exercise jurisdiction when discovery had ended and the court had decided several dispositive motions); Financial Gen. Bankshares, Inc. v. Metzger, 680 F.2d 768, 773 & n. 9 (D.C. Cir. 1982) (holding that extensive pretrial proceedings prior to dismissal of federal claims supports retention of pendent jurisdiction for reasons of judicial economy and convenience (citing, *inter alia*, Rosado v. Wyman, 397 U.S. 397 (1970); Gem Corrugated Box Corp. v. National Kraft Container Corp., 427 F.2d 499, 501 n. 1 (2d Cir. 1970))).

7

federal action become little more than detritus, the residue of a wasted four years; but also, the state courts, lacking familiarity with the case, would have to take on this matter afresh, inviting further squandering of limited judicial resources.

Every lawsuit requires the exertion of substantial effort by the parties and the Court; certainly, there may be cases that require lengthier and more involved discovery than the one at bar; and, judicial economy and convenience are but factors in the Court's broader decision-making calculus.[9] Nevertheless, the Court would be hard-pressed to conclude that this were the "usual case" of which the Cohill Court spoke. 484 U.S. at 350. Rather, this instant matter appears to be much more analogous to situations in which district courts properly concluded that the dismissal of federal claims was not cause to dismiss logic and remit fully-developed cases to start over from square one in the state system. See, e.g., Motorola Credit Corp. v. Uzan, 388 F.3d 39 (2d Cir. 2004); Ametex Fabrics, Inc. v. Just In Materials, Inc., 140 F.3d 101, 105 (2d Cir. 1998) (holding that the district court did not abuse its discretion in maintaining jurisdiction after discovery and a settlement conference had taken place); Enercomp, Inc. v. McCorhill Publishing, Inc., 873 F.2d 536, 545 (2d Cir. 1989) (affirming district court's exercise of pendent jurisdiction and reiterating that dismissal of claims under federal law "does not automatically mandate dismissal of pendent state claims"); Ackerman v. National Property Analysts, Inc., 887 F. Supp. 494, 510

---

[9] See Kidder, Peabody & Co. v. Maxus Energy Corp., 925 F.2d 556, 564 (2d Cir. 1991) ("[t]he judicial economy factor should not be the controlling factor, and it may be appropriate for a court to relinquish jurisdiction over pendent claims even where the court has invested considerable time in their resolution"). But cf. Motorola Credit Corp. v. Uzan, 388 F.3d 39, 56 n.14 (2d Cir. 2004) (noting that Kidder, Peabody & Co. was distinguishable and did not compel a broad ranging rejection of pendant jurisdiction because "[i]n that case, concurrent state court proceedings that implicated the same issues of state law decided by the district court were moving along and were almost at the discovery stage." (internal quotation omitted)).

(S.D.N.Y. 1992); Philan Ins. Ltd. v. Frank B. Hall & Co., 786 F. Supp. 345, 347-48 (S.D.N.Y.1992).

In support of their claim that it would be inappropriate for the Court to exercise supplemental jurisdiction here, Defendants cite Valencia ex rel. Franco v. Lee, 316 F.3d 299 (2d Cir. 2003). Letter Mot. at 6. In Valencia, the Second Circuit vacated a district court judgment because the lower court had abused its discretion in exercising supplemental jurisdiction. See generally 316 F.3d 299. However, Defendants once again appear to understate the progress of the instant matter and the resources already expended. The facts in Valencia differ substantially from the present case. In Valencia, no substantial motions had been filed and no judicial opinions had been issued before supplemental jurisdiction was exercised. Id. at 306-07. It was determined that judicial economy could only be furthered by dismissing the action from federal court. Id. The same could not be said about the case presently before this Court.

Moving beyond the issues of convenience and judicial economy, the Court also concludes that the fairness factor cited by the Cohill Court weighs in favor of retaining supplemental jurisdiction over the remaining state law claims. With the recent certification of the class members in the action, many individuals now stand to suffer from a dismissal that will result in a further delay of this action. As Plaintiff argues in her Response, some putative class members purchased the etch certificates – at issue in this case – as long as eight years ago. Resp. at 4. Given the length of discovery in this matter and the fact that a state court would need to rule on a certification motion of its own (not to mention additional motion practice that might arise), there is reason to believe that substantial delay in the disposition of this matter would result from a dismissal here.

The Court need not conclude that Defendants were dilatory in raising their jurisdictional

9

arguments – as Plaintiff contends – in order to conclude that the interests of justice would not be served by dissolving a newly-certified class, almost four years in the making, and inviting Plaintiff to assume the Sisyphean task of re-litigating this matter in its entirety a second time in state court. As the maxim says, "justice delayed is justice denied." And, in this case, the certainty of further delay if the Court declines to exercise jurisdiction dictates in favor of maintaining this matter in federal court.

As to the issue of comity, also identified by the Cohill Court as a key factor in determining if supplemental jurisdiction were properly exercised,[10] the Court is unconvinced that maintaining the matter before it would impinge on the province of the state courts or interfere with their ability to decide novel issues of state law. Despite Defendants' assertion that "this is an unique and complex issue which has not previously been litigated in New York courts," Reply at 6, the insurance issue on which this case turns has arisen in New York courts, and the Court does not find that the issues at hand involve unsettled or conflicting New York state precedent. See, e.g., Petro Inc. v. Serio, 9 Misc.3d 805 (N.Y. 2005) (interpreting the definition of an "insurance contract" under N.Y. Ins. § 1101, which is at issue in this case).[11] Given that the Court would not be venturing into uncharted legal waters by ruling on these issues of state law, the Court concludes that its exercise of jurisdiction here would not usurp state court authority. See, e.g., Coraggio v. Time Inc. Magazine Co., 108 F.3d 329, 329 (2d Cir. 1997) (holding that the district court did not abuse its discretion in retaining state court claims where "plaintiff's state law claims are controlled by established

---

[10] See 484 U.S. at 350.

[11] Cf. also Petro, Inc. v. Serio, 9 Misc.3d 805, 816 (N.Y. Sup. 2005) (discussing at length the "warranty contract exception" and collecting cases).

10

precedent"); Raucci, 902 F.2d at 1055 (holding that the district court did not abuse its discretion in retaining state court claims where "[t]his case merely applies recently settled New York municipal liability doctrine and does not involve novel legal questions").

While the Court is of course mindful of the critical role of federalism in our legal system and of the stern admonition that federal district courts are "courts of limited jurisdiction," Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005), for the foregoing reasons, the Court concludes that it is well within its discretionary authority to exercise jurisdiction over the remaining claims in this case.

### IV.  CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Defendants' Letter Motion (Dkt. No. 90) to renew its dispositive jurisdictional Motion is **DENIED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Memorandum-Decision and Order upon the parties to this action.

**IT IS SO ORDERED**.

DATED: December 11, 2012
       Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge