UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
:
HEIDI SEEKAMP, On Behalf of Herself and all           :
Others Similarly Situated,                            :
:
*Plaintiff*,                    :
:
- against -                                            :
:                    **Civil Action No. 1:09-CV-00018**
IT'S HUGE, INC., FUCCILLO LINCOLN                     :
MERCURY HYUNDAI, INC., d/b/a FUCCILLO                 :                            **(LEK/CFH)**
HYUNDAI, et al, and UNIVERSAL AUTOMOTIVE             :
SERVICES, INC.,                                       :
:
*Defendants*.                  :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X


**MEMORANDUM OF LAW IN SUPPORT OF FUCCILLO DEFENDANTS'
<u>MOTION FOR RECONSIDERATION</u>**


GREENBERG TRAURIG, LLP
54 State Street, 6th Floor
Albany, New York 12207
Tel: (518) 689-1400
Fax: (518) 689-1499
Email: hurstw@gtlaw.com


ROEMER, WALLENS LAW FIRM
13 Columbia Circle
Albany, New York 12203
Tel: (518) 464-1300
Fax: (518) 464-1010
Email: jkelly@rwmattys.com
Email: awtwinam@rwmattys.com

*Attorneys for Fuccillo Defendants*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................. ii

PRELIMINARY STATEMENT ............................................................................................. 1

ARGUMENT ........................................................................................................................... 1

I. THE MOTION FOR RECONSIDERATION SHOULD BE GRANTED,
AND, UPON RECONSIDERATION, THE AMENDED COMPLAINT
MUST BE DISMISSED .................................................................................... 1

  A. Supplemental Jurisdiction Cannot be Asserted Absent a Basis
of Original Jurisdiction ........................................................................ 2

    (1) The Amended Complaint Controls the Jurisdictional Analysis
and Asserts No Federal Claims .............................................. 4

  B. Supplemental Jurisdiction May Not be Asserted Solely in the Interests
of Justice .............................................................................................. 5

CONCLUSION ....................................................................................................................... 7

# TABLE OF AUTHORITIES

**Cases**

*Boelens v. Redman Homes, Inc.*,
   759 F.2d 504 (5th Cir. 1985) ................................................................... 5, 6

*Christianson v. Colt Indus. Operating Corp.*,
   486 U.S. 800, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988)........................... 7

*Cushing v. Moore*,
   970 F.2d 1103 (2d Cir. 1992)................................................................. 2, 3

*DiTolla v. Doral Dental IPA of New York*,
   469 F. 3d 271 (2d Cir. 2006).................................................................... 3

*Gottlieb v. Carnival Corp.*,
   436 F.3d 335 (2d Cir.2006)....................................................................... 2

*Herman Family Revocable Trust v. Teddy Bear*,
   254 F. 3d 802 (9th Cir. 2001) ............................................................... 6, 7

*In re BDC 56 LLC*,
   330 F. 3d 111 (2d Cir. 2003).................................................................... 1

*In re Joint Eastern and Southern Dist. Asbestos Litig.*,
   14 F. 3d 726 (2d Cir. 1993)...................................................................... 3

*Nowak v. Ironworkers Local 6 Pension Fund*,
   81 F. 3d 1182 (2d Cir. 1996).................................................................... 2

*Palmer v. Hospital Authority of Randolph County*,
   22 F. 3d 1559 (11th Cir. 1994)................................................................. 3

*Pintando v. Miami-Dade Housing Agency*,
   501 F. 3d 1241 (11th Cir. 2007) .............................................................. 4

*Rockwell Int'l Corp. v. United States*,
   127 S. Ct. 1397 (2007).............................................................................. 4

*Russian Media Group, LLC v. Echostar Comm's Corp.*,
   Case No. 03-1263 (WWE), 2009 U.S. Dist. LEXIS 8800 (D. Conn. Feb. 4, 2009)................... 5

*Saksenasingh v. Sec'y of Educ.*,
   126 F. 3d 347, 351 (D.C. Cir. 1997)......................................................... 4

*The Wellness Comm. Nat'l v. Wellness House*,
   70 F. 3d 46 (7th Cir. 1995) .................................................................. 4, 5

*Virgin Atl. Airways, Ltd. v. National Mediation Bd.*,
   956 F.2d 1245 (2d Cir. 1992).................................................................... 1

**Statutes**

28 U.S.C. §1331 ................................................................................................ 3

28 U.S.C. §1332 ................................................................................................ 3

28 U.S.C. § 1367 .................................................................................... 1, 2, 4, 7

**Rules**

*Fed. R. Civ. P.* 12 ....................................................................................... 5, 6, 7

**Other Authorities**

16 Moore, *et al.*, Moore's Federal Practice 107.14 (3d Ed.) ......................................... 3

## PRELIMINARY STATEMENT

Defendants It's Huge, Inc. and Fuccillo Lincoln Mercury, Inc., d/b/a Fuccillo Hyundai, *et al*. (collectively, the "Fuccillo Defendants"), respectfully submit the following memorandum of law in support of their motion for reconsideration of the Memorandum-Decision and Order ("MDO") entered in the above-captioned action on December 11, 2012.[1]  [Dkt. No. 95]  As set forth at greater length below, reconsideration is warranted because in the absence of any federal claims in the Amended Complaint, the Court lacked the authority to exercise supplemental jurisdiction over plaintiff's state-law claims pursuant to 28 U.S.C. § 1367(a) once it determined that original subject-matter jurisdiction could not be predicated on the diversity of citizenship provisions enacted as part of the Class Action Fairness Act ("CAFA").  The Fuccillo Defendants respectfully submit that, because original jurisdiction is plainly lacking, and because supplemental jurisdiction over plaintiff's state-law claims cannot be asserted without a basis of original jurisdiction, reconsideration should be granted and, on reconsideration, the action must be dismissed for lack of subject matter jurisdiction.

## ARGUMENT

**I.    THE MOTION FOR RECONSIDERATION SHOULD BE GRANTED, AND, UPON RECONSIDERATION, THE AMENDED COMPLAINT MUST BE DISMISSED**

A motion for reconsideration is appropriately presented where "the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court," In *re BDC 56 LLC*, 330 F.3d 111, 123 (2d Cir. 2003), and/or to "correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. National Mediation Bd*., 956 F.2d 1245, 1255 (2d Cir. 1992).  Both of the above grounds apply here.  First, supplemental jurisdiction is not an independent and

---

[1]    The instant motion is submitted on behalf of all defendants except Universal Automotive Services, Inc.

sufficient jurisdictional grant -- it is merely an adjunct to original jurisdiction, which cannot be established in this case.  Second, United States Supreme Court precedent compels finding that the Amended Complaint controls the jurisdictional analysis -- claims pled in the original complaint but not re-pled in the Amended Complaint have no bearing on the jurisdictional analysis.

### A.       Supplemental Jurisdiction Cannot be Asserted Absent a Basis of Original Jurisdiction

By the express terms of 28 U.S.C. § 1367(a), a district court cannot exercise supplemental jurisdiction unless there first exists a proper basis for original subject-matter jurisdiction.  *See* 28 U.S.C. § 1367(a) ("in any civil action in which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction . . .").  *See also Cushing v. Moore*, 970 F.2d 1103, 1106 (2d Cir. 1992) ("Supplemental jurisdiction could be exercised only if some other, related claim provides a proper basis for federal jurisdiction"); *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F. 3d 1182, 1187-1188 (2d Cir. 1996) ("Insofar as the district court previously determined that there was no original federal subject matter jurisdiction over the suit, it could not exercise supplemental jurisdiction over [plaintiff's] state law claims").  As the MDO observes, "[I]n the Amended Complaint . . . Plaintiff did not state the previously-pleaded TILA and MMWA claims.  Instead, she only asserted that the Court had federal-question jurisdiction under CAFA."  [MDO, at 2-3]   Accordingly, the Amended Complaint pleads only <u>diversity</u> jurisdiction pursuant to CAFA as the basis of original jurisdiction in this Court.  *Gottlieb v. Carnival Corp.,* 436 F.3d 335, 341 n. 7 (2d Cir.2006)

(observing that "CAFA has amended diversity jurisdiction requirements . . .") *Accord DiTolla v. Doral Dental IPA of New York*, 469 F. 3d 271, 273 (2d Cir. 2006).[2]

In the MDO, the Court held that this case fits within CAFA's exceptions to jurisdiction, including the mandatory exception codified at 28 U.S.C. § 1332(d)(4). [MDO, at 4] Based on that holding, and absent any basis for asserting either federal-question jurisdiction under 28 U.S.C. § 1331 (because the Amended Complaint pleads no federal claims), or traditional diversity jurisdiction under 28 U.S.C. § 1332(a), there is no basis for asserting original subject-matter jurisdiction over this action. Accordingly, the Court may not exercise supplemental jurisdiction over plaintiff's state-law claims. *See In re Joint Eastern and Southern Dist. Asbestos Litig.*, 14 F. 3d 726, 730 n. 2 (2d Cir. 1993) ("[T]he court may not exercise supplemental jurisdiction over claims unless the court has 'original jurisdiction' over at least one of the plaintiff's claims"); *Cushing*, *supra*, 970 F.2d at 1106.

The MDO observes that CAFA does not bar "a district court from exercising jurisdiction over a class action wherein there is *another basis* for jurisdiction" [MDO, at 5; emphasis in original]. That is a correct statement of the law, provided there is "another basis" of <u>original</u> subject-matter jurisdiction. In short, "[s]supplemental jurisdiction is, by its very nature, not original but additional; that is, it relies on the existence of some other original basis of jurisdiction." *Palmer v. Hospital Authority of Randolph County*, 22 F. 3d 1559, 1565-1566 (11th Cir. 1994). *See also* 16 Moore, *et al.*, <u>Moore's Federal Practice</u> 107.14 (3d Ed.) (stating, in an analogous context, "[t]he supplemental jurisdiction statute is not itself a source of original jurisdiction . . ."). To be clear, adherence to the principles expressed above is not a "stripping of district court's discretion" under 28 U.S.C. § 1367(c) [MDO, at 5], it is merely a determination

---

[2]   Congress codified CAFA's jurisdictional provisions as part of 28 U.S.C. § 1332, titled "Diversity of Citizenship:  Amount in Controversy; Costs."

that the threshold requirements of 28 U.S.C. § 1367(a) were never satisfied in the first instance because original jurisdiction has not been established.  *See Saksenasingh v. Sec'y of Educ.*, 126 F. 3d 347, 351 (D.C. Cir. 1997) ("If the District Court had original jurisdiction, but dismissed for non-jurisdictional reasons, then it could maintain supplemental jurisdiction at its discretion.  If it dismissed the underlying claim on jurisdictional grounds, then it could not exercise supplemental jurisdiction.").

### (1)   The Amended Complaint Controls the Jurisdictional Analysis and Asserts No Federal Claims

In deciding that it had the authority to exercise supplemental jurisdiction over plaintiff's state-law claims, the Court may have credited the federal Truth-in-Lending Act and Magnusson-Moss Warranty Act claims in plaintiff's original Complaint as a continuing basis of federal question jurisdiction.   [MDO, at 2]   However, in *Rockwell Int'l Corp. v. United States*, the United States Supreme Court concluded that the withdrawal of allegations in an amended complaint which had formed the basis of federal jurisdiction defeats jurisdiction:

> The rule that subject-matter jurisdiction "depends on the state of things at the time of the action brought," does not suggest a different interpretation. The state of things and the originally alleged state of things are not synonymous; demonstration that the original allegations were false will defeat jurisdiction.  So also will the withdrawal of those allegations, unless they are replaced by others that establish jurisdiction.   Thus*, when a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction*.

127 S. Ct. 1397, 1409 (2007) (internal citations omitted; emphasis supplied).  Federal courts indeed have routinely applied this principle.  *See Pintando v. Miami-Dade Housing Agency*, 501 F. 3d 1241, 1243-44 (11th Cir. 2007) (though original complaint alleged federal subject-matter jurisdiction, amended complaint did not, requiring dismissal for lack of subject-matter jurisdiction; *The Wellness Community-Nat'l v. Wellness House*, 70 F. 3d 46, 49 (7th Cir. 1995)

4

(held, where plaintiffs voluntarily amended their Complaint and "dropped all federal claims, and alleged only diversity jurisdiction," it is "well established that the amended pleading supersedes the original pleading") (citations omitted); *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 506-08 (5th Cir. 1985). *Accord Russian Media Group, LLC v. Echostar Comm's Corp.*, Case No. 03-1263 (WWE), 2009 U.S. Dist. LEXIS 8800 at *9-10 (D. Conn. Feb. 4, 2009) ("Because the original complaint was withdrawn in favor of the Amended Complaint, the Amended Complaint controls the determination of federal jurisdiction.").[3] "Thus, [the Court's] jurisdictional inquiry must proceed on the basis of the First Amended Complaint, not the original one." *Wellness*, *supra* at 49.

The Amended Complaint pleads CAFA diversity as the sole basis of original jurisdiction in this Court.[4] *Wellness*, *supra*, 70 F. 3d at 50 ("once the First Amended Complaint superseded the original complaint, there was no federal claim to which these state claims could be 'supplemental'"). Once the Court held that CAFA's exceptions applied, and that diversity jurisdiction therefore could not be established, the inquiry should have ended and the case should have been dismissed for lack of subject-matter jurisdiction. *See Fed. R. Civ. P.* 12 (h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action").[5]

## B.    Supplemental Jurisdiction May Not be Asserted Solely in the Interests of Justice

By its own description, the Ninth Circuit case *Herman Family Revocable Trust v. Teddy Bear* "illustrates the pitfall of proceeding through trial where the district court lacks subject

---

[3]    A true and correct copy of the *Russian Media Group* opinion is annexed hereto.
[4]    Consequently, this Court's original subject-matter jurisdiction here <u>was</u> "founded solely on diversity of citizenship."  [MDO, at 6]
[5]    As the Seventh Circuit observed in *Wellness*, *supra*, "[N]o one would quarrel with the proposition that the First Amended Complaint could not have given rise to supplemental jurisdiction if it had been the first and only complaint filed in this case.  The result does not differ because it was an amended complaint." *Wellness*, *supra*, 70 F. 3d at 50.

matter jurisdiction." 254 F. 3d 802, 803 (9th Cir. 2001). In *Herman*, plaintiffs invoked the district court's original admiralty and maritime jurisdiction, as well as its supplemental jurisdiction over their state-law claims. *Id*. at 803-04. The case proceeded through a three-day bench trial, at the conclusion of which the district court held that the court lacked admiralty jurisdiction, but nonetheless went on to adjudicate the state-law claims under its supplemental jurisdiction, eventually dismissing those claims on the merits. *Id*. at 804-05. On appeal, the Ninth Circuit addressed the jurisdictional issue *sua sponte*, and reversed. *Id*.

In its analysis, the Ninth Circuit noted the distinction between the district court's discretionary authority to retain jurisdiction over state-law claims where it has dismissed on the merits federal claims over which it did have original jurisdiction, and the requirement (applicable in this action) that the supplemental state-law claims must be dismissed where the district court has no underlying original jurisdiction: "If the district court dismisses all federal claims on the merits, it has discretion under § 1367(c) to adjudicate the remaining claims; if the court dismisses for lack of subject matter jurisdiction, it has no discretion and must dismiss all claims." *Id*. at 806. [6] The Ninth Circuit held, "[o]nce the district court reached the conclusion that it had no underlying original subject matter jurisdiction, there was nothing left to do but to dismiss the case." *Herman*, *supra*, 254 F. 3d at 807 (citing *Fed*. *R*. *Civ*. *P*. 12(h)(3)). That holding also pertains here.

Addressing the equities, the Ninth Circuit stated:

---

[6]   Significantly, plaintiff asserted no federal claims in the Amended Complaint; thus, this Court has not dismissed them "on the merits." Nor is the Amended Complaint tantamount to a dismissal for pendent jurisdiction purposes. *Pintando*, *supra*, 501 F. 3d at 1243 ("If Pintando's amended complaint were analogous to a district court dismissal of Pintando's federal claims, then it would be within the district court's discretion to continue to exercise supplemental jurisdiction over Pintando's state-law claims. However, this analogy does not hold."). Indeed, unlike in removal cases, where, as here, plaintiff invokes federal court jurisdiction in the first instance then amends the complaint, "the plaintiff must be held to the jurisdictional consequences of a voluntary abandonment of claims that would otherwise provide federal jurisdiction." *Boelens*, *supra*, 759 F.2d at 507-08.

> We are well aware of the unfortunate position in which our decision will leave the parties, who have already been through discovery, trial, and appeal. Rather than receiving a decision on the merits, as they had hoped, the parties are now back to square one with respect to their dispute over the yacht sale. Were jurisdiction a matter of equity or discretion, we might well simply decide the case on the merits. But it isn't so. Regrettably, questions of time, cost, and efficiency do not undergird jurisdiction. Nor is jurisdiction a question of equity – a court lacking jurisdiction to hear a case may not reach the merits even if acting "in the interests of justice." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 818, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988).

*Herman*, 254 F. 3d at 807. Similarly, in *Wellness Community-National*, *supra*, the judicial resources and legal expenditures on the case did not override "the important principle that federal courts are courts of limited jurisdiction." 70 F. 3d at 50.

Consequently, while concerns regarding judicial economy may be relevant factors in the discretionary analysis called for by 28 U.S.C. § 1367(c) [MDO, at 7-9], they have no bearing here, where the fundamental prerequisite of 28 U.S.C. § 1367(a) -- a basis of original federal jurisdiction -- cannot be satisfied. Instead, Rule 12(h)(3) controls, and "the court must dismiss the action." *Fed. R. Civ. P.* 12(h)(3).

## CONCLUSION

For the foregoing reasons, the Fuccillo Defendants respectfully request that the Court grant reconsideration, and upon reconsideration, reverse the MDO and grant their motion to dismiss the Amended Complaint in its entirety pursuant to Rule 12(b)(1), together with such other and further relief as to the Court seems just and appropriate.

Dated:     December 26, 2012                    Respectfully submitted,
           Albany, New York

                                               GREENBERG TRAURIG, LLP


                                               By:      s/William A. Hurst
                                                     William A. Hurst
                                                     Bar Roll No. 510271
                                                     54 State Street, 6th Floor
                                                     Albany, New York 12207
                                                     Tel:  (518) 689-1400
                                                     Fax:  (518)689-1499
                                                     Email: hurstw@gtlaw.com


                                               ROEMER, WALLENS LAW FIRM
                                               13 Columbia Circle
                                               Albany, New York 12203
                                               Tel:  (518) 464-1300
                                               Fax:  (518) 464-1010
                                               Email: jkelly@rwmattys.com
                                               Email: awtwinam@rwmattys.com

                                               *Attorneys for Fuccillo Defendants*

ALB 1651377v7

8



**RUSSIAN MEDIA GROUP, LLC, Plaintiff, v. ECHOSTAR COM-MUNICATIONS CORP. AND KELLY BROADCASTING SYS-TEMS, INC., Defendants.**

**3:03-cv-1263 (WWE)**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT**

*2009 U.S. Dist. LEXIS 8800*

**February 4, 2009, Decided**
**February 4, 2009, Filed**

**SUBSEQUENT HISTORY:** Motion denied by *Russian Media Group, LLC v. EchoStar Communs. Corp., 2009 U.S. Dist. LEXIS 108356 (D. Conn., Nov. 19, 2009)*

**PRIOR HISTORY:** *Russian Media Group, LLC v. TV Russ. Network, Inc., 2001 U.S. Dist. LEXIS 25730 (D. Conn., July 24, 2001)*

**COUNSEL:** [*1] For Russian Media Group, LLC, Plaintiff: David S. Golub, Jonathan M. Levine, LEAD ATTORNEYS, Silver, Golub & Teitell, Stamford, CT.

For Echostar Communications Corp, Kelly Broadcasting Sys, Inc, Defendants: Frank J. Silvestri, Jr., LEAD ATTORNEY, Levett Rockwood, Westport, CT.

For Russian Media Group, LLC, Counter Defendant: David S. Golub, Jonathan M. Levine, LEAD ATTORNEYS, Silver, Golub & Teitell, Stamford, CT.

**JUDGES:** Warren W. Eginton, Senior United States District Judge.

**OPINION BY:** Warren W. Eginton

**OPINION**

*MEMORANDUM OF DECISION ON DE-FENDANTS' MOTION TO DISMISS AND PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED JURISDICTIONAL STATEMENT*

This case has been pending before the Court for more than five years. Defendants now move for dismissal on the grounds that the Court lacks subject matter jurisdiction. Plaintiff, in response, has filed a request to amend the jurisdictional statement of the amended complaint to add an additional statutory basis for federal jurisdiction. Now pending before the Court is defendants' Motion to Dismiss (Doc. # 99) and plaintiff's Motion for Leave to Amend Jurisdictional Statement (Doc. # 116). For the reasons that follow, plaintiff's motion, construed as a motion to amend the complaint,

[*2] will be granted. Should plaintiff fail to file an second amended complaint within ten days of the filing of this ruling, defendants' motion to dismiss will then be granted.

## BACKGROUND

For purposes of ruling on a motion to dismiss, the Court accepts all allegations of the complaint as true.

### I. Allegations in the Amended Complaint

Plaintiff Russian Media Group, LLC ("RMG") is a limited liability company formed pursuant to the laws of the state of Connecticut. It owns and operates a nationwide Russian-language television service. Defendant Echostar Communications Corp. ("Echostar") is a Delaware corporation with a principal place of business in Colorado. Kelly Broadcasting Systems, Inc. ("KBS") is a Delaware corporation with a principal place of business in New Jersey. It is a wholly-owned subsidiary of Echostar.

Prior to 2000, SkyView World Media, LLC ("SkyView") owned and operated a Russian-language television service in the United States and Canada. In August 1999, it filed for bankruptcy protection under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey. [1] During the bankruptcy proceedings, Echostar sought to acquire the [*3] assets of SkyView. It was therefore provided access to confidential information about SkyView's services, including subscriber lists, right-of-entry agreements, programming contracts and cable system distribution agreements. At the time, Echostar entered into an asset purchase agreement but did not, in the end, complete this purchase.

1   *In re SkyView World Media, LLC, et. al,*, Case No. 99-39228 (Bankr. D.N.J.).

Following this failed transaction, KBS sought to acquire the assets of SkyView. From January 2000 until June 2000, KBS had managed SkyView's operations. In about January 2001, KBS entered into an asset purchase agreement with the SkyView trustee. As a result of its management of SkyView's operations and plan to purchase assets, KBS was provided with access to SkyView's confidential corporate information. In February 2000, Echostar purchased KBS, making it a wholly-owned subsidiary. Since that purchase, KBS promotes and markets a Russian-language television service on Echostar's DISH network. After being acquired by Echostar, KBS declined to purchase SkyView's assets.

In June 2000, RMG entered into an asset purchase agreement with SkyView to purchase certain of SkyView's assets, [*4] including SkyView's exclusive right to provide Russian-language television programming to Comcast Cable Communications, Inc. In July 2000, the Bankruptcy Court approved the RMG purchase and the purchase was consummated soon thereafter.

Plaintiff alleges that KBS was aware of the scope of SkyView's assets and contract rights, including the knowledge of SkyView's exclusive rights with regard to programming on Comcast's cable system, through its investigation of SkyView while it was considering an asset purchase. Plaintiff claims that despite this knowledge, KBS intentionally caused Comcast to breach its contract with SkyView-RMG and interfered with those contractual rights. Plaintiff also asserts claims against KBS under Connecticut statutory and common law. Plaintiff further asserts claims against Echostar for misappropriation of its television signal distribution system as well as other common law claims. Further, plaintiff asserts claims against both defendants seeking to enforce a judgment previously obtained in this Court in the matter of *Russian Media Group, LLC v. TV Russian Network, Inc.*, Case No. 3:00-cv-1769 (WWE)

("TVR action"). Finally, plaintiff alleges that defendants have [*5] made improper use of confidential information concerning SkyView's operations based on information received when each defendant was in negotiations to purchase SkyView's assets during its bankruptcy proceeding. This claim is asserted under the Connecticut Unfair Trade Practices Act, *Conn. Gen. Stat. § 42-110b(a)*.

In its Amended Complaint, RMG claimed that this Court has jurisdiction over this case pursuant to *28 U.S.C. §§ 1331, 1338(a) and (b), 1334(a) and 1367*. By its motion to amend its jurisdictional statement, plaintiff seeks to add *28 U.S.C. § 1334(b)* as a basis for this Court's jurisdiction.

## II. Case History

This action was commenced on July 23, 2003 against Echostar and Obschestvennoe Rossiyskoe Televidenie ("ORT"). Jurisdiction was based on the diversity of the parties. In August 2003, RMG, Echostar and ORT stipulated to the dismissal of all claims against ORT and those claims against Echostar related to its actions "for offering subscriptions to or distribution television programming created or acquired by ORT." In September 2003, the current parties further stipulated to the filing of an amended complaint which included claims against KBS. [2] The second stipulation also provided [*6] for the dismissal of two other actions pending before this Court. The Amended Complaint was filed on March 9, 2004.

> 2   It should be noted that the matter of *Russian Media Group, LLC v. Kelly Broadcasting Systems, Inc.*, Case No. 3:03-cv-1446 (CFD) -- one of two actions against KBS -- was removed by KBS to this Court based on KBS's representations that the action "arose under" the Bankruptcy Code related to the *SkyView* proceeding in New Jersey. The

basis for the removal is irrelevant to the current motions.

## DISCUSSION

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984)*. When deciding a motion to dismiss, the court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. *Hishon v. King, 467 U.S. 69, 73, 104 S. Ct. 2229, 81 L. Ed. 2d 59 (1984)*. The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007)*. [*7] A plaintiff is obliged to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible. *Iqbal v. Hasty, 490 F.3d 143 (2d Cir. 2007)* (applying flexible "plausibility standard" to Rule 8 pleading), *cert. granted, 128 S. Ct. 2931, 171 L. Ed. 2d 863 (2008)*.

Defendants seek dismissal of this action, contending (1) that diversity no longer exists in this case under *28 U.S.C. § 1332*; (2) that *28 U.S.C. § 1338*, which creates federal jurisdiction over certain copyright actions, does not apply here; and (3) that this is not a case "arising in," "arising under" or "related to" a bankruptcy proceeding pursuant to *28 U.S.C. § 1334*, and even if it were, this Court is not the proper venue for such a case. Plaintiff contends that this Court has jurisdiction, among other reasons, because once a court has jurisdiction over a case, it keeps that jurisdiction throughout the case.

## I. Continuing Jurisdiction

2009 U.S. Dist. LEXIS 8800, *

When this action was first filed, it is undisputed that the Court had proper jurisdiction pursuant to *28 U.S.C. § 1332*. Since that time, however, ORT was dismissed while KBS was added as a party and an amended complaint was filed. There is no longer diversity [*8] between the parties.

The Supreme Court recently ruled that "when a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction." *Rockwell Int'l Corp. v. United States, 549 U.S. 457, 127 S. Ct. 1397, 1409, 167 L. Ed. 2d 190 (2007)*. The *Rockwell Int'l* Court also held that the withdrawal of claims that establish jurisdiction, where the case was not removed from state court, breaks jurisdiction unless those claims are replaced by new allegations that establish federal jurisdiction. *Id.*

*Wellness Community-National v. Wellness House, 70 F.3d 46 (7th Cir. 1995)*, relied on by the Supreme Court in *Rockwell Int'l*, is instructive here. In *Wellness*, the plaintiff's original complaint asserted federal question jurisdiction. Before trial, the plaintiff withdrew its federal causes of action and filed an amended complaint which contained claims based solely on state law and asserted jurisdiction on the basis of diversity of the parties. In its answer to the amended complaint and during trial, the defendant raised doubts about whether the action met the amount-in-controversy requirement. After trial, the district court stated "we likely have diversity [*9] jurisdiction" and concluded that it had supplemental jurisdiction over the case pursuant to *28 U.S.C. § 1367* based on its undisputed jurisdiction over the original complaint.

On appeal, the Seventh Circuit Court of Appeals ruled that the amended complaint controlled the determination of jurisdiction. The Court found that the district court did not have proper jurisdiction over the case because supplemental jurisdiction under *28 U.S.C. § 1367*

could not grant jurisdiction over an amended complaint where there was no continuing basis for federal jurisdiction. Rather, the Court found that "once the First Amended Complaint superseded the original complaint, there was no federal claim to which these state claims could be 'supplemental.'" *Wellness, 70 F.3d at 50*.

Plaintiff's argument that once this Court has jurisdiction over this case, it continues to do so is misplaced under *Rockwell Int'l* and *Wellness*. The cases cited by plaintiff to support this contention do not involve amended complaints, but rather cases where claims were withdrawn. *See Freeport-McMoRan, Inc. v. K N Energy, Inc., 498 U.S. 426, 111 S. Ct. 858, 112 L. Ed. 2d 951 (1991)* (upholding continuing jurisdiction where diversity existed at time suit was filed; no [*10] amended complaint); *Mizuna, Ltd. v. Crossland Fed. Sav. Bank, 90 F.3d 650 (2d Cir. 1996)* (affirming jurisdiction despite district court's dismissal of claims against Federal Deposit Insurance Corp. whose presence had created federal jurisdiction under *12 U.S.C. § 1819(b)(2)*; no amended complaint). Because the original complaint was withdrawn in favor of the Amended Complaint, the Amended Complaint controls the determination of federal jurisdiction. Furthermore, the existence of federal jurisdiction pursuant to the original complaint or the KBS case before Judge Droney is irrelevant to whether federal jurisdiction exists now under the Amended Complaint. [3]

3   It is of no import when defendants raised this issue or that KBS acceded to federal jurisdiction in the case before Judge Droney. *See, e.g., American Fire & Casualty Co. v. Finn, 341 U.S. 6, 17-18, 71 S. Ct. 534, 95 L. Ed. 702 (1951)*. There is no authority to "waive" these issues just because a party might have been hiding the ball. *See generally* C. Wright, A. Miller, & E. Cooper, 13 Federal Practice & Procedure § 3522 (1984).

In light of this conclusion, plaintiff's arguments relating to any continuing jurisdiction are misplaced and the Court need not address [*11] them. Needless to say, federal jurisdiction cannot be grounded on plaintiff's claims of copyright violation (as none are asserted in the Amended Complaint).

## II. Jurisdiction on the Basis of Enforcing Previous Court Order

In its response to defendants' motion, plaintiff asserts that jurisdiction is alternatively proper because this Court has authority to enforce its judgment in the TVR action insofar as defendants allegedly aided and abetted TV Russian Network's ("TVR") violation of that judgment.

A defendant may be held liable for aiding and abetting another party's violations of a court's judgment if that defendant has actual notice of the judgment. *See Waffenschmidt v. Mackay, 763 F.2d 711, 714 (5th Cir. 1985)* ("Nonparties ... may be subject to that court's jurisdiction if, with actual notice of the court's order, they actively aid and abet a party in violating that order."); *see also S.E.C. v. Homa, 514 F.3d 661, 674 (7th Cir. 2008)* ("[A]n injunction binds not only the parties to the injunction but also nonparties who act with the named party."); *Fed. R. Civ. P. 65(d)(2)(C)* (injunction binds nonparties who are "in active concert or participation" with parties and have received "actual [*12] notice" of the order).

A court retains jurisdiction to enforce its own judgment against a defendant. Where, on the other hand, the plaintiff seeks to have the court enforce its judgment against a third party on a distinct legal theory, there must be some independent grounds for federal jurisdiction. *See Peacock v. Thomas, 516 U.S. 349, 357, 116 S. Ct. 862, 133 L. Ed. 2d 817 (1996)* ("We have never authorized the exercise of ancillary jurisdiction in a subsequent lawsuit to impose an obligation to pay an existing federal judgment on a person not already liable for that judg-

ment."); *Epperson v. Entertainment Express, Inc., 242 F.3d 100 (2d Cir. 2001)*. Both *Peacock* and *Epperson* involved a plaintiff's attempts to enforce a monetary judgment against a third party based its relationship with the defendant against whom judgment was granted. In both instances, the cases were dismissed because there were no independent grounds for federal jurisdiction against the new defendant. The Courts each concluded that where a plaintiff seeks to enforce a judgment against a third party, there must be an independent ground for federal jurisdiction aside from the court's inherent authority to enforce its judgments. *But cf. Weininger v. Castro, 462 F. Supp. 2d 457 (S.D.N.Y. 2006)* [*13] (finding subject matter jurisdiction under the Terrorism Risk Insurance Act of 2002 in an action to recover judgment from third party creditor of country liable in terrorism case).

Similarly, in *U.S.I. Properties Corp. v. M.D. Construction Co.*, the Court of Appeals for the First Circuit, relying on *Peacock*, succinctly stated the rule that:

> where that postjudgment proceeding presents a new substantive theory to establish liability directly on the part of a new party, some independent ground is necessary to assume federal jurisdiction over the claim, since such a claim is no longer a mere continuation of the original action.

*U.S.I. Properties, 230 F.3d 489, 498 (1st Cir. 2000)*. The Court of Appeals distinguished this situation from one where the plaintiff seeks merely to enforce a judgment, in which the district court retains "residual jurisdiction." *Id.*

Precedent also draws a distinction between a party asserting a claim against a third party for aiding and abetting the violation of a court order and a contempt proceeding for analogous

conduct. In the latter proceeding, the court retains subject matter jurisdiction pursuant to its authority to enforce its orders and judgments. *See Reebok Int'l v. McLaughlin, 49 F.3d 1387, 1390 (9th Cir. 1995)* [*14] (finding that district court had subject matter jurisdiction to determine if its judgment had been violated); *Waffenschmidt, 763 F.2d 711*. In the former case, however, there is a need for independent federal jurisdiction. *See Epperson, 242 F.3d at 104* (Action to establish liability on a third party "must have its own source of federal jurisdiction, so that absent an independent basis for federal jurisdiction a new defendant may not be haled into federal court."); *U.S.I. Properties, 230 F.3d at 498*; cf. *Eagle Traffic Control v. James Julian, Inc., 933 F. Supp. 1251, 1255 (E.D. Pa. 1996)* (distinguishing between aiding and abetting cause of action to enforce judgment and contempt cause of action in establishing personal jurisdiction).

The Thirteenth Claim for relief is not merely a claim that the Court should enforce its judgment in the TVR action. Rather, plaintiff seeks to create liability under a new theory against new defendants. Accordingly, there must be an independent basis for federal jurisdiction. Lacking one, it cannot serve as the exercise of federal jurisdiction in this case.

## III. Jurisdiction "Arising Under" the Bankruptcy Code

Plaintiff contends that this Court has jurisdiction [*15] insofar as this matter is related to SkyView's bankruptcy proceeding pursuant to *28 U.S.C. § 1334* as to the Thirteenth Claim and supplemental jurisdiction pursuant to *28 U.S.C. § 1367* follows from that grant of jurisdiction.

*Section 1334* provides:

(a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.

(b) Except as provided in subsection (e)(2), and notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

*Section 1334(a)* refers to the proceedings that follow the filing of a bankruptcy petition. *Section 1334(b)* refers to civil proceedings that relate to or arise from such bankruptcy cases. *See 1 Collier on Bankruptcy P 3.01[3]* (15th ed. 2008). *Subsection (a)*'s grant of jurisdiction, being "original and exclusive" is to the exclusion of state courts, not other federal courts. *Id.*

The grant of jurisdiction within *subsection (b)*, on the other hand, allows this [*16] Court to entertain any action "arising under," "arising in" or "related to" a case under title 11. Proceedings "related to" a case under title 11 include "(1) causes of action owned by the debtor which become property of the estate pursuant to *11 U.S.C. § 541*, and (2) suits between third parties which have an effect on the bankruptcy estate." *Celotex Corp. v. Edwards, 514 U.S. 300, 308 n.5, 115 S. Ct. 1493, 131 L. Ed. 2d 403 (1995)*. The Court of Appeals for the Second Circuit has stated that a proceeding is "related to" a case under title 11 where "its outcome might have any 'conceivable effect' on the bankrupt estate." *In re Cuyahoga Equip. Corp., 980 F.2d 110, 114 (2d Cir. 1992)*.

Where a case is brought pursuant to *section 1334(b)*, there is no requirement that it be brought in the same court or same district in which the underlying bankruptcy case proceeded. *See, e.g., Owens-Illinois, Inc. v. Rapid Am. Corp. (In re Celotex Corp.), 124 F.3d 619*

*(4th Cir. 1997)* (approving of West Virginia district court's jurisdiction over a case related to a Florida bankruptcy proceeding); *In re Geauga Trenching Corp., 110 B.R. 638 (Bankr. E.D.N.Y. 1990)* (hearing case related to bankruptcy proceeding in Florida).

Plaintiff asserts that [*17] this matter is related to SkyView's bankruptcy because if plaintiff recovers from defendants, it affects plaintiff's obligations to make payments to Bank of America ("BofA"), a creditor of the SkyView estate. Since the filing of the Amended Complaint in 2004, the SkyView bankruptcy trustee has abandoned the revenue stream from plaintiff based on plaintiff's purchase of SkyView's assets. Instead, that revenue stream has been routed to BofA. Plaintiff contends that based on what plaintiff pays to BofA, SkyView's liabilities to BofA may be affected. Such a chain reaction would, plaintiff holds, affect the bankruptcy estate and meet the standard of *Cuyahoga Equip*,

The picture that plaintiff attempts to paint is not found in the Amended Complaint. To the extent that the Amended Complaint relies upon the *SkyView* bankruptcy at all, it is only to provide background on the source of plaintiff's ownership of the relevant assets and to establish how defendants allegedly acquired the information that the plaintiff claim was used to commit various torts. The Amended Complaint, therefore, does not contain factual allegations that "raise a right to relief above the speculative level." *Bell Atl. Corp., 127 S. Ct. at 1965*.

Plaintiff [*18] moves to amend its complaint to amend its jurisdiction statement to include *28 U.S.C. § 1334(b)* as a basis for federal jurisdiction. The Court will construe plaintiff's motion as one under *rule 15 of the Federal Rules of Civil Procedure* to amend the complaint. A "party may amend the party's pleading only by leave of court or by written consent of the adverse party." *Fed. R. Civ. P. 15(a)*. Leave to amend a complaint shall be freely given when justice so requires, and if the plaintiff has at least colorable grounds for relief, justice does so require unless plaintiff is guilty of undue delay or bad faith or unless permission to amend would unduly prejudice the opposing party. *S.S. Silberblatt, Inc. v. East Harlem Pilot Block-Building 1 Hous. Dev. Fund Co., Inc., 608 F.2d 28, 42 (2d Cir. 1979)*. Lack of diligence, futility and prejudice are among the good reasons to deny leave to amend. *Chill v. Gen. Elec. Co., 101 F.3d 263, 271 (2d Cir. 1996)*.

## CONCLUSION

For the foregoing reasons and in the light of this case's long history before the Court and the preference to avoid the waste of resources should jurisdiction not properly lodge in this Court, plaintiff's motion to amend the jurisdictional [*19] statement (Doc. # 116), construed as a motion to amend the complaint, is GRANTED. Plaintiff is instructed to amend its complaint in accordance with the terms of this ruling within ten days from the filing of this ruling. Should plaintiff fail to do so, the Court will grant defendant's motion to dismiss (Doc. # 99) and the Clerk will be instructed to close this case.

Dated at Bridgeport, Connecticut, this 4th day of February, 2009.

/s/

Warren W. Eginton

Senior United States District Judge