UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

HEIDI SEEKAMP, on behalf of herself and
all others similarly situated,

                              Plaintiff,

            -against-                                1:09-CV-0018 (LEK/CFH)

IT'S HUGE, INC., a/k/a FUCILLO
AUTOMOTIVE GROUP, INC.; *et al.*,

                              Defendants.
_____

## DECISION and ORDER

### I.     INTRODUCTION

On December 11, 2012, the Court denied Defendants' Letter Motion seeking to renew their

Motion for summary judgment on the grounds that the Court lacks subject-matter jurisdiction in this

case.  See Dkt. No. 95 ("December Order").  Defendants[1] now ask the Court to reconsider the

December Order.  Dkt. No. 97 ("Motion").  For the following reasons, Defendants' Motion is

denied.

### II.    BACKGROUND

The parties are presumed to be familiar with the facts of this case.  For a statement of

Plaintiff's claims and allegations, reference is made to Plaintiff's Amended Complaint or to the

December Order.  Dkt. No. 57 ("Amended Complaint"); Dec. Order.

### III.   LEGAL STANDARD

"The standard for granting a motion for reconsideration is strict.  [It] 'should not be granted

_____

[1] Except Defendant Universal Automotive Services, Inc.  See Dkt. No. 97-1 at 1 n.1.  The
Clerk entered default against Universal Automotive Services on March 20, 2009.  Dkt. No. 13.

where the moving party seeks solely to relitigate an issue already decided.'" Paulino v. Fischer, No. 12-CV-0076, 2012 WL 6114934, at *2 (N.D.N.Y. Dec. 10, 2012) (quoting Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)).  Nor is it "to be used for presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple." Id. (quoting Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998)) (internal quotation marks omitted).  "Generally, the prevailing rule in the Northern District 'recognizes only three possible grounds upon which motions for reconsideration may be granted; they are (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice.'" Sumner v. McCall, 103 F. Supp. 2d 555, 558 (N.D.N.Y. 2000) (Kahn, J.) (quoting In re C-TC 9th Ave. P'ship, 182 B.R. 1, 3 (N.D.N.Y. 1995)).

Defendants do not argue that there has been an intervening change in controlling law or that material evidence is newly available.  See Dkt. No. 97-1 ("Memorandum").  The Court therefore will reconsider the December Order only as necessary to correct a clear error of law or prevent manifest injustice.  "This is a demanding standard." Sumner, 103 F. Supp. 2d at 558.  "It is not enough . . . that [a party] could now make a more persuasive argument . . . .  The law of the case will be disregarded only when the court has a clear conviction of error with respect to a point of law on which its previous decision was predicated." Fogel v. Chestnutt, 668 F.2d 100, 109 (2d Cir. 1981) (Friendly, J.) (internal quotation marks omitted).

## IV.   DISCUSSION

Defendants' argument is straightforward: because "courts look to [an] amended complaint to determine jurisdiction," Rockwell Int'l Corp. v. United States, 549 U.S. 457, 474 (2007), and

2

because Plaintiff's Amended Complaint pleads only diversity under the Class Action Fairness Act of 2005 ("CAFA") as the basis for the Court's jurisdiction, the December Order's conclusion that CAFA exceptions preclude such jurisdiction in this case compels dismissal of the entire Amended Complaint.  See Am. Compl. ¶ 16; Dec. Order at 3-4.  Ordinarily, Defendants would be right; a plaintiff who voluntarily amends her complaint and, in so doing, eliminates any basis for federal jurisdiction has doomed her case in federal court.[2]  See FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); Pintando v. Miami-Dade Hous. Agency, 501 F.3d 1241 (11th Cir. 2007) ("[W]e follow Rockwell and agree with the Fifth and Seventh Circuits . . . .  When [plaintiff] amended his complaint and failed to include a Title VII claim or any other federal claim, the basis for the district court's subject-matter jurisdiction ceased to exist, and the district court should have dismissed [plaintiff]'s state claims without prejudice."); see also Cunningham Charter Corp. v. Learjet, Inc., 592 F.3d 805, 807 (7th Cir. 2010) ("[I]f the plaintiff amends away jurisdiction in a subsequent pleading, the case must be dismissed." (citing Rockwell, 549 U.S. at 473-74)); Wellness Cmty.-National v. Wellness House, 70 F.3d 46, 50 (7th Cir. 1995) ("[T]he First Amended Complaint could not have given rise to supplemental jurisdiction if it had been the first and only complaint filed in the case.  The result does not differ because it is an amended complaint."); Boelens v. Redman Homes, Inc., 759 F.2d 504, 508 (5th Cir. 1985) ("[A] plaintiff must be held to the jurisdictional consequences of a voluntary abandonment of claims that would otherwise provide federal jurisdiction.").

This, however, is not an ordinary case.  Plaintiff's original Complaint included a claim under

---

[2] A plaintiff generally cannot, however, defeat a defendant's removal of a case to federal court by strategically amending the complaint to eliminate any basis of federal jurisdiction. Rockwell, 549 U.S. at 474 n.6.

the Truth in Lending Act ("TILA") of 1968, 15 U.S.C. § 1601 et seq., which conferred on the Court original jurisdiction over that claim by operation of 28 U.S.C. § 1331 and thereby supplemental jurisdiction over Plaintiff's other claims by operation of 28 U.S.C. § 1367.  See Dkt. No. 1.  Though Plaintiff voluntarily amended her Complaint, she did not voluntarily omit her TILA claim from the Amended Complaint.  Rather, in addressing Plaintiff's Motion to amend, the Honorable David R. Homer, U.S. Magistrate Judge, accepted Defendants' argument that the TILA claim should be dismissed because it was barred by the statute of limitations.  See Dkt. No. 53 at 6-8.  Accordingly, Judge Homer denied Plaintiff's Motion to amend insofar as the proposed Amended Complaint included the TILA claim.[3]  Id.

Because Plaintiff's TILA claim was involuntarily dismissed, rather than voluntarily abandoned, the Court may, and does, elect to retain supplemental jurisdiction over Plaintiff's other claims.[4]  See Bayshore Ford Trucks Sales, Inc. v. Ford Motor Co., 299 F. App'x 943 (11th Cir. 2008) (distinguishing Pintando and emphasizing the distinction between involuntary dismissal and voluntary abandonment for jurisdictional purposes); id. at 944 ("[S]uppose that the court, after announcing that it was retaining jurisdiction, allows the plaintiff to amend its complaint to restate the state law claim.  Would this destroy the court's jurisdiction?  We think not.").  To hold otherwise would force Plaintiff to stick with her original Complaint, warts and all, because any amendment that did not provide a new and sufficient basis for federal jurisdiction would result in her case being dismissed for lack thereof.  Reconsideration of the December Order therefore would

---

[3] "[T]o determine whether [a] proposed amendment is futile, a court must apply 'the same analysis as that applied on a motion to dismiss' under Fed. R. Civ. P. 12(b)(6)."  Dkt. No. 53 at 5 (quoting Stetz v. Reeher Ents., Inc., 70 F. Supp. 2d 119, 121 (N.D.N.Y. 1999)).

[4] There is no indication that Plaintiff strategically pleaded her TILA claim in bad faith to shoehorn her other claims into federal court.

not prevent manifest injustice, but would cause it.  Thus, far from being clearly erroneous, the

Court's prior decision was clearly correct.

**V.      CONCLUSION**

Accordingly, it is hereby:

**ORDERED**, that Defendants' Motion (Dkt. No. 97) for reconsideration of the December

Order (Dkt. No. 95) is **DENIED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order on all parties.

**IT IS SO ORDERED.**

Dated:        June 10, 2013
              Albany, NY


Lawrence E. Kahn
U.S. District Judge