UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

HEIDI SEEKAMP, *On Behalf of Herself and All Others Similarly Situated*,

        Plaintiff,

vs.

IT'S HUGE, INC. also known as FUCCILLO AUTOMOTIVE GROUP, INC., *et al.*,

        Defendants.

Civil Action No.:

09-cv-00018-LEK-CFH

# MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT AGREEMENT

Sergei Lemberg, Esq.
Stephen Taylor, Esq.
Lemberg Law, LLC
1100 Summer St.
Stamford, CT 06905
Tel: (203) 653-2250
Fax: (888) 953-6237

Martin Mushkin, Esq.
Law Office of Martin Mushkin, LLC
1100 Summer St.
Stamford, CT 06905
Tel: 203-252-2357
Fax: 203-547-7540

**INTRODUCTION**

Plaintiff, Heidi Seekamp ("Seekamp" or "Class Representative"), filed the above captioned case alleging that the Defendants, It's Huge Inc., the Fuccillo Defendants[1] (together, "Fuccillo" or the "Fuccillo Defendants") and default Defendant Universal Automotive Services, Inc., sold to her and other New York consumers Auto Theft Security Discount Certificates ("ATSDs") as part of automobile sales in violation of New York law.

Seekamp bought her ATSD for $295.00 on June 12, 2007, with the purchase of a Hyundai. The ATSD provided that in the event her vehicle was stolen or destroyed, she would be provided a discount of up to $2,000 on a new vehicle. In this action, Seekamp alleged that the ATSD conferred no actual benefit on her or the consuming public. She sought to obtain a declaratory judgment declaring that all ATSD sales constituted an unlawful sale of insurance under New York's Insurance Law. Seekamp further sought relief pursuant to New York's Consumer Protection Statute, N.Y. GBL § 349, and the common law doctrines of consumer fraud, breach of fiduciary duty, breach of contract and unjust enrichment, and New York common law. The Fuccillo Defendants have denied and continue to deny each and all of the claims alleged by Seekamp in the Litigation. Fuccillo contends that it did not engage in any

---

[1] The Fuccillo Defendants as identified in the Amended Complaint are as follows: Defendants Fuccillo Lincoln Mercury, Inc. d/b/a Fucillo Hyundai, Fuccillo Chrysler Jeep Dodge of Amsterdam, Inc., Fuccillo Ford, Inc., Fuccillo Dodge Chrysler Jeep, Inc., Fuccillo Imports, Inc. Fuccillo Auto World, Inc., Fuccillo Buick Pontiac Gmc, Inc., Fuccillo Chevrolet Of Nelliston, Inc., Fuccillo Hyundai of Syracuse, Inc., Fuccillo Hyundai of Greece, Inc., Fuccillo Ford of Seneca Falls, Inc., Fuccillo Chevrolet Olds Pontiac Buick, Inc., Fuccillo Chevrolet, Inc., Fuccillo Chrysler of Nelliston, Inc., Fuccillo Enterprises of East Greenbush, Inc., Fuccillo Enterprises, Inc., Fuccillo Ford of East Greenbush, Inc., Fuccillo Ford of Nelliston, Inc., and Fuccillo Pontiac Buick, Inc.

unlawful sale of insurance, wrongful conduct or otherwise violate New York Law. Fuccillo contends that it acted legally and responsibly in connection with the ATSD program.

Following extensive negotiations, mediated by Retired Magistrate Judge David Homer and including two in person conferences, the Parties have reached an agreement of all class claims. The Parties executed the attached Settlement Agreement (attached as Exhibit 1) and Plaintiff hereby moves this Court to preliminary approve the class-wide settlement.[2]

## PROCEDURAL HISTORY

Seekamp initiated this action on January 7, 2009. (Doc. No. 1). On February 17, 2009, the Defendants filed a Motion to Dismiss. (Doc. No. 5). On March 15, 2010, this court denied Defendants' motion (Doc. No. 20) and Defendants filed their answer and amended answer to the complaint on March 29, 2010 (Doc. No. 23, 29). Thereafter, the Parties engaged in discovery, overseen by Magistrate Judge David R. Homer.

On September 2, 2010, Seekamp moved to amend her complaint and add additional Fuccillo defendants. (Doc. No. 41). The motion was granted in part and denied in part; Seekamp's Truth in Lending Act and Racketeer Influenced and Corrupt Organizations Act claims were dismissed. (Doc. No. 53). Seekamp filed her amended complaint (the operative complaint) on January 7, 2011 (Doc. No. 57), and the Fuccillo Defendants answered on January 21, 2011 (Doc. No. 59).

---

[2] Appended to the Settlement Agreement are the following exhibits:
    Exhibit A - Motion for Preliminary Approval
    Exhibit B - Preliminary Approval Order
    Exhibit C - Final Approval Order
    Exhibit D - Release
    Exhibit E – Notice to the Class

On February 3, 2011, Seekamp filed her motion for class certification. (Doc. No. 61). The Fuccillo Defendants opposed the motion and cross-moved for summary judgment. (Doc. No. 63). On March 13, 2012, the Court granted Seekamp's motion for certification and denied the Fuccillo Defendants' cross-motion. (Doc. No. 86). The Court certified the matter for declaratory relief pursuant to Fed. R. Civ. P. 23(b)(2). The Court certified the matter for monetary relief pursuant to Fed. R. Civ. P. 23(b)(3). The Court certified a class (the "Class") of:

> All Consumers who purchased the ATSD from any of the Fuccillo dealerships from January 7, 2003 to the present. Excluded from the class are any defendants, their respective parents, employees, subsidiaries and affiliates, their alleged coconspirators and all government entities.

*Seekamp v. It's Huge, Inc.*, 2012 WL 860364, *13 (N.D.N.Y., Mar. 13, 2012). The Court certified a sub-class of persons whose claims under NY GBL § 349 are time-barred due to § 349's three year statute of limitations. *Id*. The Court appointed Sergei Lemberg, Esq., Lemberg Law, LLC, Martin Mushkin, Esq., and the Law Offices of Martin L. Mushkin as counsel to the class ("Class Counsel"). *Id*. at *5.

Following certification, the Fuccillo Defendants requested appellate review which was denied. (Doc. No. 89). There was also further briefing on the issue of whether this Court possessed subject matter jurisdiction. (Doc. No. 90, 91, 93, 91, 100). This Court held that it properly elected to retain supplemental jurisdiction over Plaintiff's claims and previous orders on the matter would not be reconsidered. (Doc. No. 95, 102). A subsequent request to certify the jurisdictionally issue for appeal was denied. (Doc. No. 107).

Thereafter, following the September 11, 2013, conference with this Court (Doc. No. 111), the Parties began mediation with the aid now retired Magistrate Homer. Following extensive

arms-length discussions, the Parties reached an agreement to settle all class claims. (Doc. No. 117).

## **THE SETTLEMENT AGREEMENT**

The Settlement Agreement (Exhibit 1) provides for each class member to receive $160.00 in a cash payment. The settlement class is identical to the class certified by this Court in the March 13, 2012, order and encompasses:

> All Consumers who purchased the ATSD from any of the Fuccillo dealerships from January 7, 2003 to the present. Excluded from the class are any defendants, their respective parents, employees, subsidiaries and affiliates, their alleged coconspirators and all government entities.

Based on the Defendant's records, there are approximately 16,000 individuals in the class. (Lemberg Decl. ¶ 6).

The Settlement Agreement calls for the creation of a fund to pay class members. The Settlement Agreement provides that, within 5 business days of entry of the preliminary order approving the Settlement Agreement, Fuccillo shall establish an initial fund with the Class Administrator of $350,000.00. Following the claims process, the Settlement Agreement provides that Fuccillo will supply such necessary additional funds to pay the settlement payment of each eligible class member. 80% of funds not distributed to the class will be returned to the Fuccillo Defendants. 20% will be contributed to a reputable known charity to be selected by Fuccillo subject to acceptance by the Court.

The Settlement Agreement provides for a separate Class Administration Fund to be established. The cost of notice, including drafting, printing, mailing, collection of any responses and presentation of the same to the Court, and allocation and distribution of settlement proceeds

shall be solely from the Class Administration Fund. The Fuccillo Defendants agree to fund the Class Administration Fund all reasonable class settlement administration costs.

The Settlement Agreement provides that Fuccillo agrees as part of these proceedings and settlement with the class and class counsel that it no longer will market, sell or distribute any Universal Automotive Services, Inc., ATSD or Etch product or service or other ATSD or Etch product or service marketed by Universal Automotive Services, Inc., or its operator Nick Souris and that such agreement be incorporated in the Court's final order.

Upon final approval of the class settlement, the Fuccillo Defendants agree to pay and will not oppose attorneys' fees and costs to Class Counsel separate in an amount to be approved by the Court; provided, however, that Fuccillo reserves all rights to oppose the aggregate amount of fees and costs requested in excess of $750,000.00.

For her individual time, effort and risk in litigating this matter over the course of the last five years, Seekamp receives $10,000.00 in consideration, subject to court approval.

Class Counsel respectfully submits that the terms of this settlement are fair, adequate, and reasonable for the Class and that the requirements for final approval will be satisfied. In considering preliminary approval, however, the issue before the Court is whether the proposed settlement is within the range of what may be found to be fair, adequate, and reasonable, so that class members can be notified of the proposed settlement and a fairness hearing can be scheduled. Only after class members and others have had an opportunity to receive notice and present supporting or opposing evidence at a formal fairness hearing will the Court be called upon to render a final judgment regarding the fairness of the proposed settlement.

Once the Court has ruled on the motion for preliminary approval, the deadlines for providing notice, opting out of the Settlement Class, and submitting claims will begin to run. The

schedule set forth below, which is subject to the timing of actions to be taken by the parties and the Court in this case, provides the Court with an approximate time line of the various steps in the settlement approval process under the Settlement Agreement.

Notice Date: not later than 30 days after Preliminary Settlement Approval date

Deadline for filing Objections: 60 days after Notice Date

Deadline for filing an Opt-out notice: 60 days after Notice Date

Deadline for filing a Claim: 60 days after Notice Date

Fairness Hearing: As determined by the Court (Seekamp suggests Approval Date + 130 days)

## ARGUMENT

I. **The Court's Role in the Preliminary Approval of a Class Action Settlement**

The test for granting preliminary approval is whether a proposed settlement is "'at least sufficiently fair, reasonable and adequate to justify notice to those affected and an opportunity to be heard.'" *In re NASDAQ Market Makers Antitrust Litigation*, 1997 WL 805062, *8 (S.D.N.Y., December 31, 1997) (*quoting In re Baldwin–United Corp.,* 105 F.R.D. 475, 482 (S.D.N.Y. 1984)). Courts have discretion regarding the approval of a proposed class action settlement. *Maywalt v. Parker & Parsley Petroleum Co.*, 67 F.3d 1072, 1079 (2d Cir. 1998). In exercising this discretion, courts should give weight to the parties' consensual decision to settle class action cases because they and their counsel are in unique positions to assess potential risks. *See Clark v. Ecolab, Inc.*, 2009 WL 6615729, *3 (S.D.N.Y., Nov. 27, 2009).

Preliminary approval, which is what Plaintiff seeks here, is the first step in the settlement process. It requires only an "initial evaluation" of the fairness of the proposed settlement on the basis of written submissions and, in some cases, an informal presentation by the settling parties.

6

*Clark,* 2009 WL 6615729, at *3 (*citing* Herbert B, Newberg & Alba Conte, *Newberg on Class Actions* (*"Newberg"*) § 11.25 (4th ed. 2002)). It allows notice to issue to the class and for class members to object to or opt-out of the settlement. After the notice period, the Court will be able to evaluate the settlement with the benefit of the class members' input. *Clark*, 2009 WL 6615729, at *3.

Authorization to disseminate notice reflects recognition by the Court that the settlement is in the range of possible approval; the ultimate Rule 23(e) determination is reserved pending the completion of the notice and initial opt-out process, so the Court can consider input from the class members who will be bound by the final approval order. *See In re Baldwin-United Corporation*, 105 F.R.D. 475, 485 (S.D.N.Y. 1984) (court authorized provisional class certification and notice "without prejudice to the findings the Court will make after conducting the fairness hearing, at which time all objections or arguments in opposition to the proposed settlements will be heard and considered and proponents must discharge their burden to prove that the proposed settlement agreements are fair and reasonable"); *see also In re NASDAQ Market Makers Antitrust Litigation*, 1997 WL 805062, *8, 94 (S.D.N.Y., December 31, 1997) ("[w]here the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class and falls within the range of possible approval, preliminary approval should be granted").

Whether the settlement falls within the range of possible approval under Rule 23 turns upon whether there is a conceivable basis for presuming that the more rigorous standard applied for final approval will be satisfied. The standard for final approval of a settlement consists of showing that the settlement is "fair, reasonable and adequate," *Weinberger v. Kendrick*, 698 F.2d

7

61, 73 (2d Cir. 1982), considering "the complexity of the litigation, comparison of the proposed settlement with the likely result of litigation, experience of class counsel, scope of discovery preceding settlement, and the ability of the defendant to satisfy a greater judgment." *In re: Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 293 (2d Cir. 1992). In the absence of fraud, collusion or the like, the Court should not substitute its own judgment for that of counsel. *Weinberger, supra*; *see also Trief v. Dun & Bradstreet Corp.*, 840 F. Supp. 277, 281 (S.D.N.Y. 1993) ("absent evidence of fraud or overreaching [courts] consistently have refused to act as Monday morning quarterbacks in evaluating the judgment of counsel"); *M. Berenson Co. v. Faneuil Hall Market Place, Inc.*, 671 F. Supp. 819, 822 (D. Mass 1987) ("[w]here, as here, a proposed settlement has been reached after meaningful discovery, after arm's length negotiation, conducted by capable counsel, it is presumptively fair."). Here, the test is whether the settlement is sufficiently fair such as to notify the Class and provide its members an opportunity to be heard.

## II. The Settlement Warrants Preliminary Approval

An initial analysis of the terms and features of the proposed class settlement of this case should give the Court confidence that it merits serious consideration by the class members, and that it will likely serve as the fair and comprehensive resolution of class members' claims. Preliminary approval requires a finding that the settlement falls within the range of possible approval meaning, primarily, that Settlement was reached as a result of arms-length negotiations and after sufficient discovery was conducted.

### A. The Settlement is Presumed Fair Following Arm's-Length Negotiations

Settlements negotiated at arm's-length by experienced class counsel are presumed to warrant preliminary approval. As one distinguished commentator on class actions has noted:

> There is usually an initial presumption of fairness when a proposed class settlement, which was negotiated at arm's length by counsel for the class, is presented for court approval.
>
> * * *
>
> The initial presumption of fairness of a class settlement may be established by showing that:
>
> (i) the settlement has been arrived at by arm's-length bargaining;
>
> (ii) sufficient discovery has been taken or investigation completed to enable counsel and the court to act intelligently; [and]
>
> (iii) the proponents of the settlement are counsel experienced in similar litigation.

Herbert B. Newberg & Alba Conte, Newberg on Class Actions § 11:41, 92-93 (4th ed. 2002).

Here, all three prerequisites to the presumption of preliminary fairness are satisfied.

First, the terms of the Settlement were reached only through arm's-length negotiations, with the assistance of Retired Magistrate Homer who served as magistrate in this case prior to his retirement. The discussions were extensive, adversarial, and carried on for in excess of three months, including two in-person mediation sessions with Judge Homer. (Lemberg Decl. ¶ 4)

Second, the Settlement was reached after extensive discovery investigation of the facts supporting the allegations in the Complaint. (Lemberg Decl. ¶¶ 4 & 8). Given the procedural status of the Action and the time invested in its prosecution and defense, the Parties have a solid grasp of the respective strengths and weaknesses of their positions.

Third, the proponents of the Settlement are highly experienced in class action litigation. (Lemberg Decl. ¶ 9). The opinion of experienced counsel, as here, supporting the settlement is entitled to considerable weight. *In re Telik, Inc. Sec. Litig.*, 576 F. Supp. 2d 570, 575 (S.D.N.Y. 2008) ("a class action settlement enjoys a 'presumption of correctness' where it is the product of arm's length negotiation conducted by experienced, capable counsel.") (citation omitted).

## B. The Settlement is Fair and Reasonable and the Class Should be Notified

The Settlement is not just presumptively fair, it is fair and reasonable such that the Class should be notified and given an opportunity to be heard.

The monetary compensation to the class members here for the allegedly unlawful sale of ATSD is fair and reasonable, given the inherent risks of litigation. That is particularly so here, since Defendants had evidence they stood ready to honor the certificates. The class members will receive $160 representing a substantial portion to each member of the actual costs to them of the ATSD. There is no pro rata distribution, meaning that class members' recovery is not dependent on how many claims are submitted. Further, administrative costs, Seekamp's incentive award and class counsels' fees and costs are to be paid separate and apart from funds to the class.

The Settlement is an excellent and important result for class members, is well within the range of reasonableness, and deserves preliminary approval. A "reasonable" settlement is not susceptible to a mathematical equation yielding a particularized sum. Rather, in any case there is "'a range of reasonableness with respect to settlement.'" *Teachers' Ret. Sys. of Louisiana v. A.C.L.N., Ltd.*, 2004 WL 1087261, *5 (S.D.N.Y., May 14, 2004) (*quoting Newman* v. *Stein,* 464 F.2d 689, 693 (2d Cir. 1972), *cert. denied,* 409 U.S. 1039 (1972)). The dollar amount of a proposed settlement itself is not decisive in the fairness determination. *In re Union Carbide Corp. Consumer Prods. Bus. Sec. Litig., 718* F. Supp. 1099, 1103 (S.D.N.Y. 1989).

The Settlement is a very important benefit to the Settlement Class providing valuable cash in hand for the release of disputed claims to compensate the class members for the alleged harm caused. Given the complexities of this litigation and the continued risks if the Action were to proceed to trial, the Settlement represents a fair, reasonable, and adequate resolution of the

litigation and eliminates significant risks that the Settlement Class might otherwise recover less or nothing.

Further, Defendant has agreed that it no longer will market, sell or distribute any Universal Automotive Services, Inc., ATSD or Etch product or service or other ATSD or Etch product or service marketed by Universal Automotive Services, Inc., or its operator Nick Souris and that such agreement be incorporated in the Court's final order. In class counsel's opinion, this agreement will serve as a safeguard both to members of the class and the broader consuming public.

Accordingly, the Settlement warrants a presumption of fairness sufficient for preliminary approval and the issuance of the Class Notice.

### III. The Proposed Notice to the Class Members is Adequate

Under Fed. R. Civ. P. 23(e), class members are entitled to notice of any proposed settlement before it is finally approved by the Court. Manual for Complex Litigation Third (1995) §30.212. The Settlement Agreement proposes notice of the Settlement be provided to all class members and a mailing to the known address, as determined by the Fuccillo Defendants deal books on vehicle purchases. The settlement administrator will also make a follow-up mailing for any notice that is returned by utilizing national address and credit databases, and by publication in local newspapers.

Under Rule 23(e) and Constitutional notions of due process, adequate notice must be given to all potential class members to enable them to make an intelligent choice as to whether to opt-out of the class. The Supreme Court has held that Rule 23 and due process do not require delivery of actual notice to every class member. Rather "notice reasonably certain to reach most of those interested in objecting is likely to safeguard the interests of all." *Phillips Petroleum Co.*

*v. Shutts*, 472 U.S. 797, 812, 105 S. Ct. 2965, 86 L. Ed. 2d 628 (1985). In addition, "[i]t is well-settled that in the usual situation first class mail and publication fully satisfy the notice requirements of Fed. R. Civ. P. 23 and the due process clause." *Zimmer Paper Products Inc. v. Berger & Montague, P.C.*, 758 F.2d 86, 90 (3rd Cir. 1985); *see also Cayuga Indian Nation v. Carey*, 89 F.R.D. 627, 633 (N.D.N.Y. 1981) ("individual notice by first class mail, coupled with notice by publication satisfies the requirements of due process and Rule 23.").

In this case, the Fuccillo Defendants have and will provide a name and last known address for each class member. If the mailing to the last known address is returned, the personal information on each class member will be used to obtain a new address, and another mailing will be sent. This procedure, combined with publication, fully satisfies the requirements of due process and Rule 23, and should be approved by the Court.

## IV. A Final Fairness Hearing Should Be Scheduled

The Court should schedule a final fairness hearing to obtain all required information to determine that class certification is proper and the settlement should be approved. *See* Manual for Complex Litigation, Third §30.44 (1995). The fairness hearing will provide a forum for proponents and opponents to explain, describe or challenge the terms and conditions of the class certification and settlement, including the fairness, adequacy and reasonableness of the settlement. Accordingly, Seekamp requests that the Court schedule the time, date, and place of the final fairness hearing.

## CONCLUSION

For the foregoing reasons, plaintiff respectfully requests that this Court enter an Order: (1) preliminarily approving a class settlement with Defendants; (2) directing notice to class

members regarding the proposed Class Settlement; (3) scheduling a final fairness hearing, and (4) entering the proposed Order for Preliminary Approval.

Dated: June 13, 2014

Respectfully submitted,

*Counsel to Heidi Seekamp and the Class*

*/s/ Sergei Lemberg*

Sergei Lemberg
Stephen Taylor
Lemberg Law, LLC
1100 Summer St.
Stamford, CT 06905
Tel: (203) 653-2250
Fax: (888) 953-6237

*/s/ Martin Mushkin*

Martin Mushkin
Law Office of Martin Mushkin, LLC
1100 Summer St.
Stamford, CT 06905
Tel: 203-252-2357
Fax: 203-547-7540

# **CERTIFICATE OF SERVICE**

      THIS IS TO CERTIFY that on this the 13th day of June, 2014, a copy of the foregoing was filed with the Court via the CM/ECF system which sent notice of such filing to the following:

*Attorneys for Defendants*

William A. Hurst, Esq.
Greenberg, Traurig Law Firm
54 State Street, 6th Floor
Albany, NY 12207

Matthew J. Kelly
Roemer, Wallens Law Firm
13 Columbia Circle
Albany, NY 12203

                                                              /s/ Sergei Lemberg
                                                                Sergei Lemberg