**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

|  |  |
|---|---|
| HEIDI SEEKAMP, *On Behalf of Herself and All Others Similarly Situated,* | : |
| | : |
| Plaintiff, | : |
| | : |
| vs. | : |
| | : |
| IT'S HUGE, INC. also known as FUCCILLO AUTOMOTIVE GROUP, INC., *et al.,* | : |
| | : |
| Defendants. | : |

Civil Action No.:
09-cv-00018-LEK-DRH

---

## CLASS SETTLEMENT AGREEMENT

---

<u>*Counsel to Heidi Seekamp and the Class*</u>

Sergei Lemberg
Stephen Taylor
Lemberg Law, LLC
1100 Summer St.
Stamford, CT 06905
Tel: (203) 653-2250
Fax: (888) 953-6237


Martin Mushkin
Law Office of Martin Mushkin, LLC
1100 Summer St.
Stamford, CT 06905
Tel: 203-252-2357
Fax: 203-547-7540

<u>*Counsel for the Fuccillo Defendants*</u>

Matthew J. Kelly
Roemer, Wallens Law Firm
13 Columbia Circle
Albany, NY 12203
Tel: 518-464-1300
Fax: 518-464-1010


Arthur J. Liederman
Matthew Henning
Morrison Mahoney LLP
120 Broadway
 New York, NY 10271
Tel: (212) 428-2480
Fax (646) 576-8910

## I.  Introduction

This Settlement Agreement is made and entered this 13th day of June, 2014, by and between plaintiff, Heidi Seekamp ("Seekamp" or "Class Representative"), on her own behalf and as representative of the Class, and It's Huge, Inc., and the Fuccillo Defendants (together "Fuccillo" or the "Fuccillo Defendants").[1]

## II.  Recitals

A.  Seekamp filed the above-captioned litigation entitled *Heidi Seekamp v. It's Huge, Inc., also known as Fuccillo Automotive Group, Inc.; et al.*, 09-cv-0018 (LEK/CFH), in the United States District Court for the Northern District of New York (the "Litigation").  Through the Litigation, Seekamp sought recompense for herself, and a class of similarly situated consumers, as a result of the purchase of Auto Theft Security Discount Certificates ("ATSDs") developed by Universal Automotive Services, Inc., and marketed by the Fuccillo Defendants in conjunction with automobile sales.  Seekamp alleged that Defendants had no legal authorization to sell the certificates which were an insurance product that did not meet or comply with certain requirements of New York Law.  Seekamp alleged that the certificates conferred no benefit on the purchasers. Seekamp sought to obtain a declaratory judgment declaring that all ATSD sales constituted an unlawful sale of insurance under New York's Insurance Law.  Seekamp further sought relief pursuant to New York's Consumer Protection Statute, N.Y. GBL § 349, and the

---

[1] The Fuccillo Defendants as identified in the Amended Complaint are as follows: Defendants Fuccillo Lincoln Mercury, Inc. d/b/a Fucillo Hyundai, Fuccillo Chrysler Jeep Dodge of Amsterdam, Inc., Fuccillo Ford, Inc., Fuccillo Dodge Chrysler Jeep, Inc., Fuccillo Imports, Inc. Fuccillo Auto World, Inc., Fuccillo Buick Pontiac Gmc, Inc., Fuccillo Chevrolet Of Nelliston, Inc., Fuccillo Hyundai of Syracuse, Inc., Fuccillo Hyundai of Greece, Inc., Fuccillo Ford of Seneca Falls, Inc., Fuccillo Chevrolet Olds Pontiac Buick, Inc., Fuccillo Chevrolet, Inc., Fuccillo Chrysler of Nelliston, Inc., Fuccillo Enterprises of East Greenbush, Inc., Fuccillo Enterprises, Inc., Fuccillo Ford of East Greenbush, Inc., Fuccillo Ford of Nelliston, Inc., and Fuccillo Pontiac Buick, Inc.

common law doctrines of consumer fraud, breach of fiduciary duty, breach of contract and unjust enrichment.

B.        On March 13, 2012, the Honorable Lawrence E. Kahn, issued a Memorandum-Decision and Order certifying this matter as a class action.   The Court certified a class for declaratory relief pursuant to Fed. R. Civ. P. 23(b)(2).   The Court certified a class for monetary relief pursuant to Fed. R. Civ. P. 23(b)(3).

The District Court certified a class (the "Class") of:

> All Consumers who purchased the ATSD from any of the Fuccillo dealerships from January 7, 2003 to the present. Excluded from the class are any defendants, their respective parents, employees, subsidiaries and affiliates, their alleged coconspirators and all government entities.

*Seekamp v. It's Huge, Inc.*, 2012 WL 860364, *13 (N.D.N.Y., Mar. 13, 2012).   The Court appointed Sergei Lemberg, Esq., Lemberg & Associates, LLC (now Lemberg Law, LLC), Martin Mushkin, Esq., and the Law Offices of Martin L. Mushkin as counsel to the class ("Class Counsel"). *Id*. at *5.

C.        The Fuccillo Defendants have denied and continue to deny each and all of the claims alleged by Seekamp in the Litigation. Fuccillo contends that it did not engage in any unlawful sale of insurance, wrongful conduct or otherwise violate New York Law.   Fuccillo contends that it acted legally and responsibly in connection with the ATSD program.   The Parties agree that the Settlement (and the papers documenting it) shall not be construed or deemed to be evidence, or an admission or concession of any fault, liability, or damages.    Rather, in recognition of the risk, cost, and inconvenience involved in defending protracted litigation of this sort, Fuccillo has agreed to the terms of the Settlement as a matter of business judgment in order to obtain a quick and efficient resolution of this dispute.

D.     Class Counsel have investigated the facts and the law relating to the matters involved in the Litigation, taken extensive discovery, reviewed numerous documents, and considered that a number of the issues in the Litigation are sharply contested.  Class Counsel have concluded that the legal and factual issues in the Litigation are complex, and that the outcome of further proceedings against Fuccillo is uncertain.  Class Counsel have further determined that a settlement will benefit the Class in the manner described herein.  After intensive arms-length negotiations with Fuccillo, held before Retired Magistrate Judge David Homer, Class Counsel have determined that the substantial and material benefits secured for the members of the Class under the terms and conditions of this Class Settlement Agreement are fair, reasonable, and adequate and that settlement with Fuccillo is in the best interests of the Class.

E.     In light of these considerations, Fuccillo and Seekamp wish to settle and compromise all claims, rights, actions, and causes of action that have been brought or alleged or could have been brought or alleged by the Class Representative, and that relate to, or that in any way are based upon or arise from, the ATSD program or any other claim or matter asserted in the Litigation.

NOW, THEREFORE, Fuccillo and Seekamp, on behalf of herself and the Class, stipulate and agree that in consideration of the substantial and material benefits secured for the Members of the Class under the terms of the settlement provided for herein, subject to the Court's approval pursuant to Fed. R. Civ. P. 23(e) and proper notice to the Class, the Litigation against Fuccillo shall be dismissed in its entirety, with prejudice and without costs, upon the settlement terms and conditions set forth below:

## III.  Definitions

For the purposes of this Agreement and each Exhibit annexed hereto, the following definitions apply:

A.     *"Fuccillo"* means the Defendants named in the caption of the action, their predecessors, successors, parents, subsidiaries, affiliates, and assigns, together with their past, present, and future officers, directors, employees, shareholders, representatives, controlling persons, partners, affiliates, attorneys, agents, subsidiaries, and parents, including, without limitation, the representative heirs, executors, administrators, successors and assigns of any or all of them.

B.     *"Class Administrator"* means the person or entity appointed jointly by Class Counsel and Fuccillo to administer the claims process, together with agents and employees, or any successor appointed jointly by Class Counsel and Fuccillo.  The Class Administrator is responsible for managing the notification to the Class, processing the claims made, and distributing the claims payments.

C.     *"Class Counsel"* means Lemberg Law, LLC and Law Office of Martin Mushkin, LLC, both at 1100 Summer St., Stamford, CT 06905.

D.     *"Class Period"* means the period from January 7, 2003 to the present.

E.     The *"Court"* means the United States District Court, Northern District of New York.

F.     *"Dispute Resolution Committee"* means a two-person committee consisting of one Fuccillo representative and one Class Counsel.  This committee shall resolve disputes as to the validity of certain claims, as further specified herein.

G.     *"Effective Date of the Settlement"* means the date on which the Settlement shall be considered final, which is the first business day on which (i) the Final Order Approving Settlement Agreement has been entered and is in effect, having been neither withdrawn, rescinded, vacated, reversed, nor substantially modified on appeal, and is no longer subject to

any appellate review, including rehearing or re-argument or review *en banc* or on *certiorari;* and (ii) no party is entitled to terminate the Settlement pursuant to Section XII below.

H.     *"Final Approval"* means the Court's entry of the Final Order Approving Settlement Agreement.

I.     *"Final Order Approving Settlement Agreement"* means the Final Order Approving Settlement Agreement and Certifying Settlement Class annexed hereto as *Exhibit C* (or such other order as the Parties agree upon and the Court enters) at or following the Settlement Hearing (1) finding that the due process rights of all absent Settlement Class Members have been satisfied; (2) approving the Settlement; (3) ordering the payment of the Settlement Payment as provided in this Settlement Agreement; and (4) dismissing all Settlement Class Members' claims against Fuccillo with prejudice, subject to the terms of this Settlement Agreement.

J.     *"Initial Fund"* means the initial fund of $350,000 to be deposited in an escrow account by the defendants subsequent to the issuance of the preliminary order of the court. Within 5 business days of entry of the preliminary order Fuccillo shall establish an initial fund with the Class Administrator of $350,000.00 (the "Initial Fund").

K.     *"Notice"* means and refers to the Notice of Proposed Class Action Settlement, Fairness Hearing and Right to Appear attached as *Exhibit E* hereto.

L.     An *"Opt-Out"* is any Member of the Settlement Class who has properly and timely requested exclusion from the Settlement Class pursuant to Section X below.

M.     *"Order of Preliminary Approval of Settlement Agreement"* means an order substantially in the form of the Order of Preliminary Approval of Settlement Agreement annexed hereto as *Exhibit B* and (1) finding that the Court has subject matter jurisdiction over the claims in the most recent Complaint; (2) finding that implementation of the terms of the Settlement

Agreement including, but not limited to, the terms concerning the appointment of Class Representative and Class Counsel, Class Notice, requests for exclusion from the Class, and objections to the Settlement will satisfy the due process rights of all absent Class Members, including those who reside outside the forum; and (3) conditionally approving the Settlement.

N.      *"Parties"* means Fuccillo and the Class Representative, collectively.

O.      *"Party"* means Fuccillo or the Class Representative.

P.      *"Settlement"* or *"Settlement Agreement"* means this Settlement Agreement including all the Exhibits annexed hereto.

Q.      *"Settlement Class" or "Class"* means all persons who have, within the class period: purchased the ATSD from the Fuccillo Dealerships regardless of whether the purchase was a cash, financed, or leased sales transaction.

R.      *"Settlement Consideration"* means the Settlement Payment set forth in Section VI below.

S.      *"Settlement Hearing" or "Fairness Hearing"* means a hearing before the Court to determine whether the Settlement is fair, reasonable and adequate and should be approved by the Court, and to consider such other matters as the Court may entertain at the hearing.

T.      *"Settlement Payment"* means the monetary consideration to be distributed to eligible class members, as set forth in Section VI below.

U.      *"Settling Plaintiffs"* means the Members of the Class other than those who have properly and timely requested exclusion from the Class.

## IV.  Liability or Admission of Evidence

A.      Fuccillo disclaims any liability whatsoever for any of the matters alleged and settled, and expressly denies having engaged in any wrongful or illegal activity or having violated any law or regulation or that any person or entity has suffered any harm or damages as a

result of any conduct alleged in the Litigation. Fuccillo has agreed to the terms of the Settlement solely for the reasons set forth in the preamble above, which are an integral part of this Settlement Agreement.

B. This Settlement and all negotiations, papers, writings, statements and/or proceedings in connection therewith are not, and shall not in any way be construed or used as or deemed to be evidence of an admission or concession on the part of Fuccillo of fact, law or otherwise, including but not limited to (1) an admission or concession of any liability or wrongdoing; (2) an admission or concession that any or all of the members of Settlement Class have suffered any damage; or (3) an admission or concession that this case is properly maintainable as a class action apart from this Settlement.

C. Neither this Settlement Agreement nor any document associated with it shall be deemed to be or construed as an admission by any Party of any act, matter, proposition, or merit or lack of merit of any claim or defense, including but not limited to the appropriateness of class treatment of this Litigation.

**V.  Application for Order of Preliminary Approval of Settlement Agreement; Fairness Hearing; and Settlement Schedule**

A. Immediately following the execution of this Settlement Agreement, the Parties will file a Motion for Preliminary Approval of the Settlement Agreement, substantially in the form and substance attached as *Exhibit A*.

B. The Motion for Preliminary Approval of the Settlement Agreement shall seek entry of an Order of Preliminary Approval of Settlement Agreement, substantially in the form and substance attached as *Exhibit B*. The terms of the proposed order, including the proposed schedule contained therein, are incorporated by reference. Among other things, the proposed

order shall conditionally approve the proposed settlement, and contain the terms otherwise substantially in the form attached.

C.      The cost of notice, including drafting, printing, mailing, collection of any responses and presentation of the same to the Court, and allocation and distribution of settlement proceeds shall be borne by Fuccillo. The Class Administrator shall bear sole responsibility for maintaining records concerning notice, opt-outs, claims for and distribution of settlement proceeds.  Class Counsel and Fuccillo and its counsel shall have equal access to such records upon reasonable request.

D.      On the date set by the Court for the Fairness Hearing, Seekamp and Fuccillo shall jointly request that the Court review any petitions to intervene or objections to the Agreement which have been timely filed and to conduct such other proceedings (including the taking of testimony, receipt of legal memoranda and hearing of arguments from the Parties or other persons properly present at the Fairness Hearing) as the Court may deem appropriate under the circumstances.   At the Fairness Hearing, Seekamp and Fuccillo shall jointly request that the Court  enter an order and final judgment and decree which, among other things:

    1.      approves, without material alteration, the proposed settlement, pursuant to the terms of this Agreement; and

    2.      finds that the terms of this Agreement are fair, reasonable and adequate to the Settlement Class; and

    3.      incorporates the agreement by Fuccillo that it no longer will market, sell or distribute any Universal Automotive Services, Inc., ATSD or Etch product or service or other ATSD or Etch product or service marketed by Universal Automotive Services, Inc., or its operator Nick Souris.

4.       otherwise be substantially in the form attached as *Exhibit C*.

## VI.   Settlement Consideration

A.       After the Effective Date of the Settlement, in accordance with the timetable set forth in Section IX below, the Class Administrator shall cause to be paid to eligible Settlement Class Members the Settlement Payment sums set forth in Paragraph B of this section.

B.       Each eligible Settlement Class Member will be entitled to receive One hundred sixty dollars ($160.00) provided that he or she satisfies all the criteria set forth in this Agreement. Fuccillo shall not be required under any circumstances to pay any money to any person or entity other than as set forth in this Agreement.

C.       The Settlement Payment sum set forth in Paragraph B is the entire amount of cash consideration to be paid by Fuccillo to each Settlement Class Member. Each Settlement Class Member is solely liable for any taxes due with respect to the Settlement Payment received by any such Settlement Class Member and Fuccillo will not withhold federal, state, or local tax, or any other amount, in connection with a Settlement Payment.

D.       Within 60 days after the Settlement Disbursement (defined below), 80% of funds not distributed to the class will be returned to the Fuccillo Defendants. 20% will be contributed to a reputable known charity to be selected by Fuccillo subject to acceptance by the Court and to the extent that the Court does not require a donation to an entity with interests more closely aligned with the interests of the class, i.e. a reputable consumer rights organization. All settlement checks not cashed by Settlement Class Members within 180 days of the mailing of the checks to the Class Members shall be cancelled and the funds contributed to charity as provided above in this paragraph.

E.       Fuccillo agrees as part of these proceedings and settlement with the class and class counsel that it no longer will market, sell or distribute any Universal Automotive Services,

Inc., ATSD or Etch product or service or other ATSD or Etch product or service marketed by Universal Automotive Services, Inc., or its operator Nick Souris and that such agreement be incorporated in the Court's final order.

## VII.  Releases and Covenants

Seekamp, individually, and on behalf of all Settlement Class Members, shall execute a Release substantially in the form set forth in *Exhibit D.*  The signed Release shall be delivered and become effective upon the Effective Date of the Settlement.

## VIII. Notice and Claims Administration

A.     The Settlement shall be administered by a Class Administrator to be selected jointly by Class Counsel and Fuccillo.

B.     Fuccillo agrees to pay the Class Administrator all reasonable class settlement administration costs estimated to be $25,000.00 ("the Claims Administration Amount").  If the Settlement for any reason does not become effective, then the Class Administrator shall refund to Fuccillo the entire unexpended portion of the Class Administration Amount after provision for payment of unpaid fees and costs.

C.     Within 15 days of the date hereof, Fuccillo shall identify and provide the names and addresses of persons qualifying as Settlement Class Members to the Class Administrator.  As part of submitting the motion for preliminary approval, Fuccillo shall make an affidavit explaining how the list is composed and created. The Class Administrator will make reasonable efforts to locate Settlement Class Members whose notices are returned as undeliverable.

D.     Within 30 days of the Court's preliminary approval of the class action settlement, the Class Administrator shall send notice by first class mail to Settlement Class Members by U.S. Mail (the "Notice Date").  To the extent the notice is returned as undeliverable, the Class

Administrator will make a good faith attempt to locate Settlement Class Members through the National Change of Address database.

E.      The Parties will obtain Court approval of the form and content of the Notice and claim form.  If an agreement cannot be reached on the form and content of the Class Notice, the Court will ultimately decide on the form and content of such notice.

F.      Within 60 days after the Notice Date, settlement class members must submit a claim form.

G.      The Dispute Resolution Committee shall resolve any and all disputes regarding claims.  Decisions of the Dispute Resolution Committee regarding the validity of any such claim shall be unanimous.  Should the members of the Dispute Resolution Committee not agree, the Court shall resolve the dispute.  When all of the claims have been validated or rejected (as the case may be) by the Dispute Resolution Committee, the Dispute Resolution Committee shall so notify the Claims Administrator (the "Final Certification Notice").

H.      Fuccillo and counsel for Fuccillo shall have no liability whatsoever, arising from or in any way related to, the administration of the Settlement, including, but not limited to, the investment, allocation or distribution of the Settlement Payment, the determination, calculation or payment of claims, the payment of taxes (withholding or otherwise), or for any other losses incurred in connection with the administration of the Settlement including, without limitation, losses arising from or in any way related to any act of the Class Administrator.

I.      Class Counsel and Seekamp shall have no liability with respect to any act of the Class Administrator.

J.      No person shall have any claim against Class Counsel, Seekamp, the Class Administrator, or other agent designated by Class Counselor against Fuccillo or its counsel based

on distributions made substantially in accordance with this Settlement Agreement or further orders of the Court.

## IX. Payment of Settlement Amount and Timetable

A.     The Class Administrator shall have until five (5) business days after its receipt of the Final Certification Notice to verify and determine (i) the Settlement Payment for each eligible Settlement Class Member; and (ii) what additional amount if any must be contributed to the Initial Fund to pay the Settlement Payment of each eligible Class Member and to pay any additional class settlement administration costs (the "Final Fund Determination").  Within two (2) business days after the Final Fund Determination, the Claims Administrator will send counsel for all parties a notice specifying the Final Fund Determination (the "Final Fund Determination Notice")  Within five (5) business days from the receipt of Final Fund Determination Notice, the Defendant will replenish the Initial Fund with such additional funds, if necessary, so that the total amount available in the fund will equal the amount specified in the Final Fund Determination Notice (the "Final Funding")

B.     Upon twenty (20) days after the Final Funding occurs, the Class Administrator shall send, by regular mail, to each eligible Settlement Class Member, a check payable to the Settlement Class Member that shall contain an acknowledgement of the release on behalf of Seekamp and each Member of the Settlement Class of any and all claims against Fuccillo on the terms and conditions set forth in this Settlement Agreement (the "Settlement Disbursement"). To be negotiable, the check or draft must be endorsed in the manner provided thereon.

C.     Any checks issued by the Class Administrator in connection with this settlement that remain unclaimed after 180 days of issuance are void, and Fuccillo shall have no further payment obligations for any claims in which a check is mailed but not negotiated within 180 days of the date of issuance.  Fuccillo likewise shall have no further payment obligations for any

check that was mailed but subsequently returned by the U.S. Postal Service as undeliverable after reasonable efforts are made by the Class Administrator to perfect delivery. Unclaimed funds shall be distributed as set forth in Section VI-D above.

## X. Rights of Class Members to Request Exclusion ("Opt-Out") From the Class

A. All Class Members who wish to be excluded from the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure, and thereby to reserve their damages claims against Fuccillo, must elect not opt out of the class and not accept the Settlement Payment and must mail a request for exclusion to the Class Administrator and the Clerk of the Court, post-marked not later than sixty (60) days after mailing of the Class Notice, as set forth herein, or such date as provided by the Court. In order to be effective, the request must be timely mailed, must be clearly identified as a "Request for Exclusion from the Fuccillo Settlement Class," and must set forth the name, address, and telephone number of the individual requesting exclusion, as specified in the mailed Class Notice.

B. Any Member of the Settlement Class who has properly and timely requested exclusion from the Settlement Class shall retain the right to prosecute claims for damages. Such Members of the Settlement Class shall not be entitled to any share of the Settlement Payment. Any Settlement Class Member who does not timely and properly file a written request for exclusion shall be bound by all terms of the Settlement, and all subsequent proceedings, court orders, and judgments in this Lawsuit, and shall be eligible for a share of the Settlement Payment, the amount of such share to be determined in accordance with this Settlement Agreement.

## XI. Settlement Class Members' Right to Object to the Settlement

Any Settlement Class Member, who has not requested to be excluded from the Settlement Class pursuant to Section X above, may object to the Settlement, as provided in F. R. Civ. P. 23.

In order to exercise this right, a Settlement Class Member must file written objections with the Clerk of the Court and mail a copy thereof to Class Counsel and counsel for Fuccillo, post-marked not later than sixty (60) days after mailing of the Class Notice, as set forth herein, or such date as provided by the Court. Any such objection must state the basis or bases of the objections. The failure to state the basis of any objection shall render such objection invalid, and all persons desiring to appear at the Settlement Hearing shall have filed written objection as provided herein as a condition of appearing and being heard. Papers in further support of the Settlement, if any, shall be filed within the time provided in the Order of Preliminary Approval of Settlement Agreement. A Settlement Class Member shall not be required to opt out of the Settlement Class in order to object to the Settlement.

## XII. Termination of Settlement

A.     If (1) the Court declines, in any respect, to enter the Final Order Approving Settlement Agreement substantially in the form provided and any of the Parties fail to consent to the entry of another form of order in lieu thereof; or (2) the Court disapproves the Settlement proposed in the Agreement, including any amendments thereto agreed upon by all of the Parties; or (3) the Court approves the Settlement proposed in the Agreement, including any amendments thereto approved by all of the Parties, but such approval is reversed on appeal or petition for writ of certiorari and such reversal becomes final by a lapse of time or otherwise, then the Agreement, including any amendment thereof, shall be of no further force or effect and the Agreement and any amendment therefore and the Settlement proposed therein shall be null and void without prejudice to any party thereto and may not be introduced as evidence or referred to in any proceedings, and each party shall be restored to her, her or its respective position as it existed prior to the execution of the Agreement.

B.    If this Settlement is not approved by the Court, Seekamp may pursue all available claims and relief from the Court, and Fuccillo shall have the right to interpose all other motions or defenses it may have within the scope of its answer to the current complaint.

## XIII. Class Representative Fee

Upon Final Approval of the Class Settlement, Fuccillo shall pay to Seekamp a class representation fee in the amount of $10,000.00, subject to approval by the Court, for Seekamp's individual time, effort, and risk in litigating this matter on behalf of the class (the "Seekamp Payment").  Fuccillo agrees to pay Seekamp such amount separately and apart from amounts paid to the Settlement Class Members and/or for attorneys' fees and costs.  Seekamp is solely liable for any taxes due with respect to the Seekamp Payment and Fuccillo will not withhold federal, state, or local tax, or any other amount, in connection with the Seekamp Payment.

## XIV. Attorneys' Fees and Costs

A.    Upon Final Approval of the Class Settlement, Fuccillo agrees to pay and will not oppose attorneys' fees and costs to Class Counsel in an amount to be approved by the Court; provided, however, that Fuccillo reserves all rights to oppose any amount of aggregate fees and costs requested in excess of $750,000.00

B.    Fuccillo agrees to pay to Class Counsel the amount determined by the Court as to attorneys' fees and costs up to and including $750,000.00 separately and apart from amounts paid to the Settlement Class Members and/or to the Class Representative.

C.    Pursuant to the Court's orders, any amount of attorneys' fees and costs and Class Representative Fee that the Court has directed to be paid by Fuccillo shall be transferred to ILOTA bank account of Lemberg Law, LLC in full satisfaction of Fuccillo's obligations thereon. Lemberg Law, LLC shall have responsibility for apportioning the attorneys' fees and costs among Class Counsel and delivering the Class Representative Fee to Seekamp.  Fuccillo shall

have no liability for any taxes due with respect to the payment of such attorneys' fees and costs and Fuccillo will not withhold federal, state, or local tax, or any other amount, in connection with such payment.

D.    If the settlement embodied in this Agreement is not finally approved, neither Class Counsel nor Seekamp (nor any other person or entity) shall be entitled to recover an attorneys' fee, costs, or other monies from Fuccillo pursuant to this Settlement Agreement or any settlement negotiations leading to this Settlement Agreement.  This provision is not meant to waive whatever rights Class Counsel or Seekamp may have, or any rights Fuccillo or its counsel may have, in the underlying litigation itself regarding the recovery of attorneys' fees and costs, if the Settlement is not finally approved.

## XV.  Preservation Of Confidentiality

A.    The Parties agree that the following categories of information are confidential: (1) the names, addresses, identifying numbers, and other identifying information concerning Fuccillo customers, and (2) any other business information identified by Fuccillo as confidential, including the data processing and other record-keeping procedures and materials to be utilized by Fuccillo in identifying potential members of the Settlement Class and effectuating Fuccillo's other obligations hereunder. These materials shall collectively be referred to in this Agreement as "Information." This Information is agreed by the Parties to constitute highly confidential and proprietary business information.  The confidentiality of this Information shall be protected by the preliminary approval order and final approval order described in this Agreement, both of which shall incorporate by reference all of the provisions set forth in this Section.

B.    It is agreed that no person, other than individuals employed by Fuccillo or to whom Fuccillo has expressly permitted access, shall be allowed access to any Information,

except (1) Class Counsel and attorneys and clerical personnel employed by such counsel; and (2) such other persons as the Court may order after hearing on notice to all counsel of record.

C.      At no time, except pursuant to Court order after hearing upon notice to all counsel of record, shall any Information be made known or available to any person or entity, other than individuals specifically described in this Agreement and the individuals employed by Fuccillo or to whom Fuccillo has expressly permitted access, unless he first signs a statement attesting to the fact that he has read and understands the confidentiality agreement to be executed pursuant to this Agreement, that he agrees to be bound and to comply with the terms of the order and that he understands that disclosure of Information to unauthorized persons may constitute contempt of Court.  Class Counsel shall immediately deliver any such signed statements to Fuccillo five (5) days prior to disclosure of Information as defined in this Section.

D.      It is further agreed that within twenty (20) days after performance of all of the payment terms of this Agreement is complete, any and all Information provided by Fuccillo to Class Counsel or anyone else, and all copies thereof, shall be promptly returned to Fuccillo by Class Counsel

E.      Class Counsel and members/employees/agents of their respective firms and plaintiffs' experts: (1) will return all Information produced in connection with this Agreement to Fuccillo's counsel; and (2) will keep the Information confidential.

F.      Simultaneously with the return of the Information, Class Counsel shall provide a certification, in form and substance satisfactory to Fuccillo, of Class Counsel's compliance with provisions D and E of this Section XV.

### XVI. Miscellaneous Provisions

A.      The Settlement, upon becoming effective, shall be binding upon and inure to the benefit of the Parties and their respective heirs, executors, administrators, subsidiaries, affiliates, successors and assigns.

B.      This Court shall retain exclusive jurisdiction over the administration of the Settlement and the implementation and enforcement of this Settlement Agreement, including, but not necessarily limited to, all disputes involving Fuccillo, any Class Representative, any Member of the Settlement Class, Class Counsel, the Class Administrator, or any person claiming a right or benefit under this Settlement Agreement.  All issues relating to the Settlement shall be resolved exclusively in this Court.

C.      The Settlement shall be construed and enforced in accordance with the laws of New York.

D.      This Settlement Agreement, including all Exhibits annexed hereto, all of which are incorporated by reference, constitutes the entire agreement among the Parties with regard to the subject matter hereof.  The Settlement may not be modified or amended except in a writing signed by all signatories hereto or their successors in interest.  This Settlement Agreement supersedes all prior agreements, promises or representations, written or oral, express or implied.

E.      The Parties agree to cooperate and to use their best efforts in order to promptly consummate the Settlement and effectuate and implement all terms and conditions of the Settlement.

F.      The waiver by any Party of any breach of the Settlement shall not be deemed or construed as a waiver of any other breach, whether prior, subsequent, or contemporaneous, of the Settlement.

G.      No opinion concerning the tax consequences of the proposed Settlement to individual Settlement Class Members is given or will be given by Fuccillo or its counselor the Class Representative or Class Counsel.  Notwithstanding anything to the contrary herein, each Settlement Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Settlement Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Settlement Class Member.

H.      The Class Representative represents and certifies (i) that she has agreed to serve as a representative of the Settlement Class; (ii) that she is willing, ready and able to perform all of the duties and obligations of a representative of the Settlement Class; (iii) that she has read this Settlement Agreement, including the Exhibits annexed hereto, and that she agrees to the terms of the Settlement; (iv) that she has consulted with Class Counsel about the Litigation, this Settlement Agreement, and the obligations of a representative of the Settlement Class; (v) that she has authorized Class Counsel to execute this Agreement on her behalf, and (vi) that she will remain and serve as a representative of the Settlement Class until the terms of this Agreement are effectuated, this Agreement is not approved by Court, or the Court at any time determines that said plaintiff cannot represent the Settlement Class.

I.      Each of the undersigned represents that he is fully authorized to enter and execute this Settlement Agreement for and on behalf of the entity that he represents, as reflected on the attached signatures pages.

J.      The Parties may agree, subject to approval of the Court where required, to reasonable extensions of time to carry out any of the provisions of the Settlement.

K.      All Parties agree that this Settlement Agreement was drafted jointly by the respective counsel for the Parties, at arm's length, and that no parole or other evidence may be offered to explain, construe, contradict or clarify its terms, the intent of the Parties or their counsel, or the circumstances under which the Agreement was made or executed.

L.      This Settlement may be executed in any number of actual, emailed or telecopied counterparts and by counsel for the Parties in separate counterparts, each of which when so executed and delivered shall be an original. The executed signature pages from each actual, emailed, or telecopied counterpart may be placed together to represent one complete copy.

M.      This Agreement has been drafted jointly by counsel for the parties and shall not be construed against any of them or the Parties by reason of draftsmanship.

IN WITNESSS WHEREOF, the Parties and their counsel have executed this Settlement

Agreement intending to be legally bound on the date first written above.

By: _____     By: _____
Heidi Seekamp, *on her own behalf and*                     , *as duly authorized*
*on behalf of the class*                                   *representative of the the Fuccillo*
                                                           *Defendants*


*Counsel to Heidi Seekamp and the Class*     *Counsel for the Fuccillo Defendants*


By: _____     By: _____
Sergei Lemberg                                           Matthew J. Kelly
Stephen Taylor                                           Roemer, Wallens Law Firm
Lemberg & Associates, LLC                                13 Columbia Circle
1100 Summer St.                                          Albany, NY 12203
Stamford, CT 06905                                       Tel: 518-464-1300
Tel: (203) 653-2250                                      Fax: 518-464-1010
Fax: (888) 953-6237


By: _____     By: _____
Martin Mushkin                                           Arthur J. Liederman
Law Office of Martin Mushkin, LLC                        Morrison Mahoney LLP
1100 Summer St.                                          17 State Street, 11th Fl.,
Stamford, CT 06905                                        New York, NY 10004
Tel: 203-252-2357                                        Tel: (212) 428-2480
Fax: 203-547-7540                                        Fax (646) 576-8910


| Letter | Description |
|--------|-------------|
| A | Motion |
| B | Preliminary Order |
| C | Final Order |
| D | Release |
| E | Notice to the Class |