UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

HEIDI SEEKAMP, On behalf of herself
and all others similarly situated,

           Plaintiff,

    -against-                                        1:09-CV-0018 (LEK/CFH)

IT'S HUGE, INC., a/k/a
FUCCILLO AUTOMOTIVE
GROUP, INC., *et al.*,

           Defendants.

## **DECISION and ORDER**

Currently pending before the Court for approval is an award of attorney's fees pursuant to a class settlement Agreement entered into by the parties on June 16, 2014, and finally approved by the Court following a period for opt-outs and objections on November 21, 2014. Dkt. Nos. 118-2 ("Agreement"); 120-2 ("Memorandum"); 122 ("Order"). The parties agreed to award Class Plaintiffs' counsel ("Counsel") $750,000 in attorney's fees, Agreement at 15-16, which were supported by a lodestar calculation based on Counsel's affidavits and contemporaneous timesheets and records of costs. Dkt. Nos. 120-3 to 120-9 ("Fee Affidavits").

Courts may examine attorney's fees in class-action settlements based on either a lodestar calculation, which examines the hours worked and rates charged, or a percentage of the total class recovery. Wal-Mart Stores, Inc. v. Visa U.S.A., Inc., 396 F.3d 96, 121 (2d Cir. 2005). Although courts in this Circuit regularly adjust attorney's fees that are calculated as a percentage of class recovery, the lodestar is ever-present as a benchmark of reasonableness for an agreed-upon fee, either as a basis or a cross-check. See, e.g., Sakiko Fujiwara v. Sushi Yasuda Ltd., No. 12-CV-

8742, 2014 WL 5840700, at *6-7 (S.D.N.Y. Nov. 12, 2014) (publication forthcoming in F. Supp. 3d). Under either the lodestar or percentage-of-fund method, the reasonableness of a proposed fee should be scrutinized under the Goldberger factors:

(1) the time and labor expended by counsel;

(2) the magnitude and complexities of the litigation;

(3) the risk of the litigation . . . ;

(4) the quality of representation;

(5) the requested fee in relation to the settlement; and

(6) public policy considerations.

Wal-Mart Stores, 396 F.3d at 121 (quoting Goldberger v. Integrated Res., Inc., 209 F.3d 43, 50 (2d Cir. 2000)). Upon review of the Goldberger factors, the Court finds that the fee awarded by the Agreement is reasonable under the circumstances.

Although the fee represents over forty-five percent of the approximately $1.6 million total transfer from Defendants to Plaintiffs and Counsel, see Mem. at 1, this high percentage was warranted both because procedurally, it was negotiated separately from the class members' recovery, see McBean v. City of New York, 233 F.R.D. 377, 392 (S.D.N.Y. 2006), and because the "sliding scale" approach allows for higher percentages of fees in relatively small recoveries, see, e.g., In re Indep. Energy Holdings PLC, No. 00 Civ. 6689, 2003 WL 22244676, at *6 (S.D.N.Y. Sept. 29, 2003).

The attorneys' rates and the hours billed were reasonable under the circumstances of the litigation. The hourly rates charged by partners—$400 and $500 per hour—and the rates charged by associates—between $250 and $380 per hour—are reasonable under the Board of Judges Policy 11,

which sets forth the prevailing hourly attorney rates in this District.[1] See Mem. at 16-18. Furthermore, the Court has analyzed the hours billed and finds them to be appropriate to the tasks completed and the scope of this litigation. See generally Fee Affs. Although the lodestar method is sometimes said to "create an unanticipated disincentive to early settlements [and] tempt lawyers to run up their hours," the Court notes that although is action was pending for more than five years, it was settled shortly after the class was certified, and there appears to be no indication that Counsel "r[a]n up their hours." Baffa v. Donaldson Lufkin & Jenrette Secs. Corp., No. 96 Civ. 0583, 2002 WL 1315603, at *1 (S.D.N.Y. June 17, 2002) (internal quotation marks omitted).

As to the remaining Goldberger factors, the Court finds that they generally support the agreed-upon fee. Having, *inter alia*, successfully defeated a Motion to dismiss and certified the class, Dkt. Nos. 20; 86, the Court finds that the representation was of high quality. No members of the class opted out of the settlement or objected to its terms. See Dkt. No. 122. Although there appeared to be no extraordinary risks or complexities in this matter compared to the typical consumer protection class action, the intervening Supreme Court decision, Wal-Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541 (2011), did complicate the litigation in light of the class's request for both injunctive and monetary relief. See Dkt. No. 86 at 13-17. Finally, public policy militates in favor of the fee in light of the role that consumer protection class actions play in regulating the marketplace. Accordingly, the attorney's fee stipulated in the Agreement is reasonable.

Accordingly, it is hereby:

---

[1] Although the rate of $380 for associate Susan Schneiderman technically exceeds the $350 upper bound for the rates usually charged by associates in this District, an exceptional fee is appropriate in light of Ms. Schneiderman's nearly thirty years of legal experience as a member of the New York and Connecticut bars, which greatly exceeds that of the typical associate. Mem. at 18.

**ORDERED**, that the attorney's fee of $750,000 stipulated in the June 13, 2014, Settlement Agreement is **APPROVED**, and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:      December 18, 2014
                 Albany, NY

Lawrence E. Kahn
U.S. District Judge